The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| THE GEO GROUP, INC.,<br><br>              Plaintiff,<br><br>  v.<br><br>JAY R. INSLEE, in his official capacity as Governor of the State of Washington; ROBERT W. FERGUSON, in his official capacity as Attorney General of the State of Washington,<br><br>              Defendants. | NO. 3:23-cv-05626-BHS<br><br>DEFENDANTS' MOTION FOR RECONSIDERATION OR CLARIFICATION AND MODIFICTION OF THE PRELIMINARY INJUNCTION ORDER<br><br>NOTE ON MOTION CALENDAR: MARCH 22, 2024 |

DEFENDANTS' MOTION FOR
RECONSIDERATION OR
CLARIFICATION AND MODIFICATION
NO. 3:23-CV-05626-BHS

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## I.   INTRODUCTION

Governor Inslee and Attorney General Ferguson request the Court reconsider its order partially enjoining enforcement of HB 1470. While correctly determining HB 1470 is not preempted by federal law, does not regulate the federal government, and does not violate the Contract Clause, the Court erred in looking beyond the text of HB 1470 to conclude the law discriminates against the NWIPC.[1] Because the Court's reasoning ignores the statute's neutral text, the preliminary injunction stands in direct conflict with Ninth Circuit precedent—*United States v. California*, 921 F.3d 865, 894 (9th Cir. 2019).

Alternatively, Defendants request the Court clarify the scope of its preliminary injunction order.

## II.   LEGAL STANDARD

Rule 59(e) governs motions to reconsider preliminary injunctions, and Rule 54(b) governs motions to modify preliminary injunctions. *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Relief under Rule 59(e) is appropriate when the court "'committed clear error or the initial decision was manifestly unjust . . . .'" *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

## III.   ARGUMENT

**A.   The Order Clearly Erred In Determining §§ 2, 3, 5, and 6 Plausibly Violates Intergovernmental Immunity**

Governor Inslee and Attorney General Ferguson request the Court reconsider and vacate the preliminary injunction because it rests on legal error. The injunction conflicts with *United States v. California*, which upheld a state law that specifically targeted immigration detention for state inspections over an intergovernmental immunity defense. 921 F.3d at 894 (states "retain[ ] a[ ] historic—and, since the federal government's contracts with immigration detainee

---

[1] Defendants also believe the Court erred on concluding it had subject matter jurisdiction over GEO's challenge to §§ 2, 3, 5 and 6. Defendants do not seek reconsideration of that jurisdictional question here, but reserve that argument for appeal.

DEFENDANTS' MOTION FOR
RECONSIDERATION OR
CLARIFICATION/MODIFICATION
NO.  3:23-CV-05626-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

facilities explicitly contemplate the application of state regulations, undisputed—authority to regulate the conditions of detainees housed within [their] borders."). The Court erred in relying on outdated, out-of-circuit caselaw to conclude that "look[ing] solely at the apparent neutrality on the face of the [statute] would . . . elevate form over substance . . . ." Order at 30 (citing *United States v. Hynes*, 759 F. Supp. 1303, 1306 (N.D. Ill. 1991)).

Under today's jurisprudence, the discrimination prong of intergovernmental immunity turns on the text of the statute itself. While the burdens of a law may matter for direct regulation, a contractor alleging impermissible discrimination must show that it is "comparable" to whatever "favored class" is exempt from the law based on the "criteria" the state itself has "chosen to define" the exemption. *Dawson v. Steager*, 139 S. Ct. 698, 705 (2019). In *Dawson*, a retired U.S. Marshal challenged a state law exempting state law-enforcement retirees from certain state taxes, but not similarly situated federal law-enforcement retirees. *Id.* at 703-04. In concluding the statute violated intergovernmental immunity, the Supreme Court made clear: "if a State exempts from taxation all state employees, it must likewise exempt all federal employees. Conversely, if the State decides to exempt only a narrow subset of state retirees, the State can . . . exempt[ ] only the comparable class of federal retirees." *Id.*

HB 1470 explicitly exempts similarly situated federal facilities. *See* HB 1470, § 10(1)-(4) (exempting facilities under "similarly applicable federal law"). That is all intergovernmental immunity requires. *Cf. GEO Group, Inc. v. Newsom*, 15 F.4th 919, 938 (9th Cir. 2021) *vacated on other grounds, reh'g en banc*, 50 F.4th 745 (9th Cir. 2022) (concluding a state law banning private prisons violated intergovernmental immunity where it "provided no comparable exceptions for the federal government"). In deciding otherwise, this Court reasoned that HB 1470 impermissibly discriminates against NWIPC because it does not apply to similarly situated state prisons and local jails. *See* Order at 32. As a factual matter, however, that is incorrect. While prisons and jails are part of the *criminal* process, immigration detention is civil. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896). The Court suggests immigration

DEFENDANTS' MOTION FOR RECONSIDERATION OR CLARIFICATION/MODIFICATION NO. 3:23-CV-05626-BHS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

detention is meant to "prevent people suspected of illegally entering into or residing in the country from escaping." Order at 36. But federal law makes clear that immigration detention is for those awaiting administrative review of their immigration status. *See* 8 U.S.C. § 1226. Indeed, many detainees have *not* entered the country illegally—for example, they are asylum seekers, green card holders, and Deferred Action for Childhood Arrivals (DACA) recipients. *See* 8 U.S.C. § 1101(a)(3) (defining "aliens" as "any person not a citizen or national of the United States").

And the Court erred as a legal matter in relying on *United States v. California* to conclude state prisons and local jails are the proper comparator. The law at issue in *California* authorized inspections of *all* immigration detention facilities, whether publicly or privately operated. 921 F.3d at 872. So *California* understandably identified state prisons and jails as the similarly situated comparators. In contrast, HB 1470 does not target immigration detention as such: its focus is *private* detention facilities. In other words, HB 1470 does not extend to the Federal Detention Center in Seatac and would not extend to state and local facilities if they housed immigration detainees (which they don't). Because HB 1470 only applies to *private* detention facilities, *Dawson* makes clear that intergovernmental immunity only requires HB 1470 apply to the "narrow subset" of similarly situated facilities, i.e., private detention facilities that contract with the state. *Dawson*, 139 S. Ct. at 703-04.

The Court observed the state legislature's purpose in enacting HB 1470 was to impose conditions specifically on the NWIPC. Order at 29-31. But even were that true, what matters is not whether there might be discriminatory "intent lurking behind the law." *Dawson*, 139 S. Ct. at 704. Nor does it matter whether HB 1470 might, at this moment in time, disparately burden a federal contractor because the state has declined to contract with private detention companies. What matters is "whether the *letter of the law* treats those who deal with the federal government as well as it treats those with whom the State deals itself." *Id.* (emphasis added) (cleaned up).

DEFENDANTS' MOTION FOR RECONSIDERATION OR CLARIFICATION/MODIFICATION NO. 3:23-CV-05626-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

HB 1470 applies to GEO solely and entirely because it is a private detention facility—not because it houses immigration detainees or because it is a federal contractor. Since HB 1470's health and safety requirements apply to private detention facilities that may contract with the state in the future, there is no violation of intergovernmental immunity.

**B.  Alternatively, the Court Should Modify and Clarify the Scope of its Preliminary Injunction Order**

If the Court denies reconsideration, Defendants request the Court clarify three aspects of its preliminary injunction.

When questions arise as to the application or interpretation of an injunction order, parties should seek modification or clarification from the issuing court, rather than risk disobedience and contempt. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945) ("If defendants enter upon transactions which raise doubts as to the applicability of the injunction, they may petition the court granting it for a modification or construction of the order."). "The modification or clarification of an injunction lies within the 'sound discretion' of the district court[.]" *Sunburst Prods., Inc. v. Derrick Law Co.*, 922 F.2d 845 (9th Cir. 1991) (unpublished).

**1.  The Governor and Attorney General cannot enforce HB 1470, § 5**

Defendants request the Court modify its preliminary injunction and omit Section 5 from its ambit. HB 1470, § 5 creates a private right of action in state court for persons aggrieved by a violation of HB 1470. RCW 70.395.070(1)(a)-(d). Section 5 does not give enforcement authority to Attorney General Ferguson or Governor Inslee—the two Defendants in this action. Meaning, there is nothing in Section 5 Defendants can be enjoined from exercising. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 43-44 (2021) (holding *Ex parte Young* exception to Eleventh Amendment immunity did not apply to Texas Attorney General because the challenged law authorized private civil actions but did not give enforcement authority to the Attorney General). There is nothing in Section 5 Defendants could preliminarily enforce against GEO.

DEFENDANTS' MOTION FOR RECONSIDERATION OR CLARIFICATION/MODIFICATION
NO. 3:23-CV-05626-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

### 2. Only the Governor and Attorney General are named defendants

The Court's preliminary injunction order states "[t]he State and its agencies are preliminarily enjoined from enforcing [Sections 2, 3, 5, and 6 of HB 1470] against GEO as the operator of the NWIPC." Order at 63-64. But GEO only brought suit against Governor Inslee and Attorney General Ferguson—it has not named other state agencies such as the Departments of Health (DOH) or Labor and Industries (L&I). Consistent with Rule 65(d), Defendants understand the preliminary injunction order applies only to the named Defendants—Attorney General Ferguson and Governor Inslee (and their agents, servants, employees, and attorneys, and persons who are in active concert or participation with them). *See* Fed. R. Civ. P. 65(d)(2) (identifying the persons bound); *see also* Order at 1 n.1 (collectively referring to Defendants Inslee and Ferguson as "the State"). In an abundance of caution, Defendants ask the Court to state specifically that the preliminary injunction binds the named Defendants and that, at this point, non-party state agencies are not subject to the preliminary injunction.

The reason for this specificity is to adhere to the principle that "a federal court exercising its equitable authority may enjoin named defendants from taking specified unlawful actions. But . . . no court may 'lawfully enjoin the world at large' or purport to enjoin challenged 'laws themselves[.]'" *Whole Woman's Health*, 595 U.S. at 44; *see also Regal Knitwear*, 324 U.S. at 13. For this reason, "[c]ourts have carefully distinguished between entering an injunction against a non-party, which is forbidden, and holding a non-party in contempt for aiding and abetting in the violation of an injunction that has been entered against a party, which is permitted." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1395 (Fed. Cir. 1996).

Defendants acknowledge that non-parties may still be subject to contempt if they receive notice of the injunction and aid and abet the Defendants in violating the injunction or are later legally identified with the Defendants. *See N.L.R.B. v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 633-34 (9th Cir. 1977). But Rule 65(d) cannot be read to apply to non-party agencies, particularly when they act under other statutes. *See Trees v. Serv. Emps. Int'l*

DEFENDANTS' MOTION FOR RECONSIDERATION OR CLARIFICATION/MODIFICATION NO. 3:23-CV-05626-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Union Loc. 503*, 570 F. Supp. 3d 954, 963 (D. Or. 2021) (injunction could not extend to non-party state agency that was not accused of aiding or abetting any wrongful act); *U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC*, 523 F. Supp. 2d 328, 335 (S.D.N.Y. 2007) ("Rule 65(d) does not apply to collaboration between two agencies pursuing enforcement actions pursuant to different statutes."). And, although DOH and L&I are not parties to this case, they would not enforce HB 1470 (through their attorneys or otherwise) while the preliminary injunction is in place.

### 3. Non-party agencies can manage their own internal affairs

Defendants recognize the Court preliminarily enjoined *enforcement* of Section 2 against GEO. Defendants do not read the Court's order to apply to non-party agencies nor their internal management of any duties under HB § 1470, § 2, and other obligations implicated by HB 1470 while this case remains pending. But in an abundance of caution, Defendants seek clarification that DOH may continue to prepare for rulemaking under Section 2, short of adopting and enforcing those rules. This preparation includes complying with requirements imposed by other laws, such as requirements under Engrossed Second Substitute S.B. 5141, 67th Leg., Reg. Sess. (Wash. 2021), *enacted as* 2021 Wash. Sess. Laws, ch. 314, which requires DOH to conduct environmental justice assessments when considering significant agency action.

Otherwise, an injunction that applies to non-party agency's internal affairs would be vastly overbroad—not only would it extend beyond the named Defendants, it would not be centered on addressing GEO's purported injuries. *See Bresgal v. Brock*, 843 F.2d 1163, 1171 (9th Cir. 1987) ("An injunction against a government agency must . . . take into account the well-established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." (internal quotation marks omitted)); *Doe v. Trump*, 288 F. Supp. 3d 1045, 1086 (W.D. Wash. 2017) (explaining preliminary injunction did not apply to federal defendants' efforts to conduct threat assessments). Allowing DOH to manage its internal operations will avoid delay in rulemaking preparation in the event HB 1470 is sustained and will

DEFENDANTS' MOTION FOR
RECONSIDERATION OR
CLARIFICATION/MODIFICATION
NO. 3:23-CV-05626-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

inform the agency's future policy goals in safeguarding against public health threats in the event HB 1470 is struck down.

### IV. CONCLUSION

This Court should grant the State's motion for reconsideration and deny GEO's preliminary injunction request in full. Alternatively, the Court should clarify the preliminary injunction.

DATED this 22nd day of March 2024.

ROBERT W. FERGUSON
*Attorney General*

s/ Cristina Sepe
CRISTINA SEPE, WSBA 53609
MARSHA CHIEN, WSBA 47020
  *Deputy Solicitors General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Cristina.Sepe@atg.wa.gov
Marsha.Chien@atg.wa.gov

ANDREW R.W. HUGHES, WSBA 49515
  *Assistant Attorney General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Andrew.Hughes@atg.wa.gov

*Attorneys for Defendants Governor Jay R. Inslee and Attorney General Robert W. Ferguson*

I certify that this memorandum contains 2,100 words, in compliance with the Local Civil Rules.

DEFENDANTS' MOTION FOR
RECONSIDERATION OR
CLARIFICATION/MODIFICATION
NO.  3:23-CV-05626-BHS

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**CERTIFICATE OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

DATED this 22nd day of March 2024, at Olympia, Washington.

*s/ Leena Vanderwood*
Leena Vanderwood
*Paralegal*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-4111
Leena.Vanderwood@atg.wa.gov

DEFENDANTS' MOTION FOR RECONSIDERATION OR CLARIFICATION/MODIFICATION
NO. 3:23-CV-05626-BHS

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200