1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE GEO GROUP, INC.,

                    Plaintiff,

    v.

JAY R. INSLEE; and ROBERT W.
FERGUSON, in his official capacity as
the Governor of the State of Washington;
and ROBERT W. FERGUSON, in his
official capacity as Attorney General of
the State of Washington,

                    Defendants.

CASE NO. C23-5626

ORDER

This matter is before the Court on the State of Washington's[1] motion for

reconsideration, Dkt. 36, of the Court's order, Dkt. 35, granting in part and denying in

part the GEO Group, Inc.'s motion for a preliminary injunction, Dkt. 8, and granting in

part and denying in part the State's motion to dismiss, Dkt. 17.

---

[1] The defendants in this matter are Washington's Governor, Jay Inslee, and its Attorney
General, Bob Ferguson. Each is sued in his official capacity. Dkt. 1, ¶ 1. For simplicity, the
Court refers to these defendants collectively as "the State."

1    The State primarily asserts that "the Court erred in looking beyond the text of HB

2   1470 to conclude the law discriminates against the NWIPC." Dkt. 36 at 22. In this

3   respect, the State requests the Court to reconsider its ruling that HB 1470 §§ 2, 3, 5, and 6

4   violate the intergovernmental immunity doctrine.

5        The State alternatively requests that the Court modify its preliminary injunction in

6   two ways. First, the State moves the Court to clarify that the preliminary injunction does

7   not apply to HB 1470 § 5 (codified as RCW 70.395.070) because that section creates a

8   right of action for detained persons and "does not give enforcement authority to Attorney

9   General Ferguson or Governor Inslee—the two Defendants in this action." Dkt. 36 at 5.

10       Second, the State moves the Court to clarify that "the preliminary injunction binds

11   the named Defendants and that, at this point, non-party state agencies are not subject to

12   the preliminary injunction." Dkt. 36 at 6. The State asserts that, "[i]n an abundance of

13   caution, Defendants seek clarification that DOH may continue to prepare for rulemaking

14   under Section 2, short of adopting and enforcing those rules." *Id.* at 7. In making this

15   request, the State assures the Court that, "although DOH and L&I are not parties to this

16   case, they would not enforce HB 1470 (through their attorneys or otherwise) while the

17   preliminary injunction is in place." *Id.*

18       Under Local Civil Rule 7(h), the Court cannot grant a motion for reconsideration

19   unless the opposing party has an opportunity to respond. The Court therefore

20   **REQUESTS** that GEO respond to the State's motion for reconsideration. The response

21   should address the arguments identified above. The response should be filed by the end

22

of business on April 5, 2024, and should not exceed 10 pages. The State may file a reply not exceeding five pages by the end of business on April 12.

The clerk shall **RENOTE** the motion for reconsideration, Dkt. 36, for April 12, 2024.

**IT IS SO ORDERED**.

Dated this 22nd day of March, 2024.

BENJAMIN H. SETTLE
United States District Judge