The Honorable Benjamim H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE GEO GROUP, INC.,

Plaintiff,

v.

JAY R. INSLEE, in his official capacity as Governor of the State of Washington; ROBERT W. FERGUSON, in his official capacity as Attorney General of the State of Washington,

Defendant.

No. 3:23-cv-05626-BHS

THE GEO GROUP INC.'S MOTION FOR SUMMARY JUDGMENT CONVERTING THE COURT'S PRELIMINARY INJUNCTION INTO A FINAL JUDGMENT

NOTE ON MOTION CALENDAR: May 3, 2024

THE GEO GROUP INC.'S MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT
(3:23-cv-05626-BHS)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I. INTRODUCTION AND RELIEF REQUESTED .......... 1

II. FACTUAL AND PROCEDURAL BACKGROUND .......... 1

A. HB 1470 Impermissibly Discriminates Against GEO as a Federal Contractor and Operator of the Sole Facility Targeted by the Law. .......... 2

B. GEO Sued, and the Court Granted GEO's Request for a Preliminary Injunction. .......... 4

III. ARGUMENT .......... 5

A. The Summary Judgment Standard. .......... 7

B. The Intergovernmental Immunity Doctrine. .......... 7

C. The Court Has Already Held That Sections 2, 3, 5, and 6 of HB 1470 Are Unconstitutional Because They Violate the Intergovernmental Immunity Doctrine. .......... 8

D. The Court Should Enter a Permanent Injunction Prohibiting Further Attempts To Enforce HB 1470. .......... 9

E. The Court Should Enter a Final Judgment Despite the Remaining Claims .......... 11

IV. CONCLUSION .......... 12

THE GEO GROUP INC.'S MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT
(3:23-cv-05626-BHS)- i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046 (9th Cir. 2009) ....................10

*Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 (1987)....................10

*Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053 (9th Cir. 2014) ....................11

*Ass'n for Accessible Meds. v. Frosh*, No. MJG-17-1860, 2017 WL 4547373 (D. Md. Oct. 12, 2017)....................6

*Boeing Co. v. Movassaghi*, 768 F.3d 832 (9th Cir. 2014) ....................8

*Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847 (9th Cir. 2009), *vacated on other grounds and remanded sub nom. Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 565 U.S. 606 (2012)....................10

*California v. U.S. Dep't of Health & Human Servs.*, 941 F.3d 410 (9th Cir. 2019), *judgment vacated on other grounds sub nom. Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. ——, 140 S. Ct. 2367 (2020) ....................10

*Charlton v. Estate of Charlton*, 841 F.2d 988 (9th Cir. 1988) ....................5, 11

*Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987) ....................6

*GEO Group v. Inslee*, ___ F. Supp. 3d ___, No. 21-cv-05313-BHS, 2023 WL 7919947 (W.D. Wash. Nov. 16, 2023) ....................3

*GEO Group v. Newsom*, 50 F.4th 745 (9th Cir. 2022) ....................3

*Jennings v. Rodriguez*, 583 U.S. 281 (2018)....................2

*Kentucky v. Graham*, 473 U.S. 159 (1985)....................10



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*McCulloch v. Maryland*,
17 U.S. (4 Wheat.) 316, 4 L. Ed. 579 (1819) .......... 8

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
518 F. Supp. 2d 1197 (C.D. Cal. 2007) .......... 5

*Monsanto Co. v. Geertson Seed Farms*,
561 U.S. 139 (2010) .......... 9, 10

*NA Main St. LLC v. Allen*,
No. 1:20-cv-1335, 2021 WL 1251383 (S.D. Ind. Apr. 5, 2021) .......... 6

*North Dakota v. United States*,
495 U.S. 423 (1990) .......... 8

*Penn Cent. Corp. v. U.S. R.R. Vest, Corp.*,
834 F. Supp. 1075 (N.D. Ind. 1993) .......... 6

*Penn Cent. Corp. v. U.S. R.R. Vest Corp.*,
955 F.2d 1158 (7th Cir. 1992) .......... 5, 11

*Rodriguez v. Robbins*,
715 F.3d 1127 (9th Cir. 2013) .......... 11

*Scholl v. Mnuchin*,
494 F. Supp. 3d 661 (N.D. Cal. 2020) .......... 5

*Texaco, Inc. v. Ponsoldt*,
939 F.2d 794 (9th Cir. 1991) .......... 6

*United States v. Arizona*,
641 F.3d 339,366 (9th Cir. 2011) .......... 11

*United States v. California*,
921 F.3d 865 (9th Cir. 2019) .......... 2, 7, 8, 11

*United States v. Hargis*,
No. SACV04-273-DOC, 2004 WL 2830715 (C.D. Cal. Dec. 6, 2004) .......... 6

*United States v. McGee*,
714 F.2d 607 (6th Cir.1983) .......... 5

*United States v. Washington*,
142 S.Ct. 1976 (2022) .......... 8

*Valenzuela v. Ducey*,
329 F. Supp. 3d 982 (D. Ariz. 2018) .......... 10, 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Valle del Sol Inc. v. Whiting*,
732 F.3d 1006 (9th Cir. 2013) ....................10

*Washington v. United States*,
460 U.S. 536 (1983) ....................8

**Federal Statutes**

6 U.S.C. § 112(b)(2) ....................2

8 U.S.C. § 1231(g)(1) ....................2

18 U.S.C. § 4013 ....................2

28 U.S.C. § 530C(a)(4) ....................2

**Rules**

Federal Rules of Civil Procedure
Rule 54(b) ....................6
Rule 56 ....................1, 6
Rule 56(c) ....................7
Rule 65(a)(2) ....................6

**Regulations**

8 C.F.R. § 235.3(e) ....................3

48 C.F.R. § 3017.204-90 ....................2

WAC 137-55-030 ....................7

**Constitutional Provisions**

United States Constitution, Eleventh Amendment ....................10

United States Constitution, Article I, cl. 1 ....................4, 6

United States Constitution, Article VI, cl. 2 ....................4, 7, 9, 11

**Other Authorities**

10A Charles A. Wright et al., Federal Practice & Procedure § 2725 (3d. ed. 2012) ....................7

Second Substitute H.B. 1470, 68th Leg., Reg. Sess. (Wash. 2023) ....................1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff The GEO Group, Inc. ("GEO") requests that the Court grant it summary judgment under Fed. R. Civ. P. 56; convert the March 8, 2023, preliminary injunction ("Order," Dkt. 35) into a final judgment that Sections 2, 3, 5, and 6 of HB 1470 are unconstitutional; and permanently enjoin the state from further attempts to enforce HB 1470.

On May 11, 2023, Governor Jay Inslee signed into law Second Substitute H.B. 1470, 68th Leg., Reg. Sess. (Wash. 2023) ("HB 1470"). The law has the express intent to "prohibit the use of private, for-profit prisons and detention facilities in the state" and sets out a detailed regime of new rule making, inspections, investigations, private rights of action, civil penalties, and numerous detailed facility and operational requirements applicable only to one facility, the Northwest U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Tacoma, Washington ("NWIPC").

GEO provides federal immigration detention and processing services at the NWIPC pursuant to a contract between GEO and ICE. GEO, as the operator of the NWIPC, promptly sued in this Court and sought a preliminary injunction restraining Defendants from enforcing HB 1470. *See* Dkt. 8 ("Motion for PI"). On March 8, 2024, this Court found that Section 2, 3, 5, and 6 of HB 1470 "plainly" and "impermissibly" discriminated against GEO in violation of the intergovernmental immunity doctrine and granted GEO's request for a preliminary injunction restraining the State from enforcing the unconstitutional provisions of HB 1470. S*ee* Order at 33, 34, 56, 58-59, 60 and 62. The court also granted the Defendants' motion to dismiss all of GEO's other claims with prejudice. Order at 5.

The Order encouraged the parties "to consult and agree on a resolution to this case in light of this order." *Id.* at 62. The parties have conferred, but the State was not willing to stipulate to the entry of a final judgment on the claims addressed by the Order or entry of a permanent injunction. GEO thus brings this motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are undisputed and are set out in detail in GEO's Motion for PI and in

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the Court's Order granting that motion. GEO incorporates those statements of fact and will not repeat them here, except in summary form.

**A. HB 1470 Impermissibly Discriminates Against GEO as a Federal Contractor and Operator of the Sole Facility Targeted by the Law.**

Congress authorized or required the detention of aliens under several different statutes. *See, e.g., Jennings v. Rodriguez*, 583 U.S. 281, 285-290 (2018). To carry out these detention obligations, Congress directed that the Secretary of Homeland Security "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1); *see also* 6 U.S.C. § 112(b)(2); 28 U.S.C. § 530C(a)(4); 18 U.S.C. § 4013 note "Contracts for Space or Facilities." Congress has authorized ICE to use private detention contractors. *See United States v. California*, 921 F.3d 865, 882 n.7 (9th Cir. 2019). Motion for PI at 8-9; Order at 2, 5-6.

Congress also granted the Secretary of Homeland Security broad authority "to make contracts . . . as may be necessary and proper to carry out [his] responsibilities," 6 U.S.C. § 112(b)(2), including contracts with private parties. Congress granted the Secretary authority to "carr[y] out," "in [his] reasonable discretion," the activities of ICE "through any means, including . . . through contracts, grants, or cooperative agreements with non-Federal parties," except to the extent that such agreements are otherwise precluded by federal law. 28 U.S.C. § 530C(a)(4). *See also* Motion for PI at 23. Congress has also directed that "[t]he [Secretary] shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal," 8 U.S.C. § 1231(g)(1), and in 2000, Congress enacted a statute stating: "Notwithstanding any other provision of law, . . . the [Secretary] hereafter may enter into contracts and other agreements, of any reasonable duration, for detention or incarceration space or facilities, including related services, on any reasonable basis." 18 U.S.C. § 4013 note "Contracts for Space or Facilities" (quoting Pub. L. No. 106-553, § 119, 114 Stat. 2762A-69). Motion for PI at 23.

Department of Homeland Security regulations similarly specify that ICE may enter contracts for detention or incarceration space or facilities, including related services. 48 C.F.R.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

§ 3017.204-90. In addition, federal immigration regulations identify qualifying criteria for entities contracted to provide detention services, including the performance of detention contracts in "compliance with the Standard Statement of Work for Contract Detention Facilities," which incorporate the Performance Based National Detention Standards ("PBNDS"). 8 C.F.R. § 235.3(e).

There is currently one dedicated federal ICE detention facility in the State of Washington: the NWIPC. NWIPC is currently operated by GEO pursuant to a contract with ICE that has a five-year performance period running from September 28, 2020, through September 27, 2025. Motion for PI at 9; Order at 6. The current ICE contract for NWIPC includes numerous requirements that mandate adherence to various federal regulations and standards. Motion for PI at 9; Order at 16.

The State of Washington opposes ICE's use of private detention facilities and has taken several steps to try to prevent it. In 2021, the Washington legislature passed Engrossed House Bill 1090 which generally prohibited the operation of private detention facilities in the State. GEO sued the State claiming that EHB 1090 was unconstitutional. While that case was pending, the Ninth Circuit held in *GEO Group v. Newsom*, 50 F.4th 745 (9th Cir. 2022) (*en banc*), that a similar law, California Assembly Bill 32, was unconstitutional. The State of Washington then conceded that EHB 1090 was likewise unconstitutional as applied to GEO. *GEO Group v. Inslee*, ___ F. Supp. 3d ___, No. 21-cv-05313-BHS, 2023 WL 7919947, *3 (W.D. Wash. Nov. 16, 2023).

In 2023, in response to *Newsom*, the Washington legislature enacted the statute at issue in this case, HB 1470, which targeted the NWIPC, the only dedicated ICE detention facility in Washington. Motion for PI at 21-23; Order at 29-33. HB 1470 imposes numerous requirements on "private detention facilities," the definition of which, after HB 1470's exclusions and exceptions are considered, includes ***only*** the NWIPC. Motion for PI at 12-17; Order at 29-33.

These new requirements are detailed in GEO's Motion for PI and this Court's Order. In brief, they impose "measurable standards" regarding hygiene, sanitation, personal belongings, laundry facilities, nutrition, HVAC systems, and the like. Motion for PI at 13-14, 17; Order at 8, 18-19, 49. Among other things, HB 1470 imposes these standards and authorizes the Washington

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Attorney General to enforce violations (Sec. 2); requires the Department of Health ("DOH") to adopt rules effectuating the intent of the statute and requires DOH and the Department of Labor and Industries to conduct routine, unannounced inspections (Sec. 3); creates a right of action for detainees claiming violations and sets significant financial penalties for violations, including an award of attorney fees and costs (Sec. 5); and authorizes DOH to impose substantial civil penalties, recoverable in an action by the Attorney General (Sec. 6). Motion for PI at 13-14, 22; Order at 4, 7-11, 19, 49, 57-58.

As GEO explained in its Motion for PI, and as this court held in its Order, the substantial operational and financial burdens imposed by HB 1470 fall only on GEO as the operator of the NWIPC and a contractor with the federal government and not on any other similarly situated entities. Motion for PI at 12-13, 21-22; Order at 33-38. And this was the intent of the State in enacting HB 1470. Motion for PI at 12-13, 21-22; Order at 29-33.

**B. GEO Sued, and the Court Granted GEO's Request for a Preliminary Injunction.**

Shortly after Governor Inslee signed HB 1470 into law, GEO sued and sought a preliminary injunction against enforcement of the statute. *See* Dkt. 1 (Complaint) and Motion for PI. GEO argued that HB 1470 violates the Supremacy Clause of the U.S. Constitution in several respects, including that it impermissibly discriminates against GEO in violation of the intergovernmental immunity doctrine. Motion for PI at 20-23.[1] Defendants opposed GEO's motion and moved to dismiss all claims in GEO's complaint. Dkt. 17 and 18.

On March 8, 2024, this Court held that HB 1470 is unconstitutional. Order at 5, 61-62. According to the Court, "[t]he language and history of HB 1470 demonstrate that … the purpose of this bill is to impose conditions specifically on NWIPC as the sole private immigration detention facility in the State." Dkt. 35 at 30-31. And because the standards imposed under Sections, 2, 3, 5, and 6 of HB 1470 are stricter and more burdensome than the standards imposed on other

[1] GEO also argued that HB 1470 directly regulated the federal government, also in violation of the intergovernmental immunity doctrine; was field and conflict preempted; and violated the Contract Clause of the U.S. Constitution. Motion for PI at 17-22.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

similarly situated institutions, HB 1470 "plainly discriminates against GEO in violation of the intergovernmental immunity doctrine." *Id*. at 34; *see also id*. at 38 (standards imposed under HB 1470 § 2 are "stricter that the standards imposed on the Department Corrections"); 54 ("HB 1470 § 3 imposes stricter requirements on GEO as the operator of the NWIPC than either of these statutes impose on other facilities."); 58-59 ("HB 1470 §§ 5 and 6 discriminate against [GEO] in violation of the intergovernmental immunity doctrine by subjecting it to severe economic burdens [i.e., civil penalties that accrue daily by each violation and private rights of action, including attorneys' fees and costs] that are not imposed on any similarly situated facility."). Hence, the Court preliminarily enjoined the enforcement of Sections 2, 3, 5, and 6 of HB 1470 against GEO as the operator of the NWIPC. *Id*. at 62. The Court also granted Defendants' motion in part, dismissing with prejudice GEO's remaining challenges to HB 1470. *Id*. at 5.

On March 18, 2024, in response to the Court's direction that the parties "consult and agree on a resolution to this case in light of [its] … order," *see id*. at 62, GEO conferred with the State. GEO proposed stipulating to entry of a final order and judgment that would convert the Court's Order into a final judgment permanently enjoining enforcement of Sections 2, 3, 5, and 6 of HB 1470 and dismissing GEO's remaining claims. The State was not willing to agree. Harry Korrell Declaration ("Korrell Decl.") ¶¶ 1-4. Accordingly, GEO brings the instant motion.

## III. ARGUMENT

Courts may convert a preliminary injunction into a permanent injunction without holding a trial on the merits where, as here, a statute is determined to be unconstitutional on its face. *See, e.g., Charlton v. Estate of Charlton*, 841 F.2d 988, 989 (9th Cir. 1988) (citing *United States v. McGee*, 714 F.2d 607, 613 (6th Cir.1983) (evidentiary hearing is required for permanent injunction unless there are no triable issues of fact)); *Penn Cent. Corp. v. U.S. R.R. Vest Corp.*, 955 F.2d 1158, 1164 (7th Cir. 1992) ("We cannot offhand see any basis on which the defendants can resist the entry of a permanent injunction against the enforcement of this statute that we have found to be unconstitutional."); *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 692 (N.D. Cal. 2020) (exercising equitable powers to convert a preliminary injunction into a permanent injunction); *Metro-*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1240 (C.D. Cal. 2007) (a hearing before issuing a permanent injunction is not needed absent disputed questions of material fact); *United States v. Hargis*, No. SACV04-273-DOC, 2004 WL 2830715, at *4 (C.D. Cal. Dec. 6, 2004) ("Although courts generally hold an evidentiary hearing before converting a preliminary injunction into a permanent injunction, such a hearing is not necessary where no triable issues of fact are involved." (citations and quotations omitted)); *NA Main St. LLC v. Allen*, No. 1:20-cv-1335, 2021 WL 1251383, at *1 (S.D. Ind. Apr. 5, 2021) ("To avoid the needless duplication of proceedings, the district court may convert a preliminary injunction into a permanent injunction without holding a trial on the merits." (citations and quotations omitted)); *Penn Cent. Corp. v. U.S. R.R. Vest, Corp.*, 834 F. Supp. 1075, 1080 (N.D. Ind. 1993) (granting summary judgment and converting a preliminary injunction against enforcement of an unconstitutional state law to a permanent injunction); *see* also Fed. R. Civ. P. 65(a)(2).

No basis exists for Defendants to resist the entry of a permanent injunction now that this Court has found Sections 2, 3, 5, and 6 of HB 1470 to be facially unconstitutional. The facts are not in dispute, no additional evidence is needed, and converting the preliminary injunction to a permanent injunction and final judgment avoids needless duplication of proceedings. For all of these reasons, GEO requests summary judgment under Fed. R. Civ. P. 56 that HB 1470 is unconstitutional, a permanent injunction against future enforcement, and a final judgment against Defendants on GEO's intergovernmental immunity – impermissible discrimination claim.

Courts may enter judgment on some but not all claims in a case. Fed. R. Civ. P. 54(b). In this case, because the Court has determined as a matter of law that HB 1470 is unconstitutional and exposes GEO to unlawful discrimination, resulting in irreparable harm, there is no just reason to delay entry of final judgment on that claim. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991) (upholding Rule 54(b) certification where the appealed legal issues streamlined the litigation); *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524-25 (9th Cir. 1987) (same); *Ass'n for Accessible Meds. v. Frosh*, No. MJG-17-1860, 2017 WL 4547373, at *2 (D. Md. Oct. 12, 2017) (entering final judgment on dormant Commerce Clause claim).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**A. The Summary Judgment Standard.**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "It necessarily follows . . . that when the only issues to be decided in the case are issues of law, summary judgment may be granted." 10A Charles A. Wright et al., Federal Practice & Procedure § 2725 (3d. ed. 2012).

In this case, the Court has already recognized the facts are not in dispute and the issues are purely legal. *See* Dkt. 35 at 27 (ruling on motions because facts are not in dispute and issues raised are questions of law); 38 (holding that Sec. 2 of HB 1470 "discriminates against GEO" because the standards it imposes are "stricter than the standards imposed on the Department of Corrections under WAC 137-55-030."); 52-56 (denying State's motion to dismiss and holding that Sec. 3 of HB 1470 violates Intergovernmental Immunity doctrine based on comparison of language in HB 1470 with other statutes and regulations governing other facilities); 57-60 (based on language of HB 1470 and its exemptions for state and local detention facilities, holding that Sections 5 and 6 "subject private detention facilities to severe financial burdens" that are "not imposed on any similarly situated facility" by other statutes or regulations and thus violate the Intergovernmental Immunity doctrine). Because whether HB 1470 impermissibly discriminates against GEO as a federal contractor is purely a legal determination, and no disputes of material fact exist, GEO is entitled to judgment as a matter of law.

**B. The Intergovernmental Immunity Doctrine.**

The Supremacy Clause provides that the "Laws of the United States" made in pursuance of the Constitution "shall be the supreme Law of the Land." U.S. CONST. art. VI, cl. 2. "The doctrine of intergovernmental immunity is derived from the Supremacy Clause, … which mandates that 'the activities of the Federal Government are free from regulation by any state.'" *California*, 921 F.3d at 973 (quoting *Boeing Co. v. Movassaghi*, 768 F.3d 832, 839 (9th Cir. 2014)). "[S]tates [thus] have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by congress to carry into

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

execution the powers vested in the general government." *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 436, 4 L. Ed. 579 (1819).

The intergovernmental immunity doctrine also prohibits state laws that "discriminat[e] against the Federal Government or those with whom it deals." *United States v. Washington*, 142 S.Ct. 1976, 1984 (2022) (quoting *North Dakota v. United States*, 495 U.S. 423, 435 (1990) (plurality opinion)). "The nondiscrimination rule finds its reason in the principle that the States may not directly obstruct the activities of the Federal Government." *North Dakota*, 495 U.S. at 437-38. Thus, "[w]hen the state law is discriminatory, a private entity with which the federal government deals can assert immunity." *Boeing*, 768 F.3d at 842.

A state law impermissibly discriminates against the federal government or its contractors if it "single[s them] out" for less favorable "treatment," *Washington v. United States*, 460 U.S. 536, 546 (1983), or if it regulates them unfavorably on some basis related to their governmental "status," *North Dakota*, 495 U.S. at 438 (plurality opinion). *See also California*, 921 F.3d at 880 ("intergovernmental immunity attaches . . . to state laws that discriminate against the federal government and burden it in some way."). The burdens need not be substantial. The Ninth Circuit has declined to "recognize a de minimis exception to the doctrine of intergovernmental immunity." *Id.* at 883.

### C. The Court Has Already Held That Sections 2, 3, 5, and 6 of HB 1470 Are Unconstitutional Because They Violate the Intergovernmental Immunity Doctrine.

As this Court has already determined, the legislative history and plain language of HB 1470 unmistakably demonstrate that it was conceived, crafted, and amended specifically to target and impose unique burdens on a single facility—the federal NWIPC—in violation of the intergovernmental immunity doctrine. Order at 31 (reviewing legislative history and concluding that "the purpose of this bill is to impose conditions specifically on the NWIPC as the sole private immigration detention facility in the State."). *See also* Motion for PI at 22-23.

Regarding Section 2, the court noted that HB 1470 imposed requirements on the NWIPC

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that were stricter than those on similarly situated facilities and held as a matter of law that Section 2 "discriminates against GEO as the operator of the NWIPC in violation of the intergovernmental immunity doctrine." Order at 38; *see also* 34 ("because residential treatment facilities are not similarly situated to immigration detention facilities, HB 1470 § 2 plainly discriminates against GEO in violation of the intergovernmental immunity doctrine.")

Regarding Section 3, the court observed among other things that no other state law subjects any other facility, "let alone a similarly situated facility," to mandatory, routine, and unannounced inspections; that unlike HB 1470, other inspection regimes require the state to obtain consent to enter; and that no other statute "requires" DOH to promulgate rules that apply solely to a similarly situated facility. The court thus held as a matter of law that HB 1470 "impermissibly discriminates against GEO." Order at 53-55.

Regarding Sections 5 and 6, the court observed that HB 1470 subjects "private detention facilities to severe financial burdens for violating HB 1470's requirements," Order at 57; authorizes the imposition of civil penalties, *id.*; authorizes the Attorney General to sue to recover penalties unpaid after only 15 days, *id.* at 58; and "creates a right of action for detained persons aggrieved by violations" of the statute while exempting "the state and its agencies" from these provisions, *id.* at 57-58. Because no "other statute . . . subjects similarly situated facilities to the burdens imposed by these sections," the court held as a matter of law that they violate the intergovernmental immunity doctrine. *Id.* at 59.

Because this Court has already expressly held that "Sections 2, 3, 5, and 6 violate the Supremacy Clause," Order at 61, the Court should enter a final judgment in favor of GEO and against Defendants.

### D. The Court Should Enter a Permanent Injunction Prohibiting Further Attempts To Enforce HB 1470

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-157 (2010). It must show: (1) that it has suffered an irreparable injury, (2) that remedies at law are inadequate to

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

compensate for that injury, (3) that the balance of hardships tips in favor of the plaintiff, and (4) that the public interest would not be harmed by the permanent injunction. *Id*. These factors are "essentially the same" as for a preliminary injunction. *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 546 n.12 (1987). Because this Court has already determined that GEO met substantially similar requirements when it granted a preliminary injunction against enforcement of Sections 2, 3, 5, and 6 of HB 1470, it should now enter a permanent injunction. Dkt. 35 at 59-62.

The Ninth Circuit has long maintained that a "constitutional violation alone, coupled with the damages incurred, can suffice to show irreparable harm." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1058 (9th Cir. 2009); *see also Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013); *Valenzuela v. Ducey*, 329 F. Supp. 3d 982, 997 (D. Ariz. 2018) (issuing a permanent injunction where "[a] deprivation of constitutional rights constitutes irreparable harm"). Furthermore, GEO has no adequate legal remedy because the Eleventh Amendment precludes GEO from seeking damages in federal court for the harms it will suffer if HB 1470 is enforced. *See* U.S. CONST. amend. XI; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The Ninth Circuit regularly holds that monetary harms that cannot be compensated because of sovereign immunity are irreparable. *See, e.g.*, *California v. U.S. Dep't of Health & Human Servs.*, 941 F.3d 410, 431 (9th Cir. 2019), *judgment vacated on other grounds sub nom. Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. ——, 140 S. Ct. 2367 (2020). As this Court has already held, GEO is suffering irreparable harm as a result of the State's enforcement of an unconstitutional statute, Order at 60-61, and remedies at law are inadequate because GEO is unable to recover monetary damages due to the doctrine of sovereign immunity. *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) (per curiam), *vacated on other grounds and remanded sub nom. Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 565 U.S. 606 (2012). This case, therefore, satisfies the first two requirements for a permanent injunction.

The remaining factors—balance of hardships and the public interest—also warrant entry of a permanent injunction. The balance of hardships weighs heavily in GEO's favor, and permanently enjoining an unconstitutional state law harms no legitimate countervailing public

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

interest. "[I]t is clear that it would not be equitable or in the public's interest to allow the state . . . to violate the requirements of federal law, especially when there are no adequate remedies available." *Valenzuela*, 329 F. Supp. 3d at 998 (quoting *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014) (quotation marks and citations omitted).). "'In such circumstances, the interest of preserving the Supremacy Clause is paramount.'" *United States v. Arizona*, 641 F.3d 339,366 (9th Cir. 2011) (quoting *Cal. Pharmacists Ass'n*, 563 F.3d at 853), *rev'd in part on other grounds*, 567 U.S. 387 (2012); *see also California*, 921 F.3d at 893. Moreover, the State cannot claim hardship "because it cannot suffer harm from an injunction that merely ends an unlawful practice." *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013).

Courts may convert a preliminary injunction into a permanent one where, as here, a statute is determined to be unconstitutional on its face and no facts are in dispute. *Charlton v. Estate of Charlton*, 841 F.2d 988, 989 (9th Cir.1988); *Penn Cent. Corp. v. U.S. R.R. Vest Corp.*, 955 F.2d at 1164. Because the facts are not in dispute and the statute is unconstitutional as a matter of law, any further proceedings in this case would be pointless, and the Court should enter a final judgment for GEO and make its preliminary injunction permanent.

### E. The Court Should Enter a Final Judgment Despite the Remaining Claims

As noted above, after receiving the March 8, 2023, Order issued by this Court, GEO conferred with Defendants and proposed stipulating to entry of a final judgment in accordance with the Court's decision and reasoning in the Order. Defendants were not willing to agree. Korrell Decl. ¶¶ 1-4. It is not clear what advantage the State preserves by taking this position, but that is not GEO's concern. At this point, the Court has ruled as a matter of law that Sections 2, 3, 5, and 6 of HB 1470 are unconstitutional, specifically that they violate the doctrine of intergovernmental immunity inherent in the Supremacy Clause by discriminating against GEO as a federal contractor. Order at 60-62. There is no just reason to delay entry of a permanent injunction and a final judgment on that claim while Defendants determine what they want to do with respect to GEO's other claims in light of the Order. GEO has demonstrated that it is entitled to relief and protection from further attempts to enforce the unconstitutional statute. It should not

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

be denied that protection simply because the state wants more time to determine its strategy.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant final judgment for GEO and permanently enjoin the State from enforcing Sections 2, 3, 5, and 6 of HB 1470 against GEO.

DATED this 11th day of April, 2024.

*I certify that this memorandum contains 4,272 words in compliance with the Local Civil Rules*

Davis Wright Tremaine LLP
*Attorneys for Plaintiff*

By */s/ Harry J. F. Korrell*
Harry J. F. Korrell, WSBA No. 23173
John G. Hodges-Howell, WSBA No. 42151
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Phone: 206.622.3150
Email: harrykorrell@dwt.com
Email: jhodgeshowell@dwt.com

Scott Allyn Schipma, (*pro hac vice* pending)
Joseph Negron, Jr., (*pro hac vice pending*)
4955 Technology Way
Boca Raton, FL 99431
Phone: 561.999.7615
Email: scott.schipma@geogroup.com
Email: jnegron@geogroup.com

THE GEO GROUP INC.'S MOTION FOR PRELIMINARY INJUNCTION
AND MEMORANDUM OF LAW IN SUPPORT
(3:23-cv-05626-BHS) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax