The Honorable Benjamin H. Settle

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

8
9

| | |
|---|---|
| THE GEO GROUP, INC., | NO.  3:23-cv-05626-BHS |
| Plaintiff, | DEFENDANTS' ANSWER TO THE GEO GROUP, INC.'S COMPLAINT |
| v. | |
| JAY R. INSLEE, in his official capacity as Governor of the State of Washington; ROBERT W. FERGUSON, in his official capacity as Attorney General of the State of Washington, | |
| Defendants. | |

Under Fed. R. Civ. P. 8(b), Defendants Governor Jay Inslee, Governor of the State of Washington and Attorney General Robert W. Ferguson, (Defendants) generally deny each allegation of fact in Plaintiff's Complaint unless the allegation of fact is expressly admitted. Defendants will not respond to legal arguments in the Complaint and will deny any allegation if it is unclear whether Plaintiff is asserting a factual or legal claim. Defendants reserve the right to amend this pleading as permitted by this Court's rules and orders, including Fed. R. Civ. P. 15.

**NATURE OF THIS ACTION**

1.      This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a further response is required,

ANSWER
NO. 3:23-CV-05626-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  Defendants admit that The GEO Group filed a lawsuit challenging Second Substitute H.B. 1470
2  (HB 1470), 68th Leg., Reg. Sess. (Wash. 2023).

3          2.      This Paragraph asserts legal conclusions and questions of law to be determined
4  by the Court, to which no response is required. To the extent a response is required, denied.

5          3.      This Paragraph asserts legal conclusions and questions of law to be determined
6  by the Court, to which no response is required. To the extent that a response is required,
7  Defendants admit *M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 426 (1819), and *Hancock v.*
8  *Train*, 426 U.S. 167, 178 (1976) are case citations, which speak for themselves. To the extent a
9  further response is required, denied.

10         4.      This Paragraph asserts legal conclusions and questions of law to be determined
11 by the Court, to which no response is required. To the extent that a response is required,
12 Defendants admit *M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 426 (1819), and *Crosby v.*
13 *National Foreign Trade Council*, 530 U.S. 363, 372 (2000) are case citations, which speak for
14 themselves. To the extent a further response is required, denied.

15         5.      This Paragraph asserts legal conclusions and questions of law to be determined
16 by the Court, to which no response is required. To the extent that a response is required,
17 Defendants admit that *Wong v. United States*, 163 U.S. 228, 235 (1896) is a case citation, which
18 speaks for itself. To the extent a further response is required, denied.

19         6.      This Paragraph asserts legal conclusions and questions of law to be determined
20 by the Court, to which no response is required. To the extent a further response is required,
21 denied.

22         7.      This Paragraph asserts legal conclusions and questions of law to be determined
23 by the Court, to which no response is required. To the extent a further response is required,
24 denied.

25         8.      This Paragraph asserts legal conclusions and questions of law to be determined
26 by the Court, to which no response is required. To the extent a further response is required,

Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies.

9.      This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a further response is required, denied.

## JURISDICTION AND VENUE

10.      This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required.

11.      This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. The cited statute, 28 U.S.C. § 1331, speaks for itself. To the extent a further response is required, denied.

12.      This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. The cited statute, 28 U.S.C. § 1332, speaks for itself. To the extent a further response is required, denied.

13.      This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a further response is required, Defendants admit only that venue is proper in this District.

## PARTIES

14.      Defendants admit that The GEO Group, Inc. has attested that it is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Boca Raton, Florida.

15.      Defendants admit that Jay R. Inslee is a citizen of Washington and the Governor of the State of Washington. Defendants accept Plaintiff's admission that Governor Inslee is sued in his official capacity. Defendants further admit that the responsibilities and duties of the Governor are as set forth in the Washington Constitution and state law. To the extent that the

ANSWER
NO. 3:23-CV-05626-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Paragraph contains legal conclusions, no answer is required. Defendants deny each and every remaining factual allegation in the Paragraph.

16.    Defendants admit that Robert W. Ferguson is a citizen of Washington and the Attorney General of the State of Washington. Defendants accept Plaintiff's admission that Attorney General Ferguson is sued in his official capacity. Defendants further admit that the responsibilities and duties of the Attorney General are as set forth in the Washington Constitution. To the extent that the Paragraph contains legal conclusions, no answer is required. State Defendants deny each and every remaining factual allegation in the Paragraph.

## FACTUAL ALLEGATIONS

### I.    HB 1470

17.    Admit.

18.    Admit.

19.    Defendants admit only that this Paragraph has quoted a portion of the Revised Code of Washington, which otherwise speaks for itself. To the extent a further response is required, denied.

20.    Defendants admit only that the primary House sponsor testified at a March 13, 2023 Public Hearing of the Washington State Senate Human Services Committee hearing on HB 1470. To the extent a further response is required, denied.

21.    Defendants admit only that there was a March 30, 2023 Public Hearing of the Washington Senate Ways and Means Committee regarding HB 1470. To the extent a further response is required, denied.

22.    Defendants admit only that a Washington Multiple Agency Fiscal Note Summary accompanied HB 1470. Defendants deny the Fiscal Note acknowledged HB 1470 intentionally targeted the Northwest ICE Processing Center (NWIPC). To the extent a further response is required, denied.

ANSWER
NO. 3:23-CV-05626-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

23.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 2, which otherwise speaks for itself. To the extent a response is required, denied.

24.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 2, which otherwise speaks for itself. To the extent a response is required, denied.

25.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 3, which otherwise speaks for itself. To the extent a response is required, denied.

26.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 2, which otherwise speaks for itself. To the extent a response is required, denied.

27.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 4, which otherwise speaks for itself, and that Section 4 does not apply to valid contracts in effect prior to January 1, 2023, for the duration of that contract. To the extent a response is required, denied.

28.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 4, which otherwise speaks for itself. To the extent a response is required, denied.

29.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 5, which otherwise speaks for itself. To the extent a response is required, denied.

30.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 5, which otherwise speaks for itself. To the extent a response is required, denied.

31.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 6, which otherwise speaks for itself. To the extent a response is required, denied.

32.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 6, which otherwise speaks for itself. To the extent a response is required, denied.

33.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 8, which otherwise speaks for itself. To the extent a response is required, denied.

34.     Defendants admit only that this Paragraph has quoted a portion of HB 1470 section 9, which otherwise speaks for itself. To the extent a response is required, denied.

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1     35.    Defendants admit only that this Paragraph has quoted a portion of HB 1470

2    section 10, which otherwise speaks for itself. To the extent a response is required, denied.

3   **II.**    **U.S. Immigration and Customs Enforcement Detention Facilities**

4     36.    Defendants are without information sufficient to form a belief as to the truth of

5    the allegations in this Paragraph, and therefore denies.

6     37.    This Paragraph asserts legal conclusions and questions of law to be determined

7    by the Court, to which no response is required. The cited statutes and authorities, 8 U.S.C. §§

8    1225(b)(1)(B)(ii), 1225(b)(2)(A), 1226(a), 1226(c); and *Jennings v. Rodriguez*, 138 S. Ct. 830,

9    836–38 (2018), speak for themselves.

10     38.    This Paragraph asserts legal conclusions and questions of law to be determined

11    by the Court, to which no response is required. The cited statutes, 6 U.S.C. § 112(b)(2) and

12    28 U.S.C. § 530C(a)(4), speak for themselves.

13     39.    This Paragraph asserts legal conclusions and questions of law to be determined

14    by the Court, to which no response is required. The cited statute, 8 U.S.C. § 1231(g)(1)-(2),

15    speaks for itself.

16     40.    This Paragraph asserts legal conclusions and questions of law to be determined

17    by the Court, to which no response is required. The case citations and statutes in both the text

18    and footnote speak for themselves.

19     41.    This Paragraph asserts legal conclusions and questions of law to be determined

20    by the Court, to which no response is required. To the extent a response is required, denied.

21    Defendants admit that *United States v. California*, 921 F.3d 865, 882 n.7 (9th Cir. 2019) is a

22    case citation, which speaks for itself.

23     42.    Admit.

24     43.    This Paragraph asserts legal conclusions and questions of law to be determined

25    by the Court, to which no response is required. To the extent a response is required, denied.

26

ANSWER
NO. 3:23-CV-05626-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies.

44.    This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies.

45.    This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies.

### III.    Washington's Sole Dedicated ICE Facility: Northwest ICE Processing Center

46.    Defendants admit that there is a federal detention facility in the State of Washington located at 1623 East J Street in Tacoma. Defendants lack sufficient information to admit or deny the remaining factual allegations in the Paragraph, and therefore denies.

47.    Defendants lack sufficient information to admit or deny the factual allegations in the Paragraph, and therefore denies.

48.    Defendants lack sufficient information to admit or deny the factual allegations in the Paragraph, and therefore denies.

49.    Defendants lack sufficient information to admit or deny the factual allegations in the Paragraph, and therefore denies.

50.    Defendants lack sufficient information to admit or deny the factual allegations in the Paragraph, and therefore denies.

51.    Defendants lack sufficient information to admit or deny the factual allegations in the Paragraph, and therefore denies.

52.    Defendants lack sufficient information to admit or deny the factual allegations in the Paragraph, and therefore denies.

ANSWER
NO. 3:23-CV-05626-BHS

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

53.     Defendants affirmatively contend that the Performance Based National Detention Standards (PBNDS) speak for themselves. Defendants lack sufficient information to admit or deny the remaining factual allegations in the Paragraph, and therefore denies.

54.     The Joint Explanatory Statement and House Report 114-668, speaks for itself. Defendants lack sufficient information to admit or deny the remaining factual allegations in the Paragraph, and therefore denies.

55.     Defendants admit only that this Paragraph has quoted a portion of the PBNDS, which otherwise speaks for itself. To the extent a response is required, denied.

56.     Defendants admit only that this Paragraph has described the PBNDS, which otherwise speaks for itself. To the extent a response is required, denied.

57.     Defendants admit only that this Paragraph has quoted a portion of the PBNDS, which otherwise speaks for itself. To the extent a response is required, denied.

58.     Defendants admit only that this Paragraph has quoted a portion of the PBNDS, which otherwise speaks for itself. To the extent a response is required, denied.

59.     Defendants admit only that this Paragraph has quoted a portion of GEO's contract with ICE, which otherwise speaks for itself. To the extent a response is required, denied.

60.     Defendants admit only that this Paragraph has quoted a portion of the PBNDS, which otherwise speaks for itself. To the extent a response is required, denied.

61.     Defendants admit only that this Paragraph has quoted a portion of the PBNDS, which otherwise speaks for itself. To the extent a response is required, denied.

62.     This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a further response is required, denied.

## IV.     Financial Impact of HB 1470 on GEO

63.     The cited attachment speaks for itself. To the extent the Paragraph contains legal arguments and conclusions, no response is required.

64.      This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies.

65.      This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies.

66.      This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies.

**COUNT I: VIOLATION OF INTERGOVERNMANTAL IMMUNITY**
**(DIRECT REGULATION OF THE FEDERAL GOVERNMENT)**

67.      Defendants restate and incorporate by reference their responses to the allegations of the preceding paragraphs in the Complaint.

68.      The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

69.      The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

70.      The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

71.      The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

72.      The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

73.    The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

**COUNT II: VIOLATION OF INTERGOVERNMENTAL IMMUNITY (IMPERMISSIBLE DISCRIMINATION)**

74.    Defendants restate and incorporate by reference their responses to the allegations of the preceding paragraphs in the Complaint.

75.    Defendants admit only that this Paragraph cites portions *North Dakota v. United States*, 495 U.S. 423, 435, (1990), and *United States v. City of Arcata*, 629 F.3d 986, 991 (9th Cir. 2010), which speak for themselves. To the extent a further response is required, denied.

76.    This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. Defendants admit only that *United States v, Washington*, 142 S. Ct. 1976 (2022) is a case citation, which speaks for itself. To the extent a response is required, denied.

77.    This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied.

78.    This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied.

79.    This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied.

80.    This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied.

81.    This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, State Defendants admit this Paragraph provides hyperlinks to two recordings of state legislative committee hearings, and otherwise denies the remaining allegations of this Paragraph.

ANSWER
NO. 3:23-CV-05626-BHS

10

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

82.     This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, Defendants admit this Paragraph cites the Multiple Agency Fiscal Note Summary for HB 1470, and otherwise denies the remaining allegations of this Paragraph.

83.     This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied.

**COUNT III: FEDERAL PREEMPTION**
**(FIELD PREEMPTION)**

84.     Defendants restate and incorporate by reference their responses to the allegations of the preceding paragraphs in the Complaint.

85.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

86.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

87.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

88.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

89.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

90.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

91.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

92.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

ANSWER
NO. 3:23-CV-05626-BHS

11

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

93.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

94.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

95.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

### COUNT IV: FEDERAL PREEMPTION
### (CONFLICT PREEMPTION)

96.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

97.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

98.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

99.     The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

### COUNT V: VIOLATION OF THE CONTRACTS CLAUSE

100.    Defendants restate and incorporate by reference their responses to the allegations of the preceding paragraphs in the Complaint.

101.    The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

102.    The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

103.    The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response to this Paragraph is required.

ANSWER
NO. 3:23-CV-05626-BHS

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    104.    The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response
2    to this Paragraph is required.

3    105.    The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response
4    to this Paragraph is required.

5    106.    The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response
6    to this Paragraph is required.

7    107.    The Court dismissed this claim with prejudice, *see* Dkt. #35, and so no response
8    to this Paragraph is required.

9                      **PLAINTIFF'S PRAYER FOR RELIEF**

10    This section of the Complaint asserts Plaintiff's requests for relief, to which no response
11    is required. To the extent a response is required, Defendants deny Plaintiff is entitled to the relief
12    sought, and deny Plaintiff is entitled to a declaratory judgment, injunctive relief, any "reasonable
13    attorneys' fees, costs, and expenses," or any other relief.

14                          **AFFIRMATIVE DEFENSES**

15    Defendants assert the following affirmative defenses to the Complaint and base these
16    affirmative defenses upon their current knowledge and information. Defendants assert these
17    affirmative defenses based on information presently available and in order to avoid waiver.
18    Defendants reserve the right to withdraw any of these affirmative defenses or to supplement
19    these defenses.

20    1.    Plaintiff fails to state a claim upon which relief can be granted;

21    2.    Plaintiff lacks standing;

22    3.    Plaintiff's claims are not ripe; and

23    4.    Plaintiff's claims are barred by sovereign immunity.

24                      **DEFENDANTS' REQUEST FOR RELIEF**

25    Defendants request that the Court:

26    1.    Dismissal of the Complaint with prejudice;

ANSWER
NO. 3:23-CV-05626-BHS

13

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

2.      Deny all relief that Plaintiff requests;

3.      Grant Defendants the costs and disbursements of this action, together with attorneys' fees, to the extent permitted by law; and

4.      Grant such additional relief as the Court may deem just and proper.

DATED this 29th day of April, 2024.

ROBERT W. FERGUSON
*Attorney General*

*s/ Marsha Chien*
MARSHA CHIEN, WSBA 47020
CRISTINA SEPE, WSBA 53609
  *Deputy Solicitors General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Marsha.Chien@atg.wa.gov
Cristina.Sepe@atg.wa.gov

ANDREW R.W. HUGHES, WSBA 49515
  *Assistant Attorney General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Andrew.Hughes@atg.wa.gov

*Attorneys for Defendants Governor Jay R. Inslee and Attorney General Robert W. Ferguson*

ANSWER
NO. 3:23-CV-05626-BHS

14

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

**CERTIFICATE OF SERVICE**

2          I hereby declare that on this day I caused the foregoing document to be electronically

3   filed with the Clerk of the Court using the Court's CM/ECF System, which will serve a copy of

4   this document upon all counsel of record.

5          DATED this 29th day of April 2024, at Olympia, Washington.

6

7                                              *s/ Kelsi Zweifel*
                                               Kelsi Zweifel
8                                                 *Confidential Secretary*
                                               1125 Washington Street SE
9                                              PO Box 40100
                                               Olympia, WA 98504-0100
10                                             (360) 753-4111
                                               Kelsi.Zweifel@atg.wa.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26