The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| THE GEO GROUP, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>JAY R. INSLEE, in his official capacity as Governor of the State of Washington; ROBERT W. FERGUSON, in his official capacity as Attorney General of the State of Washington,<br><br>    Defendants. | NO. 3:23-cv-05626-BHS<br><br>DEFENDANTS' MOTION TO STAY PENDING APPEAL OR THE *NWAUZOR v. GEO GROUP* DECISION<br><br>NOTE ON MOTION CALENDAR: MAY 23, 2024 |

DEFENDANTS' MOTION TO STAY
PENDING APPEAL OR THE *NWAUZOR
V. GEO GROUP* DECISION
NO. 3:23-CV-05626-BHS

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## I. INTRODUCTION

Defendants Governor Inslee and Attorney General Ferguson hereby move this Court to stay district court proceedings in this case. Defendants are appealing the preliminary injunction entered in this case, and this appeal, along with the Ninth Circuit's forthcoming decision in *Nwauzor v. The GEO Group, Inc.*, No. 21-36024 (9th Cir. 2023) will likely provide substantial guidance to this Court and the parties in resolving this case. Proceeding despite the pending appeal and the *Nwauzor* decision would be inefficient, waste the resources of this Court and the parties, and potentially result in inconsistent rulings that would need to be corrected. Moreover, GEO will not be harmed by a stay as HB 1470 is currently enjoined. A stay pending appeal in this matter is warranted here.

## II. BACKGROUND

This is not the first case GEO has litigated over the application of Washington's generally applicable state laws to federal contractors. In September 2017, the State of Washington sued GEO for its failure to pay detainee workers the state minimum wage and for unjust enrichment. GEO filed numerous pre-trial motions seeking to dismiss the claims, arguing that it could not be held liable for violating Washington's minimum wage law. But the district court denied all of them. After the case proceeded to a four-week trial, a unanimous jury determined GEO must pay detainees the state minimum wage for work performed at the Northwest ICE Processing Center (NWIPC). In a bench trial on damages, Judge Bryan further awarded Washington disgorgement of GEO's profits, i.e., $5.9 million. Memo. of Decision Including Am. Findings of Fact and Conclusions of Law, *State of Wash. v. The GEO Group, Inc.*, No. 3:17-cv-05806-RJB, (W.D. Wash. Dec. 8, 2021), Dkt. 665.

GEO appealed the decision to the Ninth Circuit arguing that (1) the state minimum wage law impermissibly discriminated against GEO in violation of intergovernmental immunity, (2) the state minimum wage law directly regulated the federal government, (3) GEO was entitled to derivative sovereign immunity, and (4) preemption precluded the State's claims. Opening Br.

DEFENDANTS' MOTION TO STAY
PENDING APPEAL OR THE *NWAUZOR*
v. *GEO GROUP* DECISION
NO. 3:23-CV-05626-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

of Def.-Appellant on Certified Questions, *Nwauzor*, No. 21-36024, (9th Cir. Apr. 7, 2023), Dkt. 18. The Ninth Circuit certified several questions to the Washington Supreme Court because, unlike here, it was not clear whether the state minimum wage law applied to state contractors. *Nwauzor*, No. 21-36024 (9th Cir.), Dkt. 97. After the Washington Supreme Court confirmed that the state minimum wage law was generally applicable and applied to private detention facilities regardless if they contracted with federal or state governments, *see Nwauzor v. The GEO Group, Inc.*, 540 P.3d 93, 99 (Wash. 2023), the Ninth Circuit accepted further briefing from the United States.

The United States submitted a brief in support of GEO. *See* U.S. Amicus Br., *Nwauzor*, No. 21-36024 (9th Cir.), Dkt. 114. Regarding intergovernmental immunity, the United States argued that the NWIPC must be treated the same as state-run prisons and detention facilities, which are exempt from state minimum wage laws. *Id.* This argument is essentially the same argument GEO makes in this case—i.e., that HB 1470's burdens must be equivalent to the burdens placed on state-run prisons and detention facilities. Since arguments in *Nwauzor* were held over a year ago and supplemental briefing by the United States completed on April 12, 2024, the Ninth Circuit's decision in *Nwauzor* should be forthcoming.

### III. ARGUMENT

#### A. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising its discretion to enter a stay, a court should balance the competing interests of the parties, including " '[(1)] the possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098,

DEFENDANTS' MOTION TO STAY
PENDING APPEAL OR THE *NWAUZOR*
v. *GEO GROUP* DECISION
NO. 3:23-CV-05626-BHS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *see also Gates v. King County*, No. C19-1185-JCC-MLP, 2021 WL 6494798, at *1 (W.D. Wash. Dec. 2, 2021) (unpublished); *Enriquez v. U.S. Citizenship & Immigr. Servs.*, No. 2:23-cv-00097-TL, 2023 WL 2873885, at *2 (W.D. Wash. Mar. 15, 2023). Courts in this district routinely grant stays where a decision from a higher court is anticipated to provide guidance on a pending issue. *E.g.*, *Borden v. eFinancial, LLC*, No. C19-1430JLR, 2020 WL 7324815, at *2 (W.D. Wash. Oct. 16, 2020) (unpublished); *Rittmann v. Amazon.com Inc.*, No. C16-1554-JCC, 2017 WL 1079926, at *2 (W.D. Wash. Mar. 22, 2017) (unpublished); *Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015). Here, because both appellate review of this Court's preliminary injunction order and *Nwauzor* will likely resolve key issues that bear directly on this suit, the stay factors tip sharply toward staying this case at least pending the Ninth Circuit's resolution of *Nwauzor*.

**B.  A Stay Will Promote the Orderly Course of Justice Because the Pending Appeal and *Nwauzor* Will, at a Minimum, Narrow and Clarify the Issues this Court Needs to Decide**

A stay is warranted for straightforward reasons: because Defendants are appealing the preliminary injunction order, *see* Dkt. 43, and the forthcoming *Nwauzor* decision will bind this Court, the resources of the Court and parties would not be well spent in continuing to litigate this case without the benefit of the Ninth Circuit's review of the preliminary injunction order and its forthcoming *Nwauzor* decision. Not only will Defendants' appeal in this case provide important direction to this Court, GEO raised largely the same issues in *Nwauzor* as it does in this suit. The *Nwauzor* court will be asked to decide whether a generally applicable state law violates the discrimination prong of intergovernmental immunity and whether the proper comparator for private detention facilities are state contractors or state-run prisons (as GEO argues here). *See Nwauzor*, No. 21-36024 (9th Cir.).

After oral arguments were held in October 2022, the Ninth Circuit in *Nwauzor* certified several state law questions to the Washington Supreme Court—including whether the generally

DEFENDANTS' MOTION TO STAY
PENDING APPEAL OR THE *NWAUZOR*
v. *GEO GROUP* DECISION
NO. 3:23-CV-05626-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

applicable state law at issue in that case, i.e., the state minimum wage act, applied to private contractors. Now, after the Washington Supreme Court has confirmed that the state minimum wage act applies regardless of whether the private entity contracts with the federal or state government, *see Nwauzor*, 540 P.3d at 99, the Ninth Circuit will soon rule on whether the generally applicable state law violates the discrimination prong of intergovernmental immunity.

In short, the *Nwauzor* opinion will address many of the issues this Court will be asked to decide—for example, does the Supremacy Clause preclude generally applicable state laws regulating federal contractors, should GEO be treated the same as the federal government, and what constitutes a generally applicable health and safety law. These questions are all before this Court, and *Nwauzor* will likely decide or give necessary guidance on many, if not all, of them. Since *Nwauzor* will address issues before this Court, it will likely provide guidance on how this Court should apply intergovernmental immunity to state laws regulating private detention facilities.

### C.  A Stay Will Benefit the Parties and Will Not Prejudice Any Party

For essentially the same reasons, a stay will benefit the parties. Even though GEO's motion for summary judgment seeking final judgment and a permanent injunction (Dkt. 39) is fully briefed, if a stay is not granted, the parties can expect to devote considerable resources to preparing for argument, should this Court order it. And of course, in the event this Court does not decide the case on summary judgment, a trial will require substantial investments of time and money by the Court and all parties. Without the benefit of a stay, the parties will inevitably devote significant time to preparing for issues that will be affected—if not disposed of—by the appeals in this case and *Nwauzor*. A relatively brief stay, pending appeal or, at the least, resolution of *Nwauzor*, will avoid this waste, and enable the parties to focus their energies on the issues that remain in dispute following the Ninth Circuit's ruling.

On the flip side, no prejudice would result from a stay. Although Plaintiffs may argue that they are prejudiced by any delay in having their claims finally adjudicated, GEO has already

PENDING APPEAL OR THE *NWAUZOR*
v. *GEO GROUP* DECISION
NO.  3:23-CV-05626-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

obtained a preliminary injunction enjoining enforcement of Sections 2, 3, 5, and 6. Moreover, because the appeal of the preliminary injunction order and the all-but-certain impact *Nwauzor* will have on this case, it is highly unlikely that denial of a stay will actually result in faster resolution. Practically speaking, one of two things can happen in this case absent a stay: (1) the Court may grant summary judgment to GEO, which would likely require the Court to re-visit the decision once the Ninth Circuit decides Defendants' preliminary injunction appeal or issues the *Nwauzor* decision; or (2) the Court will deny summary judgment to GEO, in which case the parties will proceed to discovery and potentially a bench trial in the shadow of *Nwauzor*, and devote *significant* resources to trial preparation, on a timeline that will likely take longer than the Ninth Circuit's ruling in the *Nwauzor* decision, specifically. Thus, GEO could not obtain more meaningful relief than the preliminary injunction it already enjoys before the Ninth Circuit decides Defendants' appeal or *Nwauzor*.

### IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay these proceedings pending the Ninth Circuit Court's decision on appeal, or at the least, the Ninth Circuit's decision in *Nwauzor*.

DATED this 2nd day of May 2024.

I certify that this memorandum is 1,625 words, in compliance with the Local Civil Rules.

ROBERT W. FERGUSON
  *Attorney General*

s/ *Marsha Chien*
MARSHA CHIEN, WSBA 47020
CRISTINA SEPE, WSBA 53609
  *Deputy Solicitors General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

DEFENDANTS' MOTION TO STAY
PENDING APPEAL OR THE *NWAUZOR*
v. *GEO GROUP* DECISION
NO. 3:23-CV-05626-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Cristina.Sepe@atg.wa.gov
Marsha.Chien@atg.wa.gov

ANDREW R.W. HUGHES, WSBA 49515
  *Assistant Attorney General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Andrew.Hughes@atg.wa.gov

*Attorneys for Defendants Governor Jay R. Inslee and Attorney General Robert W. Ferguson*

DEFENDANTS' MOTION TO STAY
PENDING APPEAL OR THE *NWAUZOR v. GEO GROUP* DECISION
NO.  3:23-CV-05626-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**CERTIFICATE OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

DATED this 2nd day of May 2024, at Olympia, Washington.

                *s/ Leena Vanderwood*
                Leena Vanderwood
                *Paralegal*
                1125 Washington Street SE
                PO Box 40100
                Olympia, WA 98504-0100
                (360) 753-4111
                Leena.Vanderwood@atg.wa.gov

DEFENDANTS' MOTION TO STAY
PENDING APPEAL OR THE *NWAUZOR*
v. *GEO GROUP* DECISION
NO. 3:23-CV-05626-BHS

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200