UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE GEO GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAY R. INSLEE, in his official capacity as Governor of the State of Washington; and ROBERT W. FERGUSON, in his official capacity as Attorney General of the State of Washington, <br><br> Defendant. | CASE NO. C23-5626 BHS <br><br> ORDER |

This matter is before the Court on both the GEO Group, Inc.'s motion for summary judgment, Dkt. 39, which seeks to convert the Court's preliminary injunction, Dkt. 35, into a final judgment, and the State of Washington's[1] motion to stay, Dkt. 46, pending its interlocutory appeal of that decision, Dkt. 43.

---

[1] The defendants in this matter are Washington's Governor, Jay Inslee, and its Attorney General, Bob Ferguson. Each is sued in his official capacity. Dkt. 1, ¶ 1. For simplicity, the Court refers to these defendants collectively as "the State."

ORDER - 1

1      The facts relevant to these motions is thoroughly detailed in the Court's order,
2   Dkt. 35, granting in part and denying in part GEO's motion for a preliminary injunction,
3   Dkt. 8, and granting in part and denying in part the State's motion to dismiss, Dkt. 17.
4   They need not be repeated here. That order denied the State's motion to dismiss only
5   insofar as it sought dismissal of GEO's claims that Sections 2, 3, 5, and 6 of HB 1470
6   (RCW 70.395.040, .050, .070, and .080, respectively) discriminate against GEO in
7   violation of the Supremacy Clause's intergovernmental immunity doctrine. Dkt. 35 at 63.
8   That order also preliminarily enjoined the State and its agencies from enforcing those
9   sections of HB 1470 against GEO as the operator of the Northwest ICE Processing
10  Center (NWIPC). *Id.* at 63–64. The State moved for reconsideration, Dkt. 36, and the
11  Court denied that motion, Dkt. 42.

12     GEO moves to convert the Court's preliminary injunction into a final judgment
13  declaring that Sections 2, 3, 5, and 6 of HB 1470 are unconstitutional and permanently
14  enjoining the State from enforcing those sections against it as the operator of the NWIPC.
15  Dkt. 39. GEO contends that the Court has already determined that those sections of HB
16  1470 are unconstitutional on their face. *Id.* at 11. It asserts that there are no factual
17  disputes and no additional evidence is needed to decide this case. *Id.*

18     The State filed a notice of interlocutory appeal, Dkt. 43, of the Court's orders
19  issuing the preliminary injunction, Dkt. 35, and denying its motion for reconsideration,
20  Dkt. 42. The State also opposes GEO's motion for summary judgment, asserting many of
21  the arguments that this Court has already considered and rejected. *See generally* Dkt. 44.
22  The State also argues that "this Court has not yet had an opportunity to weigh evidence

1  regarding jurisdiction over GEO's claims, any actual conflict between GEO's contract
2  with ICE and the requirements of HB 1470, HB 1470's full legislative history, or the
3  facts showing HB 1470 treats GEO the same as similarly-situated comparators." *Id.* at 13.
4        It is unclear to the Court why further factual development is necessary to resolve
5  this case. As GEO asserts, "[r]eviewing legislative history constitutes legal research, not
6  the development of disputed facts," and "more arguments from legislative history cannot
7  change the fact that the **text** of HB 1470 manifests the prohibited discrimination and
8  violation of the intergovernmental immunity doctrine, as this Court has already held."
9  Dkt. 47 at 7. The State has also had ample opportunity to review GEO's contract with
10 ICE.
11       The State alternatively moves to stay the proceedings pending both a decision
12 from its interlocutory appeal and the Ninth Circuit's forthcoming decision in a different
13 case, *Nwauzor v. The GEO Group, Inc.*, No. 21-36024 (9th Cir. 2023). Dkt. 46 at 2. The
14 primary issue in *Nwauzor* concerns whether GEO must pay detainees the minimum wage
15 under Washington's Minimum Wage Act. *Id.* The State contends that, in the *Nwauzor*
16 appeal, "[t]he United States submitted a[n] [amicus] brief in support of GEO" and
17 "argued that the NWIPC must be treated the same as state-run prisons and detention
18 facilities, which are exempt from state minimum wage laws." *Id.* at 3. The State asserts
19 that the Ninth Circuit's resolution of its interlocutory appeal and the *Nwauzor* appeal
20 "will likely provide substantial guidance to this Court and the parties in resolving this
21 case." *Id.* at 2. It also contends that GEO will not be prejudiced by a stay because the
22 Court's preliminary injunction will remain in effect pending the stay. *Id.*

ORDER - 3

1     GEO responds that "[t]here is no benefit to the parties or to judicial economy to be
2 gained by delaying final resolution of this case in the district court" and that "the Court
3 should enter final judgment for GEO on its intergovernmental immunity claim." Dkt. 49
4 at 2. GEO nevertheless agrees that, "[i]f the Court is not inclined to grant GEO's motion
5 for summary judgment," "a stay of any further proceedings pending the Ninth Circuit's
6 decision on Defendants' interlocutory appeal is appropriate." *Id*.

7     GEO asserts, however, that, although a decision in *Nwauzor* "may prove
8 marginally instructive on some issues, significant and material differences in the
9 underlying facts and the statutes at issue in this case and *Nwauzor* mean that any decision
10 in that case will not 'decide' the issues in this case." Dkt. 49 at 4. It contends that, unlike
11 HB 1470, the Minimum Wage Act "does not create a new private right of action for
12 detainees or impose a unique set of operational requirements and performance standards
13 applicable to only a single federal facility." *Id.* at 4.

14     The Court agrees that a stay is appropriate pending the Ninth Circuit's resolution
15 of the State's interlocutory appeal in this case. The Court, however, does not decide at
16 this time whether an additional stay in necessary pending a decision in *Nwauzor*. The
17 State's motion to stay, Dkt. 46, is accordingly **GRANTED in part** and the case is
18 **STAYED** pending the appeal in this case.

19     During the stay, the preliminary injunction shall remain in effect. The parties shall
20 jointly notify the Court of any relevant developments in the appeal and they shall file a
21 joint status report within 30 days of any decision by the Ninth Circuit informing this
22 Court of the parties' respective positions on the effect of that decision on this case.

1  GEO's motion for summary judgment, Dkt. 39, is **TERMINATED** without a
2  decision and with leave to refile following the Ninth Circuit's resolution of the
3  interlocutory appeal.
4  **IT IS SO ORDERED.**
5  Dated this 23rd day of May, 2024.

BENJAMIN H. SETTLE
United States District Judge