The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

THE GEO GROUP, INC.,

Plaintiff,

v.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

Defendants.

NO.  3:23-cv-05626-BHS

DECLARATION OF JOSEPH D. LAXSON IN SUPPORT OF DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION

I, JOSEPH D. LAXSON, hereby declare the following:

1.     I am over the age of 18, competent to testify as to the matters herein, and make this declaration based on my personal knowledge.

2.     I am the Policy Director for the Environmental Public Health Division, a part of the Washington State Department of Health (the Department). I have held this role since 2019. I have worked in the area of environmental public health since 2007.

3.     I am responsible for supporting legislative efforts. In that role, I have been responsible for overseeing the Department's rulemaking pursuant to Second Substitute House Bill 1470 (HB 1470), 68th Leg., Reg., Sess. (Wash. 2023), that was enacted in 2023, and Second Substitute House Bill 1232 (HB 1232), 69th Leg., Reg. Sess. (Wash. 2025), which set minimum standards for private detention facilities. My responsibilities also include overseeing private

DECLARATION OF JOSEPH D. LAXSON
IN SUPPORT OF DEFENDANTS' MOTION
FOR PRELIMINARY INJUNCTION
NO. 3:23-CV-05626-BHS

1

detention facility compliance with the Department's rules pursuant to what was codified under RCW 70.395.

4.      Since the passage of HB 1470, I have reached out by email on a number of occasions to GEO's facility, the Northwest ICE Processing Center, in Tacoma (Tacoma facility) to share information on complaints from detainees in the facility and offer technical assistance and resources on how to make improvements. For example, when the Department received complaints from people detained at the Tacoma facility about low air quality we offered resources on HVAC maintenance to the facility.

5.      I have made three (3) attempts to conduct onsite investigations of complaints received from people detained at the Tacoma facility relating to health and safety concerns, as permitted by Wash. Rev. Code § 43.70.170 and Wash. Rev. Code § 70.395.050. While a preliminary injunction was pending on HB 1470, the Department tried to inspect the Tacoma facility under authority from Wash. Rev. Code § 43.70.170, which is a long-standing statute that authorizes the Department to investigate public health threats in Washington. On September 3, 2025, I made my first attempt to investigate the facility under Wash. Rev. Code § 43.70.170. I was accompanied by Todd Philips, Director of the Office of Environmental Health and Safety at the Department, and Lauren Jenks, Assistant Secretary in the Environmental Public Health Division.

6.      On September 3, 2025, the three of us arrived at the Tacoma facility around 10:00 a.m. When we arrived, we told the GEO staff in the front office that we were from the Washington State Department of Health to do an investigation of complaints received from the people detained at the facility. The GEO staff called GEO's facility administrator, Bruce Scott. Mr. Scott came down to greet us. I explained to Mr. Scott that we were there due to complaints about the low quality of drinking water at the facility. I also offered to share information that might help the facility identify the problem. Mr. Scott responded by asking me to fill out a form. The form asked for my name, the reason for my visit, and the statute providing the basis for the

DECLARATION OF JOSEPH D. LAXSON
IN SUPPORT OF DEFENDANTS' MOTION
FOR PRELIMINARY INJUNCTION
NO. 3:23-CV-05626-BHS

2

visit. Mr. Scott did not allow us to enter GEO's facility. Instead, Mr. Scott took the completed form and left.

7. Not long after Mr. Scott left, two individuals from ICE came down. I shared our concerns about drinking water and explained again that we were there to investigate and help the facility assess the problem. The ICE agents instructed us to contact DHS's Seattle office (Seattle office) to get preapproval to enter the facility. The ICE agents gave us the email address, and we left.

8. On September 12, 2025, I sent an email to the email address provided (seattle.outreach@ice.dhs.gov), requesting access to the Tacoma facility for the purpose of investigating drinking water complaints. I have yet to receive a response to this email.

9. GEO has refused entry for Department inspectors under Wash. Rev. Code § 43.70.170.

10. I understand that a preliminary injunction that prevented the Department from enforcing RCW 70.395 was vacated by the Ninth Circuit in August 2025, and that the Ninth Circuit allowed its judgment to take effect in early March 2026. Because the injunction was vacated, the Department has tried to investigate the numerous complaints it received, as required by Wash. Rev. Code § 70.395.050(2)(b).

11. On March 20, 2026, Todd Philips and I arrived at GEO's Tacoma facility around 10:00 a.m. for our next attempt to enter the facility. We met the GEO staff in the lobby and identified ourselves as employees of the Department. GEO staff called Mr. Scott, and he came down to meet us in the lobby. Again, we explained that we were there to investigate complaints from people detained in the facility about problems with drinking water, including complaints of foul taste and smell, as well as complaints about the facility denying individuals the ability to attend religious services. We told Mr. Scott that we were requesting entry under Wash. Rev. Code § 70.395.050, which authorizes the Department to access the facility for this purpose. Instead of allowing entry, Mr. Scott gave me a form to fill out with my name, the reason for my

DECLARATION OF JOSEPH D. LAXSON IN SUPPORT OF DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION NO. 3:23-CV-05626-BHS

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

visit, and the statute providing the basis for the visit. Mr. Scott did not allow us to enter GEO's facility. Instead, Mr. Scott took the completed form and then left to get an ICE agent.

12. The ICE agent who came out was Matthew Cantrell, ICE Assistant Field Office Director. Mr. Cantrell then told us to contact the Seattle office to gain access to secure areas. I explained to Mr. Cantrell that we never received a response to the last email we sent to the Seattle office. Mr. Cantrell just repeated that we had to contact the Seattle office to get access to secure areas. We left the facility after that interaction.

13. On April 3, 2026, I sent an email to seattle.outreach@ice.dhs.gov, following up on our request to access to the Tacoma facility. I have not received a response to this email.

14. The third attempted entry was April 20, 2026. I went to the Tacoma facility with Mr. Phillips and arrived at 9:46 a.m. A guard greeted us, and I explained that we were from the Department and there to investigate complaints from people detained at the facility relating to low quality drinking water and our concerns that lack of adequate water management could increase the risk of legionella in the water. The guard called Mr. Scott, and we sat down at a table to wait. Shortly after, Mr. Scott came down to join us. We told Mr. Scott that we were there to investigate complaints in accordance with Wash. Rev. Code § 70.395.050. Again, instead of allowing entry to inspect the water, Mr. Scott gave us the same form as last time to complete and then left.

15. Shortly after Mr. Scott left, Mr. Cantrell came down and again repeated that we had to contact the Seattle office to get access to secure areas. I reiterated that we have not received a response from the Seattle office. Mr. Cantrell did not have an answer, only suggesting we email the ICE Seattle Office again and consider visiting the ICE Seattle Office in person.

16. We have not been able to enter GEO's Tacoma facility to investigate the complaints the Department has received from people inside the facility, either under the statute for public health threats or under the statute for private detention facilities.

DECLARATION OF JOSEPH D. LAXSON
IN SUPPORT OF DEFENDANTS' MOTION
FOR PRELIMINARY INJUNCTION
NO. 3:23-CV-05626-BHS

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

17.    I do not believe we will ever receive a response from ICE's Seattle office, and we will not be permitted to enter the facility to investigate complaints if we return to the Tacoma facility.

I declare under the penalty of perjury under the laws of the United States that the foregoing it true and correct.

SIGNED this 27 day of April 2026, at Olympia____, Washington.

*Joseph D Laxson*

_____
JOSEPH D. LAXSON
Policy Director
Environmental Public Health Division
Washington State Department of Health

DECLARATION OF JOSEPH D. LAXSON
IN SUPPORT OF DEFENDANTS' MOTION
FOR PRELIMINARY INJUNCTION
NO. 3:23-CV-05626-BHS

5