The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

THE GEO GROUP, INC.,

Plaintiff,

v.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

Defendants.

NO. 3:23-cv-05626-BHS

DEFENDANTS' RESPONSE TO GEO GROUP, INC.'S EMERGENCY REQUEST FOR STATUS CONFERENCE

There is no reason for a status conference here, and GEO's continued bid to delay should be rejected.

As Plaintiff recognizes, this Court stayed this case "pending the appeal in this case," Dkt. # 51, and had likewise agreed that the stay would be appropriate pending the Ninth Circuit's decision on the appeal, Dkt. # 49. Now that the appeal is resolved and the Ninth Circuit has vacated GEO's preliminary injunction, rejected GEO's request to stay the mandate, and issued its mandate, there is no basis for this Court's stay to remain in effect. By its own terms, it should be lifted.

GEO, not getting the answer it wanted from the Ninth Circuit, asks this Court to defy the Ninth Circuit's mandate and maintain a preliminary injunction the Ninth Circuit vacated.

DEFENDANTS' RESPONSE TO
GEO GROUP, INC.'S EMERGENCY
REQUEST FOR STATUS
CONFERENCE
NO. 3:23-cv-05626-BHS

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

There is no need for a status conference, because the only correct result is for this Court to lift the stay of proceedings and follow the Ninth Circuit's mandate. Although a district court has broad discretion to manage its docket, "the mandate rule requires that the trial court conform with the directions of the appellate court on remand." *United States v. Dávila-Félix*, 763 F.3d 105, 109 (1st Cir. 2014); *see also Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 949–50 (C.D. Cal. 1996). Here, the Ninth Circuit's instructions are clear. It denied GEO's motion to stay the mandate pending its petition for writ of certiorari—"which foreclose[s] a stay [in district court] pending certiorari." *In re A.F. Moore & Assocs., Inc.*, 974 F.3d 836, 842 (7th Cir. 2020) (issuing mandamus vacating district court's stay because district court violated the mandate rule by declining to proceed in the case). The Ninth Circuit's opinion remanded the case in part to this Court for "further proceedings consistent with [its] opinion." *See* Dkt. # 52 at p. 33. Thus, lifting the stay following the mandate would "follow the spirit as well as the letter of the mandate." *In re A.F. Moore*, 974 F.3d at 840 (citation modified).

In addition to violating the Ninth Circuit's mandate, stays pending petitions for certiorari should be particularly disfavored here, where: (1) the anticipated duration of the stay is well more than three months; (2) a stay perpetuates ongoing or future harms to others as opposed to one dealing solely with past harms; and (3) the Ninth Circuit has rejected a stay. *See Savage v. United States*, 225 F.Supp.3d 1159, 1163–64 (C.D. Cal. 2016) (rejecting a stay where the criminal defendant's liberty was at stake and the government only guessed that a relevant Supreme Court decision would issue in two or three months); *Chelius v. Becerra*, No. 1:17-cv-00493-JAO, 2023 WL 5041616, at *4 (D. Haw. Aug. 8, 2023) (finding a proposed stay pending a Supreme Court decision to be unreasonable).

GEO complains that Defendants are unilaterally forcing GEO and the Court into a de facto lift of the stay. But this Court only stayed the case pending GEO's appeal—now that the mandate has issued, the stay should lift by its own terms. The problem here is that GEO is treating the Ninth Circuit's order vacating the preliminary injunction as nullity, continuing to act as

DEFENDANTS' RESPONSE TO
GEO GROUP, INC.'S EMERGENCY
REQUEST FOR STATUS
CONFERENCE
NO. 3:23-cv-05626-BHS

2

though the now-vacated preliminary injunction is in effect and blocking the Washington Department of Health from inspections. Defendants are simply responding to the continuing public health threat faced by GEO's refusal to allow state health inspectors into its private facility. GEO may not flout a law, passed by the people of Washington three years ago, and the Ninth Circuit's mandate, through tactical games.

In their joint status reports, the parties stated their respective positions regarding the stay, and to provide a vehicle for this Court to lift its stay, Defendants filed a motion. The motion to stay is noted and may be decided before this Court entertains the preliminary injunction. GEO may not like that it has to respond to Defendants' motions to lift the stay, and amend their answer, and preliminary injunction in the interim, but that is incomparable to the harm Washington suffers under the stay. That GEO has to defend itself does not constitute an "emergency," justify violating the Ninth Circuit's mandate, or amount to hardship sufficient for this Court to continue the stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *Espire Ads LLC v. Tapp Influencers Corp.*, No. 2:23-cv-01347-MWF, 2023 WL 4247193, at *4 (C.D. Cal. May 10, 2023) ("[C]ourts often conclude that merely having to litigate two actions, and thereby incur the financial burden of a two-front war, is not sufficient to demonstrate a clear case of hardship." (collecting cases)).

A status conference is not necessary. GEO should respond to Defendants' motions.

DATED this 1st day of May 2026.

NICHOLAS W. BROWN
*Attorney General*

*/s/ Ellen Range*
ELLEN RANGE, WSBA No. 51334
ANDREW HUGHES, WSBA No. 49515
MINA SHAHIN, WSBA No. 46661
*Assistant Attorneys General*
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
Ellen.Range@atg.wa.gov

DEFENDANTS' RESPONSE TO
GEO GROUP, INC.'S EMERGENCY
REQUEST FOR STATUS
CONFERENCE
NO. 3:23-cv-05626-BHS

3

Andrew.Hughes@atg.wa.gov
Mina.Shahin@atg.wa.gov

MARSHA CHIEN, WSBA No. 47020
  *Worker Rights Unit Chief*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
Marsha.Chien@atg.wa.gov

CRISTINA SEPE, WSBA No. 53609
  *Deputy Solicitor General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200
Cristina.Sepe@atg.wa.gov

*Counsel for Defendants*

DEFENDANTS' RESPONSE TO
GEO GROUP, INC.'S EMERGENCY
REQUEST FOR STATUS
CONFERENCE
NO. 3:23-cv-05626-BHS

4