UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE GEO GROUP, INC.,<br><br>                    Plaintiff,<br><br>         v.<br><br>ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,<br><br>                    Defendant. | CASE NO. C23-5626 BHS<br><br>ORDER |

THIS MATTER is before the Court on the defendant State's motion for leave to amend its answer, Dkt. 62.

In July 2023, GEO sued the State's governor and attorney general to enjoin enforcement of HB 1470 (RCW § 70.395.040 et seq.), which grants DOH authority to inspect and enforce health and safety standards at private detention facilities. In March 2024, the Court granted GEO's motion for a preliminary injunction, and the State answered. The Court stayed the case pending the State's appeal. The Ninth Circuit

ORDER - 1

vacated the Court's order. In March and April, 2026, DOH sought to inspect NWIPC under RCW § 70.395.050, but GEO and ICE denied access.

The State seeks to amend its answer to add a counterclaim, asserting that GEO violated RCW § 70.395.050 when it denied access. It seeks an injunction prohibiting GEO from continuing to block inspections.

Under Rule 15(a)(2), the Court should freely give leave to amend a pleading where justice so requires. "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). "Absent prejudice, or a strong showing of [undue delay, dilatory motive, failure to cure deficiencies, or futility], there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice is the "touchstone of the inquiry." *Id*.

GEO opposes amendment, arguing that the proposed counterclaim is identical to the Department of Health's claim in the related case, *Wash. Dep't of Health v. The GEO Grp., Inc.*, No. 3:24-cv-05639-BHS ("*DOH*"), at Dkt. 1-1. It argues the State's proposed counterclaim is futile because it relies on false factual allegations and fails to name ICE as a necessary party. Dkt. 71 at 5.

The State persuasively responds that the claims are not duplicative because they involve different statutes, different time periods, and distinct legal arguments and defenses, with the parties appearing in different procedural postures. Dkt. 80 at 3. GEO, not the State, is the plaintiff in this lawsuit. The fact the State filed a separate action asserting claims under a different statute does not preclude amendment in this one.

ORDER - 2

Moreover, the Court agrees that even if the claims were duplicative, in the interest of judicial economy, consolidation could address any overlap between the actions. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2006) ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) ("District courts have inherent power to control their dockets.").

Nor has GEO shown that amendment would be futile. Courts rarely deny leave to amend based on futility grounds. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of the challenges to the merits of a proposed amended pleading until after leave to amend is granted."). GEO's opposition to the State's pending motion for a preliminary injunction, Dkt. 76, raises those same arguments.[1] The Court will address those arguments, including whether ICE is a necessary party, in resolving that motion.

More importantly, GEO cannot plausibly claim prejudice from the proposed amendment. GEO sued to enjoin enforcement of RCW § 70.395.050. The State's proposed counterclaim alleges that GEO violated that law. The claims are essentially mirror images.

The State's motion to amend, Dkt. 62, is **GRANTED**.

---

[1] GEO also raises a Rule 19 argument in *DOH*. *See* GEO's Motion to Dismiss for Failure to Join Required Party, Dkt. 13 in No. 3:24-cv-05639-BHS.

The parties shall **SHOW CAUSE** in writing why these cases should not be consolidated, within 14 days. They should also address whether, if the cases are consolidated, the pending motions for preliminary injunctive relief should not be noted and decided together.

IT IS SO ORDERED.

Dated this 26th day of May, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4