The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE GEO GROUP, INC.,

                        Plaintiff,

        v.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

                        Defendants.

NO. 3:23-cv-05626-BHS

DEFENDANTS-COUNTERCLAIMANTS' RESPONSE TO SHOW CAUSE ORDER RE: CASE CONSOLIDATION

## I.    INTRODUCTION

Having lost its effort to enjoin Wash. Rev. Code § 70.395 and stay the Ninth Circuit's mandate, GEO should have stepped aside and allowed the Department of Health access to its facility. But it did not, forcing the State to seek a preliminary injunction from this Court. Meanwhile a separate action brought by the Department of Health two years ago remains pending with this Court. Although both cases turn on GEO's refusal to permit daylight into its private detention facility, these cases present different parties, facts, authorities, and federal defenses. Consolidation of these two cases is therefore not appropriate or needed here.

Consolidation would also cause needless delay because consolidation would delay consideration of the State's preliminary injunction by a month while immediate entry into GEO's Tacoma facility has been and continues to be imperative. The harm posed by the conditions at the

DEFENDANTS-COUNTERCLAIMANTS'
RESPONSE TO SHOW CAUSE ORDER
RE: CASE CONSOLIDATION
NO. 3:23-cv-05626-BHS

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

Tacoma facility that spurred legislation three years ago has only become increasingly urgent with *thousands* of complaints pressing the Department to take action. The State sought a preliminary injunction, because the need for access is urgent. It should not have to suffer additional delay, for additional briefing in a separate case that will not shed new light on separate issues already briefed.

## II.      STATEMENT OF FACTS

### A.      GEO Sued to Enjoin Wash. Rev. Code § 70.395, but the Ninth Circuit Rejected Its Challenge

In July 2023, GEO sued the State to enjoin enforcement of a then-newly enacted state law, Wash. Rev. Code § 70.395, which set basic public health and safety requirements for private detention facilities and directed Washington's Department of Health to inspect them. Dkt. # 1. While rejecting GEO's direct regulation and preemption arguments, this Court concluded that certain provisions violated the discrimination prong of intergovernmental immunity on the theory that the requirements differed from those applicable to state prisons and jails and GEO's Tacoma facility was the only facility subject to its requirements. Dkt. # 35 at p. 32.

On appeal, the Ninth Circuit vacated GEO's preliminary injunction in this case and remanded in part. *The GEO Grp., Inc. v. Inslee*, 151 F.4th 1107, 1116–24 (9th Cir. 2025). On the merits, the Ninth Circuit affirmed this Court's order dismissing GEO's direct regulation and preemption defenses, reasoning that Wash. Rev. Code § 70.395 did *not* give Washington virtual power of review over ICE detention facilities nor prevent ICE from detaining individuals at GEO's Tacoma facility. *Id.* at 1118. Regarding preemption, the Ninth Circuit saw no indication that Congress had demonstrated any intent, let alone a clear and manifest intent, to preempt sections of Wash. Rev. Code § 70.395. *Id.* at 1123.

As for the discrimination prong, the Ninth Circuit remanded for this Court to determine whether Washington regulates the conditions of confinement at GEO's Tacoma facility under Wash. Rev. Code § 70.395.040 differently from the way it regulates the conditions in civil detention facilities. *Id.* at 1122.

DEFENDANTS-COUNTERCLAIMANTS'
RESPONSE TO SHOW CAUSE ORDER
RE: CASE CONSOLIDATION
NO. 3:23-cv-05626-BHS

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

The Ninth Circuit denied both GEO's petition for rehearing en banc and GEO's requested stay, and issued its mandate on March 4, 2026, dissolving this Court's stay. Dkt. ## 56, 57, 69 at p. 2.

**B.    After GEO Failed to Comply with Wash. Rev. Code § 70.395.050, the State Counterclaimed, Seeking a Preliminary Injunction**

The Department continues to review frequent complaints received about the conditions inside GEO's Tacoma facility. Dkt. # 65 ¶ 4. Common complaints reported include assault, medical concerns including infection control, living conditions and cleanliness, and food, water, and air quality. *Id.* After the Ninth Circuit issued its mandate, the Department twice sent employees to GEO's Tacoma facility in accordance with Wash. Rev. Code § 70.395.050(2)(b) to investigate complaints received relating to the facility. Dkt. # 64 ¶¶ 10–14. These inspection attempts occurred on March 20, 2026, and again on April 20, 2026, and involved Department employees Todd Philips and Joseph Laxson, as well as GEO facility administrator Bruce Scott and ICE Assistant Field Office Director Matthew Cantrell. *Id.*

Following GEO's second refusal to comply with the plain terms of Washington law, the State moved to amend its answer to add a counterclaim for GEO's violation of the law and moved for preliminary injunction. Dkt. ## 62, 63. This preliminary injunction has been fully briefed and is noted for May 26, 2026. In the meantime, well over 1,000 people remain detained within GEO's Tacoma facility, living in squalid conditions without any meaningful oversight. *See* Detention Facilities Average Daily Population, TRAC Reports, Inc., https://tracreports.org/immigration/detentionstats/facilities.html, (last accessed Jun.1, 2026).

**C.    Since 2024, The Department of Health Has Sought a Preliminary Injunction Under Wash. Rev. Code § 43.70.170**

Separately, the Department of Health engaged in litigation seeking to inspect GEO's Tacoma facility under a different, separate statute. The Washington Legislature has long provided the Department with the authority to access "any . . . place" in Washington, including GEO's private facility, to investigate public health threats. Wash. Rev. Code § 43.70.170. The

DEFENDANTS-COUNTERCLAIMANTS'
RESPONSE TO SHOW CAUSE ORDER
RE: CASE CONSOLIDATION
NO. 3:23-cv-05626-BHS

3

Legislature authorized the Department to "investigate, examine, sample or inspect" any condition "constituting a threat to the public health" and specified the Department "shall *at all times* have free and unimpeded access to all buildings, yards, warehouses, storage and transportation facilities *or any other place*." *Id.* (emphasis added). Wash. Rev. Code § 43.70.170 does not limit the Department to certain enumerated risks. It broadly authorizes the Department to inspect "all . . . matters injurious to the public health." *Id.*; *see also Spokane Cnty. Health Dist. v. Brockett*, 839 P.2d 324, 329 (Wash. 1992) ("[P]ublic health statutes and the actions of local health boards implementing those statutes are liberally construed.").

Consistent with its mission to protect Washingtonians, the Department sought to investigate GEO's private facility because, as of 2024, it received over 700 complaints from detainees. *Wash. Dep't of Health v. The GEO Grp., Inc.*, No. Case 3:24-cv-05639-BHS, Dkt. (DOH Dkt.) # 9 ¶¶ 5, 12. Those complaints paint a stark portrait of contaminated food, insufficient food, dirty clothes and bedding, unsanitary conditions, and brown water. *Id.* ¶¶ 5–11. Based on these numerous health and safety complaints, the Department concluded the conditions at GEO's facility pose public health threats warranting investigation. *Id.* ¶ 12.

On July 18, 2024, Department employees Soliel Muñiz and Joe Barbee Jr. attempted to conduct inspections under Wash. Rev. Code § 43.70.170. *Id.* ¶¶ 14–15, DOH Dkt. # 10 ¶¶ 9, 10. After Bruce Scott, GEO's facility administrator, refused the Department access, the Department moved for a preliminary injunction in Thurston County Superior Court. DOH Dkt. # 1-1. GEO removed the case to federal court, asserting the federal officer removal statute. DOH Dkt. # 1. The Department again moved for a preliminary injunction with this Court, DOH Dkt. # 7, but this Court *sua sponte* rejected all of GEO's federal defenses as not colorable and remanded the case back to state court, DOH Dkt. # 12.

On appeal, the Ninth Circuit affirmed in part, concluding GEO's impermissible discrimination, field preemption, and conflict preemption defenses "fail to clear the low bar of frivolity." DOH Dkt. # 22 at p. 5. The Ninth Circuit nevertheless remanded for this Court to

DEFENDANTS-COUNTERCLAIMANTS'
RESPONSE TO SHOW CAUSE ORDER
RE: CASE CONSOLIDATION
NO. 3:23-cv-05626-BHS

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

conduct an evidentiary hearing to consider whether any facts support GEO's derivative sovereign immunity or direct regulation defenses. *Id.* at 2.

In the midst of briefing for this evidentiary hearing, GEO requested that the Court delay its decision regarding federal jurisdiction because a new contract was forthcoming. DOH Dkt. # 46. After the Department notified the Court that GEO had entered into its new contract with ICE, DOH Dkt. # 50, the Court ordered the parties to file a supplemental round of briefing addressing the effect of GEO's new contract on its defenses, DOH Dkt. # 53.

In March 2026, GEO entered a new contract with ICE to continue to provide "detention, transportation, and food services" for ICE. Dkt. # 77 at p. 46. This contract requires that GEO comply with the 2025 National Detention Standards (NDS). *Id.* at p. 47. The NDS recognizes that GEO must comply with state and local fire codes, state water standards, state garbage and hazardous and infectious waste disposal regulations, state and local food service authorities, state accessibility standards, state criminal mandatory reporting laws, and state public health reporting laws. Dkt. # 84-1 at pp. 11–12, 14, 38, 88, 107, 110, 112, 121, 126, 146, 147. The NDS also implicitly recognizes broader state oversight authority by contemplating "adverse findings" in state citations or licensure actions pertaining to "state and local health, life, safety, and fire codes." *Id.* at 10. It also expects GEO to submit to "state drinking water regulations (including monitoring requirements)." *Id.* at 11.

Like the prior contract, the new contract delineates between ICE Administrative Space and the rest of the GEO facility. *Compare* Dkt. # 10-1 at p. 89, *with* Dkt. # 77 at pp. 52–53. ICE exerts complete control over the "ICE Administrative Space," that houses ICE staff and information. Dkt. # 77 at pp. 52–53. GEO or even law enforcement must obtain preclearance before entering this space. *Id.* at pp. 52, 115. As for GEO's space, GEO must "operate and control all designated points of ingress and egress on the site." *Id.* at p. 62. Members of the public that seek tours or visitation with detainees must submit to background checks as necessary. *Id.* at p. 115; Dkt. # 84-1 at p. 179. The contract does not impose these requirements on state

DEFENDANTS-COUNTERCLAIMANTS'
RESPONSE TO SHOW CAUSE ORDER
RE: CASE CONSOLIDATION
NO. 3:23-cv-05626-BHS

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

health inspectors, or, say, the local fire department in case of a fire. Dkt. # 77 at p. 115; Dkt. # 84-1 at p. 179.

Following GEO's signing of a new contract, this Court found GEO's federal defenses were colorable, denying the State's motion for remand and re-noting the Department's motion for a preliminary injunction and GEO's Rule 19 motion to dismiss for June 26, 2026. DOH Dkt. # 60 at p. 5.

### III.   ARGUMENT

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). This inquiry is a threshold question, but it is not determinative. *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp.2d 1061, 1064–65 (C.D. Cal. 1999) ("The threshold issue, therefore, is whether the actions involve common facts or legal issues."). "Rule 42 does not mandate consolidation simply because two cases happen to involve common questions of law and fact." *Perez v. Gray*, No. 2:21-cv-00095-LK, 2023 WL 3568156, at *1 (W.D. Wash. May 19, 2023). Instead, in deciding whether to consolidate cases, a district court "must 'weigh[ ] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause.'" *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

Here, Court consolidation is not appropriate because the two cases do not involve common questions of law or fact. Although the Department sought inspections at the same facility, they did so under different authorities, to which GEO raises different defenses, on different days, involving different witnesses. Moreover, consolidation would cause delay that is particularly harmful, considering the public health concerns that prompted legislation three years ago.

DEFENDANTS-COUNTERCLAIMANTS'
RESPONSE TO SHOW CAUSE ORDER
RE: CASE CONSOLIDATION
NO. 3:23-cv-05626-BHS

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**A.   Cases Involving Different Parties, Facts, Claims, and Defenses Do Not Meet the Standard for Consolidation**

Although GEO makes the same arguments (again and again), the two cases before the Court are actually quite different, precluding consolidation. Consolidation is only permitted where cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Common questions of law must be central to the case. *See Maschmeijer v. Ingram*, 97 F. Supp. 639, 644 (D.C.N.Y. 1951) (denying consolidation where the only common question was an affirmative defense). This Court has already refused to consolidate cases involving inspections of the Tacoma facility by state agencies that "concern different statutes and, in turn, involve different questions of law and fact." *Wash. Dep't of Lab. & Indus. v. GEO Secure Servs., LLC*, No. 3:24-cv-05095-BHS, 2024 WL 3250426, at *1 (W.D. Wash. July 1, 2024) (denying motion to consolidate lawsuits brought by the Department and Department of Labor and Industries (L&I) to inspect GEO's Tacoma facility).

This case is, at its core, a challenge by GEO to Washington Rev. Code § 70.395, a law establishing minimum standards and inspection requirements for private detention facilities in Washington. The State's counterclaim concerns one subsection of that, Wash. Rev. Code § 70.395.050(2)(b), which requires the Department to "[c]onduct investigations of complaints received relating to any private detention facility." By contrast, the *Department of Health* case is under Wash. Rev. Code § 43.70.170, which is a long-standing law that permits the Department to investigate "condition[s] constituting a threat to the public health." And GEO's defenses to these statutes, to the extent they remain viable, are accordingly different. *Compare The GEO Grp., Inc.*, 151 F.4th at 1116–24 (rejecting every GEO defense except intergovernmental immunity discrimination) *with Wash. Dep't of Health v. The GEO Grp., Inc.*, No. 24-5880, 2025 WL 2986482, at *1–2 (9th Cir. Oct. 23, 2025) (rejecting every GEO defense except derivative sovereign immunity and direct regulation). Because the statutes and defenses are different, this Court should not consolidate.

DEFENDANTS-COUNTERCLAIMANTS'
RESPONSE TO SHOW CAUSE ORDER
RE: CASE CONSOLIDATION
NO. 3:23-cv-05626-BHS

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

Aside from the different questions of law, the two cases are also factually dissimilar. Unlike cases where the Court consolidates cases arising from the same incident, these cases arose from different inspections attempts asserted under different statutes with materially different facts. *See Williams v. Gavin*, 640 Fed. Appx. 152, 155–56 (3d Cir. 2016) (affirming district court's refusal to consolidate where the cases involved different parties and incidents); *Wash. Dep't of Lab. & Indus.*, 2024 WL 3250426, at *1; *cf. Pierce v. San Diego Unified Port District*, No. 3:03-cv-00172-IEG (AJB), 2006 WL 8440784, at *2 (S.D. Cal. Mar. 13, 2006) (consolidating where cases arose from the same incident). Each time the Department has sought inspection access, it has done so on different dates under different authority, involving different witnesses. *Compare* DOH Dkt. # 9 ¶¶ 14–15 *and* DOH Dkt. # 10 ¶¶ 9, 10 *with* Dkt. # 64 ¶¶ 10–14. Without common questions of law or facts, consolidation fails at the threshold.

**B.      Given the Sheer Velocity of Complaints Describing Harmful Conditions, Further Delay Outweighs Any Efficiencies From Consolidation**

Even if this court finds efficiencies from consolidation of the two cases, it should then find that these efficiencies are outweighed by further harm caused by re-noting the State's preliminary injunction, a month later, to June 26. *See, e.g., Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (rejecting consolidation partly because it would delay trial for one case). The State has documented over three thousand complaints that GEO deprived detainees of basic necessities, including worms in detainees' food, raw meat, unsafe drinking water, wet clothes, and air that smells like sewer. Dkt. # 65 ¶¶ 6, 8, 10; Dkt. # 65-1. At the GEO's Tacoma facility, detainees are not safe.[1] They have reported being victims of abuse and sexual assault. Dkt. # 65 ¶ 9. One person reported she was sexually assaulted by an officer in her unit, and that she was not the only one. *Id.* ¶ 10, Ex. A. Another person reported that she was a victim of abuse three times and had become depressed and scared that it

---

[1] The DOJ has recognized that private detention facilities generally pose "a significantly higher rate" of assault. James Austin & Garry Coventry, U.S. DOJ, Off. of Just. Programs, Bureau of Just. Assistance, *Emerging Issues on Privatized Prisons* at 11 (Feb. 2001), https://www.ojp.gov/pdffiles1/bja/181249.pdf.

DEFENDANTS-COUNTERCLAIMANTS'
RESPONSE TO SHOW CAUSE ORDER
RE: CASE CONSOLIDATION
NO. 3:23-cv-05626-BHS

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

could happen again. *Id.* Additionally, the facilities are not maintained, creating health risks for detainees, such as black mold in the showers. Dkt. # 65 ¶ 7. Compounding the threat posed by the conditions GEO has created, detainees complain that GEO is not facilitating access to medical care. Dkt. # 65 ¶ 5.

Given these circumstances, the State respectfully requests that this Court decide the fully briefed issues before it without further delay. Even if this Court orders consolidation, it should not re-note the State's pending preliminary injunction order and instead rule on that motion as swiftly as possible.

### IV.   CONCLUSION

Consolidation is not warranted here, given the different questions of law and fact underlying the cases. Moreover, further delay weighs heavily against judicial convenience.

DATED this 3rd day of June 2026.

NICHOLAS W. BROWN
*Attorney General*

*/s/ Ellen Range*
ELLEN RANGE, WSBA No. 51334
ANDREW HUGHES, WSBA No. 49515
MINA SHAHIN, WSBA No. 46661
*Assistant Attorneys General*
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
Ellen.Range@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Mina.Shahin@atg.wa.gov

MARSHA CHIEN, WSBA No. 47020
*Worker Rights Unit Chief*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
Marsha.Chien@atg.wa.gov

CRISTINA SEPE, WSBA No. 53609
*Deputy Solicitor General*
1125 Washington Street SE
PO Box 40100

DEFENDANTS-COUNTERCLAIMANTS'
RESPONSE TO SHOW CAUSE ORDER
RE: CASE CONSOLIDATION
NO. 3:23-cv-05626-BHS

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

Olympia, WA 98504-0100
360-753-6200
Cristina.Sepe@atg.wa.gov

*Counsel for Defendants*

DEFENDANTS-COUNTERCLAIMANTS'
RESPONSE TO SHOW CAUSE ORDER
RE: CASE CONSOLIDATION
NO. 3:23-cv-05626-BHS

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744