The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

THE GEO GROUP, INC.,

               Plaintiff,

    v.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

               Defendants.

---

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

               Counterclaim Plaintiffs,

    v.

THE GEO GROUP, INC.,

               Counterclaim Defendant.

No. 3:23-cv-05626-BHS

THE GEO GROUP, INC.'S MOTION FOR SANCTIONS UNDER RULE 11

NOTE ON MOTION CALENDAR: JULY 20, 2026

**ORAL ARGUMENT REQUESTED**

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 2

    A.    The State's Own Declaration Shows that the State Knew the Central Allegation in Its Motions—that GEO Denied Access—Was False at the Time of Filing. ................................................................................................ 2

    B.    The Proposed Counterclaim Falsely Contends that GEO Denied Access. .......... 3

    C.    The Motion for Preliminary Injunction and Proposed Order Repeat the Same False Assertion. ................................................................................ 4

    D.    The Access Forms and Current PWS Confirm the True Facts. ........................... 5

    E.    GEO Gave the State a Chance to Correct or Withdraw the Offending Pleadings. ................................................................................................. 6

III.    ARGUMENT .......................................................................................................... 6

    A.    Rule 11 Requires a Reasonable Inquiry Before Making Claims and Prohibits False, Misleading, or Unsupported Factual Allegations. .................... 6

    B.    The State Violated Rule 11(b)(3) by Pleading and Advocating the False Factual Contention that GEO Denied Access. ................................................. 7

    C.    GEO Seeks Sanctions Tailored to the Violation. ............................................... 9

IV.    CONCLUSION ...................................................................................................... 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
   498 U.S. 533 (1991) ...............................................................................................................2, 7

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) ....................................................................................................................7

*Goodyear Tire & Rubber Co. v. Haeger*,
   581 U.S. 101 (2017) ....................................................................................................................9

*Havensight Cap. LLC v. Nike, Inc.*,
   891 F.3d 1167 (9th Cir. 2018) .....................................................................................................9

*Holgate v. Baldwin*,
   425 F.3d 671 (9th Cir. 2005) .......................................................................................................7

*Lake v. Gates*,
   130 F.4th 1064 (9th Cir. 2025) ...............................................................................................7, 10

*Salhotra v. Simpson Mfg. Co.*,
   2026 WL 910204 (9th Cir. Mar. 31, 2026) .................................................................................8

*Townsend v. Holman Consulting Corp.*,
   929 F.2d 1358 (9th Cir. 1990) .....................................................................................................8

**State Statutes**

Wash. Rev. Code § 70.395.050 ..........................................................................................................4

**Rules**

Fed. R. Civ. P. 11 ...................................................................................................................*passim*

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION

For two years, in this case and the related *DOH v. GEO* case, the state has built its arguments on the undeniably false accusation that GEO denied its inspectors access to the Northwest ICE Processing Center in Tacoma. That allegation is central and essential to the state's position in both cases. It is false. It is frivolous. And it is a violation of Federal Rule of Civil Procedure 11. GEO has been forced to spend time and money fighting these false allegations and the arguments built on them. It now seeks sanctions against the state.

Most recently, in their spate of motions, Defendants repeatedly assert that GEO, rather than ICE, denied DOH inspectors access to the NWIPC on March 20 and April 20, 2026. Defendants' unqualified accusation that the decision to deny access was GEO's appears in Defendants' motion for leave to file amended answer and counterclaim (Dkt. 62); their proposed counterclaim (Dkt. 62-1); their motion for preliminary injunction (Dkt. 63); and their proposed order (Dkt. 63-1). Across these four challenged filings, Defendants assert, without qualification, ***more than 20 times*** that GEO denied, refused, or blocked access, even though the sworn testimony in this case, including Defendants' own declaration, establishes that GEO merely routed the inspectors' requests to ICE, that ICE required Seattle Field Office approval for secure-area entry, that ICE alone communicated this decision to DOH, and that the barrier to the state's inspection is the fact that the ICE Field Office has not yet granted approval.

On both occasions, as demonstrated by Defendants' own filings and evidence, GEO Facility Administrator Bruce Scott received the inspectors' requests, asked them to complete access forms, and contacted ICE. ICE Assistant Field Office Director ("AFOD") Matthew Cantrell then told DOH inspectors that access to secure areas required permission from ICE's Seattle Field Office. DOH emailed ICE's Seattle office to request access. ICE did not respond. Dkt. 62 at 6–7; Dkt. 63 at 5–6; Dkt. 64 ¶¶ 11–17.

The proposed counterclaim omits all those facts regarding ICE. It alleges that DOH inspectors sought to inspect on March 20 and April 20, that Washington was stymied, that "GEO

denied access on both occasions," and that "GEO's refusal to permit inspections" violated state law. Dkt. 62-1, Counterclaim ¶¶ 13–15, 21–23. The preliminary injunction motion and proposed order also assert that GEO was the party that denied access and seek coercive relief on that false premise. Dkt. 63 at 1, 5, 7; Dkt. 63-1 at 2.

Rule 11 does not permit a party to plead and advocate a factual premise that it knows to be false. Rule 11(b)(3) prohibits factual contentions without evidentiary support. Rule 11 imposes an affirmative obligation on counsel to conduct a reasonable inquiry to confirm the accuracy of facts before asserting them in pleadings or motions. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 548 (1991). Here, the state did not just fail to investigate its allegation that GEO denied it entry to the NWIPC: it made that assertion in the face of overwhelming evidence that the assertion was false. GEO gave the state the opportunity to correct or withdraw the offending pleadings, but the state refused. The Court should now impose sanctions.

## II.   BACKGROUND

### A.   The State's Own Declaration Shows that the State Knew the Central Allegation in Its Motions—that GEO Denied Access—Was False at the Time of Filing.

Defendants filed the declaration of Joseph D. Laxson in support of the preliminary injunction motion at the same time they filed the proposed counterclaim and motion for preliminary injunction. Dkt. 64. That declaration is the central evidentiary support for Defendants' motion. It also shows Defendants knew the true facts at the time of filing: GEO routed the access requests to ICE, ICE denied access pending Seattle Field Office approval for secure-area access, DOH applied for this access, and ICE had not yet granted approval.

As to the March 20 attempt, Mr. Laxson states that he and another individual arrived at GEO's facility, met GEO staff in the lobby, and spoke with Mr. Scott. *Id.* ¶ 11. Mr. Scott gave him a form to fill out, took the completed form, and "then left to get an ICE agent." *Id.* ICE's AFOD Cantrell then came to the lobby, denied access, and told DOH inspectors "to contact the Seattle office to get access to secure areas." *Id.* ¶ 12. Mr. Laxson told AFOD Cantrell that DOH

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

had not received a response to its prior email to the Seattle office. *Id.* AFOD Cantrell repeated that DOH "had to contact the Seattle office to get access to secure areas." *Id.* Mr. Laxson then emailed the Seattle office on April 3, 2026. *Id.* ¶ 13. He received no response. *Id.*

The same thing happened on April 20. Mr. Laxson states that he and another individual again met with Mr. Scott, again stated that they wanted access to the NWIPC to investigate complaints, and again completed the form. *Id.* ¶ 14. Mr. Scott left. *Id.* AFOD Cantrell came out to speak with the inspectors, denied access, and "again repeated that [the two] had to contact the Seattle office to get access to secure areas." *Id.* ¶ 15. Mr. Laxson reiterated that DOH had not received a response from the Seattle office. *Id.* AFOD Cantrell suggested emailing the ICE Seattle office again and further suggested an in-person visit to that office. *Id.* The Laxson declaration acknowledges that ICE and not GEO is the impediment to the state's inspection: "I do not believe we will ever receive a response from ICE's Seattle office, and we will not be permitted to enter the facility to investigate complaints if we return to the Tacoma facility." *Id.* ¶ 17.

### B.    The Proposed Counterclaim Falsely Contends that GEO Denied Access.

The proposed counterclaim in Defendants' proposed amended answer asserts that GEO violated state law by denying access to DOH inspectors. But it describes each inspection attempt in the same intentionally misleading way. For example:

- "GEO continues to block inspection of its . . . facility." Dkt. 62 at 1.

- "GEO has twice refused entry to Department inspectors." *Id.*

- "GEO initially denied access." *Id.* at 9.

- "GEO once again blocked entry." *Id.*

- "GEO's refusal to permit access plainly violates the statute." *Id.*

For March 20, the counterclaim alleges that DOH inspectors sought to inspect GEO's facility but "were denied access." Dkt. 62-1, Counterclaim ¶ 13. For April 20, it alleges that DOH inspectors again sought to investigate but "were once again denied access." *Id.* ¶ 14. It then alleges that, "[a]s a result," Washington had been "stymied" in enforcing the law. *Id.* ¶ 15. **The**

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**counterclaim never mentions the role of the ICE AFOD in these inspection attempts.** Instead, it assigns the access decision entirely to GEO: "GEO denied access on both occasions," and "GEO's refusal to permit inspections in response to detainee complaints violates Wash. Rev. Code § 70.395.050(2)(b)." *Id.* ¶¶ 22, 23.

This is not a dispute over a heading that overreaches or excess rhetorical emphasis. Defendants drafted and filed a statutory counterclaim whose central factual premise is that GEO denied access and whose central legal claim is that GEO's refusal violated Washington law. Dkt. 62-1, Counterclaim ¶¶ 21–23. At the time of filing, Defendants knew that ICE denied access on both occasions. Defendants intentionally omitted those facts and instead falsely asserted that it was GEO that had done so.

### C. The Motion for Preliminary Injunction and Proposed Order Repeat the Same False Assertion.

In their preliminary injunction motion, Defendants repeat the false allegations that GEO denied, refused, or blocked access. Examples include:

- "GEO Group is now openly defying Washington law." Dkt. 63 at 1.
- "GEO has twice refused entry to Department inspectors." *Id.*
- "GEO Continues to Block Access to Its Tacoma Facility." *Id.* at 5.
- "GEO Is Violating Washington Law by Denying Inspection of Its Tacoma facility." *Id.* at 7.
- "GEO's refusal to permit Department of Health inspectors into its Tacoma facility plainly violates Wash. Rev. Code § 70.395.050(2)(b)." *Id.*
- "Twice, GEO refused." *Id.*

The proposed order imposing an injunction demands relief against GEO alone and on the same false premise. It would enjoin GEO, not ICE, "from denying or refusing access to its Tacoma facility by Washington Department of Health inspectors or otherwise interfering with the Department of Health's enforcement of Wash. Rev. Code § 70.395.050(2)(b)." Dkt. 63-1 at 2. As explained above, the allegations about GEO are false and contradicted by Defendants' own

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

evidence showing that it was ICE that denied access, ICE that directed the inspectors to obtain approval from the Seattle Field Office, and ICE that has been slow in granting that approval. Defendants intentionally omit these facts about ICE in their proposed counterclaim and motion because if they acknowledged them, they would have to explain how an injunction prohibiting GEO from denying access would actually get the DOH inspectors into the facility over ICE's objection. The allegations about GEO denying access were intentional, false, and frivolous.

### D.    The Access Forms and Current PWS Confirm the True Facts.

In addition to the content of Defendants' own declaration, other record evidence in this dispute confirms that Defendants knew the true facts when they filed their motions. For example: The March 20 and April 20 Inspection Access Forms mentioned in Mr. Laxson's declaration show access "Denied," with ICE AFOD Cantrell's signature directly below the denial marking and "U.S. Immigration and Customs Enforcement" below the signature line. Dkt. 73, Ex. A & Ex. C. AFOD Cantrell's declaration states that he—and not GEO—denied access to the DOH inspectors on both occasions and that he also marked and signed both inspection access forms. Dkt. 77, Ex. I ¶¶ 14–31. AFOD Cantrell testifies that after being alerted by GEO, he went to the lobby to speak to DOH officials, without anyone from GEO, both times, *id.* ¶¶ 17, 25, and reviewed and denied, "[o]n behalf of ICE," the inspection attempts, *id.* ¶¶ 16, 18, 24, 26, "GEO did not deny access . . . on either March 20, 2026, or April 20, 2026," because "I denied access on behalf of ICE in the scope of my duties," *id.* ¶ 31.

The CCTV footage further corroborates that ICE denied access. Dkt. 73, Ex. B & Ex. D. The footage shows GEO allowing the DOH inspectors past security into the lobby, asking the DOH inspectors to complete an inspection access form, and then walking the form to ICE. *Id.* It then plainly shows ICE AFOD Cantrell come to the lobby alone and deny access, after which the DOH inspectors leave. *Id.*

The current Performance Work Statement, filed on April 16, 2026 as part of *Washington Department of Health v. The GEO Group, Inc.*, No. 3:24-cv-05639-BHS (W.D. Wash.), Dkt. 52, similarly confirms that access to ICE facilities requires ICE approval. The PWS, also filed here,

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 5

states that "[p]re-clearance approvals are required for access to ICE field staff, facilities and information"; that facilities must notify and seek approval from ICE/ERO of proposed law-enforcement visits; that public contact is prohibited unless authorized in advance by the COR or an ICE-designated official; and that requests by state and local governmental agencies for tours or visits must be submitted to the local ICE/ERO Field Office or ICE's Office of State, Local and Tribal Coordination. Dkt. 77, Ex. F, § 40.0.

### E.    GEO Gave the State a Chance to Correct or Withdraw the Offending Pleadings.

Rule 11(c)(2) requires a party seeking sanctions to file the motion separately from any other motion, and the motion must describe the specific conduct that violates Rule 11(b). Before filing the motion, the party seeking sanctions must serve (but not file) the motion and give the other party 21 days to withdraw or correct the challenged papers. Fed. R. Civ. P. 11(c)(2).

GEO served Defendants with this Rule 11 motion and a safe-harbor letter on June 3, 2026. Declaration of Harry J. F. Korrell, filed concurrently ("Korrell Decl."), ¶ 3 & Ex. A. The letter identified the challenged filings: Dkt. 62, Dkt. 62-1, Dkt. 63, and Dkt. 63-1. *Id.* It identified the specific issue raised here: Defendants' repeated assertion that GEO denied, refused, or blocked DOH access, despite Defendants' own evidence showing that ICE controls secure-area access, ICE requires Seattle Field Office approval for such access, and ICE has not yet granted that approval. *Id.* More than 21 days have passed, and Defendants have not withdrawn or corrected the challenged filings.

## III.    ARGUMENT

### A.    Rule 11 Requires a Reasonable Inquiry Before Making Claims and Prohibits False, Misleading, or Unsupported Factual Allegations.

By presenting a pleading, written motion, or other paper to the Court, an attorney certifies that, after an inquiry reasonable under the circumstances, the factual contentions have evidentiary support and the legal contentions are warranted by existing law or by a nonfrivolous argument to change the law. Fed. R. Civ. P. 11(b)(2), (3). Rule 11 applies both when a paper is presented and when a party later advocates the challenged contention. Fed. R. Civ. P. 11(b). The "central

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

The standard is objective reasonableness. *Bus. Guides, Inc.*, 498 U.S. at 548 ("[A]ny signer must conduct a 'reasonable inquiry' or face sanctions."). Rule 11 sanctions are appropriate where a party presents false, misleading, or unsupported factual assertions in a pleading or preliminary injunction motion after failing to conduct a reasonable inquiry. *Lake v. Gates*, 130 F.4th 1064, 1067 (9th Cir. 2025) (affirming Rule 11 sanctions because counsel made "false, misleading, and unsupported factual assertions in their first amended complaint . . . and motion for preliminary injunction"). "[T]he existence of some supported allegations does not insulate . . . from sanctions based on other, unsupported allegations." *Id.* at 1068.[1]

### B.    The State Violated Rule 11(b)(3) by Pleading and Advocating the False Factual Contention that GEO Denied Access.

Rule 11 requires evidentiary support for Defendants' factual contentions. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (a district court must determine "if the attorney has conducted a reasonable and competent inquiry before signing and filing [a complaint]") (citation omitted). As shown in detail above, Defendants alleged in the proposed counterclaim—without even mentioning ICE—that GEO denied access, that GEO refused to permit inspections, and that GEO violated the statute on that basis. Dkt. 62-1, Counterclaim ¶¶ 21–23. Defendants further based the motion to amend, the preliminary injunction motion, and the proposed order on this false assertion. Dkt. 62 at 1, 7, 9; Dkt. 63 at 1, 5, 7; Dkt. 63-1 at 2. Yet Defendants' own evidence contradicts their central premise: according to their Laxson declaration, DOH attempted to enter; GEO's Mr. Scott routed their request to ICE; ICE AFOD Cantrell told DOH that ICE required Seattle Field Office approval; DOH sought that approval; ICE did not respond; and Mr. Laxson believes DOH will not be permitted to enter because ICE's Seattle office will not respond in the future. Dkt. 64 ¶¶ 11–17. The inspection access forms, the CCTV footage, the Scott Declaration,

---

[1] Rule 11 challenges are not mooted even after the challenged filing is no longer operative. *See Cooter*, 496 U.S. at 398.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

and the Cantrell Declarations confirm that ICE denied access on both occasions. Dkt. 73 ¶¶ 5–8, 14–17 & Exs. A & C; Dkt. 77, Exs. G & I. In the face of all this evidence, Defendants' maintaining that GEO denied access is frivolous.

Moreover, Defendants pursue this false narrative even after they were put on notice by the Ninth Circuit that the omitted facts about ICE are material to GEO's legal claims. In that case, DOH sued GEO to compel access to the same facility. *Wash. Dep't of Health v. GEO Grp., Inc.*, No. 3:24-cv-05639-BHS (W.D. Wash.), Dkt. 22; Korrell Decl., ¶ 6 & Ex. C. In reversing this Court's remand to state court and remanding for an evidentiary hearing, the Ninth Circuit held that several factual disputes were material to the merits of DOH's claim, including "the scope of the authority of the relevant [ICE] employee over access to the facility," "the scope of GEO Group's authority over access to the facility," and "***the mechanics of the denial itself—whether the ICE employee directly denied entry to the Department***, or whether the ICE employee instructed GEO Group to deny entry." *Id.* at 3 (emphasis added). The court held those issues were "relevant to GEO Group's asserted defenses of derivative sovereign immunity and the direct-regulation theory of intergovernmental immunity." *Id.*

Defendants filed the motion to amend, the proposed counterclaim, and the preliminary injunction motion after the Ninth Circuit issued that Memorandum Disposition. They knew that the details of the mechanics of the access denial were directly relevant to the state's claim and GEO's defenses. Their failure even to mention the role of ICE, and the accusation that GEO denied access, are frivolous. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1990) (affirming a district court finding that an amended complaint was frivolous because it continued to bring claims against two defendants who had already shown they "had nothing to do with" the alleged conduct).

Defendants' refusal to withdraw or correct the motion to amend, the proposed counterclaim, the motion for preliminary injunction, and the proposed order warrants sanctions under Rule 11. *See Salhotra v. Simpson Mfg. Co.*, 2026 WL 910204, at *2 (9th Cir. Mar. 31, 2026) (unpublished opinion) (finding the district court did not abuse its discretion in awarding

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 8

sanctions because the complaint "failed to allege basic facts . . . that would have been discovered through a reasonable and competent inquiry," and "[p]laintiffs' repeated failure to respond to pleading issues identified by [d]efendants[.]").

### C.      GEO Seeks Sanctions Tailored to the Violation.

Rule 11 sanctions must be limited to what suffices to deter repetition. Fed. R. Civ. P. 11(c)(4). A sanction may include nonmonetary directives and, if warranted for effective deterrence, an order directing payment of the reasonable attorneys' fees and other expenses directly resulting from the violation. *Id.*

The Court should order Defendants to withdraw or materially correct the challenged contentions and requested relief in Dkts. 62, 62-1, 63, and 63-1. At minimum, the corrected filings should include an accurate description of ICE's role in denying access and ICE's asserted authority over access, and they should remove the assertion that GEO denied, refused, or blocked access.

The Court should also award GEO the reasonable attorneys' fees and costs directly caused by responding to the unsupported premise that GEO made or controlled the access decision and opposing the overbroad injunctive relief that rests on it. *See* Fed. R. Civ. P. 11(c)(4) (sanction may include "an order directing payment . . . of the reasonable attorney's fees and other expenses directly resulting from the violation"); *Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1174 (9th Cir. 2018) (affirming Rule 11 fee sanctions and holding that the district court's findings were "amply supported by the record"; noting that Rule 11 award may include fees and costs "associated with sanctions proceedings") (quoting *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 630 n.4 (9th Cir. 2017)). Fees incurred preparing this motion are recoverable too because they directly resulted from the Rule 11 violation. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 & n.5 (2017) (holding that attorneys' fees "must be compensatory" in nature).

Such a sanction and award would redress the Rule 11 violation. It would require Defendants to litigate their claim based on facts that are undoubtedly true and supported by the

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

record. And it would deter the state from further false assertions about GEO's role in deciding whether DOH inspectors may enter the NWIPC. The award of fees, in particular, is justified because of the willful nature of the state's misrepresentation of facts it knew were material to its claims and GEO's defenses. *Lake*, 130 F.4th at 1070 ("Ensuring that attorneys do not abuse the court process by filing misleading and false claims is a legitimate function of Rule 11[.]").

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant GEO's motion for sanctions, require withdrawal or correction of the offending pleadings, and award GEO its reasonable attorneys' fees incurred in opposing the motion to amend and motion for preliminary injunction and in bringing this motion for sanctions.

DATED this 29th day of June, 2026.

*I hereby certify this memorandum contains 3,382 words in compliance with the Local Civil Rules.*

Davis Wright Tremaine LLP

By  *s/ Harry J.F. Korrell*
    Harry J. F. Korrell, WSBA #23173
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: 206-622-3150
    Email: HarryKorrell@dwt.com

The GEO Group, Inc.

By  *s/ Scott Schipma*
    Scott Schipma (Admitted *pro hac vice*)
    4955 Technology Way
    Boca Raton, FL 33431
    Phone:  561-999-7615
    Email: scott.schipma@geogroup.com

*Attorneys for Plaintiff and Counterclaim Defendant The GEO Group, Inc.*

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I certify that on June 4, 2026, I served or caused to be served the foregoing The GEO Group, Inc.'s Motion for Sanctions Under Federal Rule of Civil Procedure 11 on counsel for Defendants by email and US Mail pursuant to Federal Rule of Civil Procedure 5(b) and 11(c)(2).

MARSHA CHIEN
Worker Rights Unit Chief
Worker Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Marsha.Chien@atg.wa.gov

CRISTINA SEPE
Deputy Solicitor General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Email: Cristina.Sepe@atg.wa.gov

ELLEN RANGE
ANDREW HUGHES
MINA SHAHIN
Assistant Attorneys General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Email: Ellen.Range@atg.wa.gov
       Andrew.Hughes@atg.wa.gov
       Mina.Shahin@atg.wa.gov

DATED this 29th day of June, 2026.


                              s/ Brith Croghan
                                Executive Legal Assistant


GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax