The Honorable Benjamin H. Settle

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

THE GEO GROUP, INC.,

          Plaintiff,

    v.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

          Defendants.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

          Counterclaim Plaintiffs,

    v.

THE GEO GROUP, INC.,

          Counterclaim Defendant.

No. 3:23-cv-05626-BHS

**DECLARATION OF
HARRY J. F. KORRELL**

DECLARATION OF HARRY J. F. KORRELL

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## DECLARATION OF HARRY J. F. KORRELL

I, Harry J. F. Korrell, declare as follows:

1.      I am over the age of 18 and otherwise competent to testify in this matter. I execute this declaration in support of the Motion for Sanctions Under Rule 11 filed by The GEO Group, Inc. ("GEO").

2.      I am a partner at the law firm Davis Wright Tremaine LLP and counsel for GEO in this matter.

3.      On June 3, 2026, GEO served Defendants with a safe-harbor letter pursuant to Federal Rule of Civil Procedure 11(c)(2). Attached as **Exhibit A** is a true and correct copy of the safe-harbor letter. A true and correct copy of the motion is enclosed with the letter.

4.      Attached as **Exhibit B** is the transmittal email containing both the safe-harbor letter and Rule 11 motion.

5.      On June 25, 2026, Defendants informed GEO that they declined to withdraw or correct the filings challenged in the motion.

6.      Attached as **Exhibit C** is a true and correct copy of the Ninth Circuit's Memorandum Disposition in the DOH matter. *See Wash. Dep't of Health v. The GEO Grp., Inc.*, No. 3:24-cv-05639-BHS, Dkt. 22.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing statements are true and correct.

Executed this 29th day of June, 2026, at Seattle, Washington.


                                    *s/ Harry J.F. Korrell*
                                    Harry J. F. Korrell

DECLARATION OF HARRY J. F. KORRELL - 1

# EXHIBIT A

 Davis Wright Tremaine LLP

Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610

**Harry J. F. Korrell**
206.757.8080 tel
HarryKorrell@dwt.com

June 4, 2026

*VIA EMAIL*

Andrew Hughes
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Email: andrew.hughes@atg.wa.gov

   Re:  **Rule 11 Safe-Harbor Notice Regarding Dkts. 62, 62-1, 63, and 63-1**

Dear Counsel:

  We write on behalf of The GEO Group, Inc. concerning Defendants' Motion to Lift Stay and for Leave to File Amended Answer and Counterclaim, Dkt. 62; the proposed amended answer and counterclaim, Dkt. 62-1; Defendants-Counterclaimants' Motion for Preliminary Injunction, Dkt. 63 ("PI motion"); and the proposed preliminary-injunction order, Dkt. 63-1. This letter is served pursuant to Federal Rule of Civil Procedure 11(c)(2). Enclosed is a service copy of GEO's Rule 11 motion challenging these filings. GEO will not file the motion if Defendants withdraw or materially correct the challenged filings within Rule 11's 21-day safe-harbor period.

  The challenged filings repeatedly assert a factual premise Defendants' own evidence defeats: that GEO denied DOH inspectors access. GEO does not dispute that DOH was denied access on March 20 and April 20, 2026. The problem is that Defendants repeatedly recast that fact as if GEO made the access decision. That is not what Defendants' own record evidence says.

  Defendants assert ***more than 20 times*** across the challenged filings that ***GEO*** denied, refused, or blocked access. These statements are false. Defendants' own declaration shows that GEO escalated the access requests to ICE, and ICE required Seattle Field Office approval for secure-area access. Whatever Defendants' position on the legality of ICE's response, they cannot in good faith translate an ICE decision about access into a statutory violation by GEO.

  The Laxson declaration filed by Defendants is straightforward. On March 20, DOH attempted to enter the facility. GEO facility administrator Bruce Scott contacted ICE about the request. ICE Assistant Field Office Director Matthew Cantrell then instructed DOH that access to secure areas required Seattle Field Office approval. Dkt. 64 ¶¶ 11–12. On April 20, the same

Andrew Hughes
June 4, 2026
Page 2

thing happened. *Id.* ¶¶ 14–15. Mr. Laxson then admits the actual impediment: "**I do not believe we will ever receive a response from ICE's Seattle office, and we will not be permitted to enter the facility to investigate complaints if we return to the Tacoma facility.**" *Id.* ¶ 17 (emphasis added). On Defendants' own record, it is clear Defendants—and you—understand that ICE approval is necessary for access and that ICE, not GEO, denied access to DOH inspectors.

Defendants' proffered testimony is confirmed by the March 20 Inspection Access Form, which GEO filed in the related DOH matter. *See Wash. Dep't of Health v. GEO Grp., Inc.*, No. 3:24-cv-05639-BHS (W.D. Wash. Mar. 20, 2026), Dkt. 47-1. The Inspection Access Form clearly shows that ICE denied access, with ICE Assistant Field Office Director Matthew Cantrell's signature directly below the denial marking. Defendants were on notice that ICE denied access. The current ICE/GEO Performance Work Statement, publicly filed in the related DOH action (No. 3:24-cv-05639-BHS, Dkt. 52), further confirms what Defendants' own evidence already shows: ICE controls access to its facilities, detainees, and information, and state inspection requests must be routed through ICE.

But the papers submitted to the Court by Defendants tell the Court a different, misleading story. The motion to amend falsely asserts that "GEO continues to block inspection" and that GEO acted in "brazen disregard" of Washington law. Dkt. 62 at 1–2. The PI motion repeats that GEO is "openly defying Washington law" and "continues to block access." Dkt. 63 at 1, 5 (capitalization omitted). The proposed counterclaim alleges that DOH inspectors "were denied access" and that "GEO denied access on both occasions" in violation of the statute. Dkt. 62-1, Counterclaim ¶¶ 13–15, 22–23 (falsely claiming "GEO denied access on both occasions").

The PI motion is internally inconsistent. The facts section, citing Mr. Laxson, recounts that Mr. Cantrell from ICE told DOH employees "they are not allowed to enter secure areas without permission from the Seattle office." Dkt. 63 at 6. The argument section then treats GEO, not ICE, as the decisionmaker and seeks affirmative and disfavored mandatory injunctive relief against GEO, not ICE, on that basis. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (mandatory injunction requiring party to take action carries "doubly demanding" "burden": movant "must establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed").

Despite the uncontroverted evidence, including evidence submitted by Defendants, that ICE denied DOH access, Defendants' motion asks the Court to enjoin ***GEO*** from "denying or refusing access" and from "otherwise interfering" with DOH's enforcement of RCW 70.395.050(2)(b), and to require GEO to provide written notice of the order to all facility employees within 48 hours. Dkt. 63-1 at 2. The contentions that GEO denied access, and any requested relief that depends on that assertion, should be immediately withdrawn or materially corrected under Rule 11(b)(2) and Rule 11(b)(3).

Andrew Hughes
June 4, 2026
Page 3


       If Defendants do not withdraw or materially correct the challenged filings within Rule 11's safe-harbor period, GEO reserves all rights to file the enclosed motion, including its request for reasonable fees and costs caused by responding to the unsupported premise and overbroad proposed relief. Nothing in this letter waives GEO's right to oppose Defendants' motions, challenge the proposed counterclaim, assert federal defenses, seek fees or sanctions under other authority, or pursue any other available remedy.

Sincerely,

Davis Wright Tremaine LLP

Harry J. F. Korrell



Enclosure:    Service copy of GEO's Motion for Sanctions Under Federal Rule of Civil Procedure 11 with supporting declaration and proposed order

The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

THE GEO GROUP, INC.,

                  Plaintiff,

    v.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

                  Defendants.

_____

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

              Counterclaim Plaintiffs,
    v.

THE GEO GROUP, INC.,

              Counterclaim Defendant.

No. 3:23-cv-05626-BHS

THE GEO GROUP, INC.'S MOTION FOR SANCTIONS UNDER RULE 11

NOTE ON MOTION CALENDAR:
_____, 2026

**ORAL ARGUMENT REQUESTED**

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS)

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND ............................................................................................ 2

    A.    The State's Own Declaration Shows that the State Knew the Central Allegation in Its Motions—that GEO Denied Access—Was False at the Time of Filing. .......................................................................................... 2

    B.    The Proposed Counterclaim Falsely Contends that GEO Denied Access. .......... 3

    C.    The Motion for Preliminary Injunction and Proposed Order Repeat the Same False Assertion. ..................................................................... 4

    D.    The Access Forms and Current PWS Confirm the True Facts. ........................... 5

    E.    GEO Gave the State a Chance to Correct or Withdraw the Offending Pleadings. ................................................................................................... 6

III.  ARGUMENT .................................................................................................. 6

    A.    Rule 11 Requires a Reasonable Inquiry Before Making Claims and Prohibits False, Misleading, or Unsupported Factual Allegations. ...................... 6

    B.    The State Violated Rule 11(b)(3) by Pleading and Advocating the False Factual Contention that GEO Denied Access. ..................................................... 7

    C.    GEO Seeks Sanctions Tailored to the Violation. ................................................ 9

IV.   CONCLUSION ............................................................................................... 10

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
    498 U.S. 533 (1991) ...............................................................................................2, 7

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990) .....................................................................................................7

*Goodyear Tire & Rubber Co. v. Haeger*,
    581 U.S. 101 (2017) .....................................................................................................9

*Havensight Cap. LLC v. Nike, Inc.*,
    891 F.3d 1167 (9th Cir. 2018) ......................................................................................9

*Holgate v. Baldwin*,
    425 F.3d 671 (9th Cir. 2005) ........................................................................................7

*Lake v. Gates*,
    130 F.4th 1064 (9th Cir. 2025) .................................................................................7, 10

*Salhotra v. Simpson Mfg. Co.*,
    2026 WL 910204 (9th Cir. Mar. 31, 2026) ...................................................................8

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir. 1990) ......................................................................................8

**State Statutes**

Wash. Rev. Code § 70.395.050 ............................................................................................4

**Rules**

Fed. R. Civ. P. 11 ...................................................................................................*passim*

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.   INTRODUCTION

For two years, in this case and the related *DOH v. GEO* case, the state has built its arguments on the undeniably false accusation that GEO denied its inspectors access to the Northwest ICE Processing Center in Tacoma. That allegation is central and essential to the state's position in both cases. It is false. It is frivolous. And it is a violation of Federal Rule of Civil Procedure 11. GEO has been forced to spend time and money fighting these false allegations and the arguments built on them. It now seeks sanctions against the state.

Most recently, in their spate of motions, Defendants repeatedly assert that GEO, rather than ICE, denied DOH inspectors access to the NWIPC on March 20 and April 20, 2026. Defendants' unqualified accusation that the decision to deny access was GEO's appears in Defendants' motion for leave to file amended answer and counterclaim (Dkt. 62); their proposed counterclaim (Dkt. 62-1); their motion for preliminary injunction (Dkt. 63); and their proposed order (Dkt. 63-1). Across these four challenged filings, Defendants assert, without qualification, ***more than 20 times*** that GEO denied, refused, or blocked access, even though the sworn testimony in this case, including Defendants' own declaration, establishes that GEO merely routed the inspectors' requests to ICE, that ICE required Seattle Field Office approval for secure-area entry, that ICE alone communicated this decision to DOH, and that the barrier to the state's inspection is the fact that the ICE Field Office has not yet granted approval.

On both occasions, as demonstrated by Defendants' own filings and evidence, GEO Facility Administrator Bruce Scott received the inspectors' requests, asked them to complete access forms, and contacted ICE. ICE Assistant Field Office Director ("AFOD") Matthew Cantrell then told DOH inspectors that access to secure areas required permission from ICE's Seattle Field Office. DOH emailed ICE's Seattle office to request access. ICE did not respond. Dkt. 62 at 6–7; Dkt. 63 at 5–6; Dkt. 64 ¶¶ 11–17.

The proposed counterclaim omits all those facts regarding ICE. It alleges that DOH inspectors sought to inspect on March 20 and April 20, that Washington was stymied, that "GEO

denied access on both occasions," and that "GEO's refusal to permit inspections" violated state law. Dkt. 62-1, Counterclaim ¶¶ 13–15, 21–23. The preliminary injunction motion and proposed order also assert that GEO was the party that denied access and seek coercive relief on that false premise. Dkt. 63 at 1, 5, 7; Dkt. 63-1 at 2.

Rule 11 does not permit a party to plead and advocate a factual premise that it knows to be false. Rule 11(b)(3) prohibits factual contentions without evidentiary support. Rule 11 imposes an affirmative obligation on counsel to conduct a reasonable inquiry to confirm the accuracy of facts before asserting them in pleadings or motions. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 548 (1991). Here, the state did not just fail to investigate its allegation that GEO denied it entry to the NWIPC: it made that assertion in the face of overwhelming evidence that the assertion was false. GEO gave the state the opportunity to correct or withdraw the offending pleadings, but the state refused. The Court should now impose sanctions.

## II.    BACKGROUND

### A.    The State's Own Declaration Shows that the State Knew the Central Allegation in Its Motions—that GEO Denied Access—Was False at the Time of Filing.

Defendants filed the declaration of Joseph D. Laxson in support of the preliminary injunction motion at the same time they filed the proposed counterclaim and motion for preliminary injunction. Dkt. 64. That declaration is the central evidentiary support for Defendants' motion. It also shows Defendants knew the true facts at the time of filing: GEO routed the access requests to ICE, ICE denied access pending Seattle Field Office approval for secure-area access, DOH applied for this access, and ICE had not yet granted approval.

As to the March 20 attempt, Mr. Laxson states that he and another individual arrived at GEO's facility, met GEO staff in the lobby, and spoke with Mr. Scott. *Id.* ¶ 11. Mr. Scott gave him a form to fill out, took the completed form, and "then left to get an ICE agent." *Id.* ICE's AFOD Cantrell then came to the lobby, denied access, and told DOH inspectors "to contact the Seattle office to get access to secure areas." *Id.* ¶ 12. Mr. Laxson told AFOD Cantrell that DOH

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

had not received a response to its prior email to the Seattle office. *Id.* AFOD Cantrell repeated that DOH "had to contact the Seattle office to get access to secure areas." *Id.* Mr. Laxson then emailed the Seattle office on April 3, 2026. *Id.* ¶ 13. He received no response. *Id.*

The same thing happened on April 20. Mr. Laxson states that he and another individual again met with Mr. Scott, again stated that they wanted access to the NWIPC to investigate complaints, and again completed the form. *Id.* ¶ 14. Mr. Scott left. *Id.* AFOD Cantrell came out to speak with the inspectors, denied access, and "again repeated that [the two] had to contact the Seattle office to get access to secure areas." *Id.* ¶ 15. Mr. Laxson reiterated that DOH had not received a response from the Seattle office. *Id.* AFOD Cantrell suggested emailing the ICE Seattle office again and further suggested an in-person visit to that office. *Id.* The Laxson declaration acknowledges that ICE and not GEO is the impediment to the state's inspection: "I do not believe we will ever receive a response from ICE's Seattle office, and we will not be permitted to enter the facility to investigate complaints if we return to the Tacoma facility." *Id.* ¶ 17.

### B.     The Proposed Counterclaim Falsely Contends that GEO Denied Access.

The proposed counterclaim in Defendants' proposed amended answer asserts that GEO violated state law by denying access to DOH inspectors. But it describes each inspection attempt in the same intentionally misleading way. For example:

- "GEO continues to block inspection of its . . . facility." Dkt. 62 at 1.

- "GEO has twice refused entry to Department inspectors." *Id.*

- "GEO initially denied access." *Id.* at 9.

- "GEO once again blocked entry." *Id.*

- "GEO's refusal to permit access plainly violates the statute." *Id.*

For March 20, the counterclaim alleges that DOH inspectors sought to inspect GEO's facility but "were denied access." Dkt. 62-1, Counterclaim ¶ 13. For April 20, it alleges that DOH inspectors again sought to investigate but "were once again denied access." *Id.* ¶ 14. It then alleges that, "[a]s a result," Washington had been "stymied" in enforcing the law. *Id.* ¶ 15. **The**

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 3

**counterclaim never mentions the role of the ICE AFOD in these inspection attempts.** Instead, it assigns the access decision entirely to GEO: "GEO denied access on both occasions," and "GEO's refusal to permit inspections in response to detainee complaints violates Wash. Rev. Code § 70.395.050(2)(b)." *Id.* ¶¶ 22, 23.

This is not a dispute over a heading that overreaches or excess rhetorical emphasis. Defendants drafted and filed a statutory counterclaim whose central factual premise is that GEO denied access and whose central legal claim is that GEO's refusal violated Washington law. Dkt. 62-1, Counterclaim ¶¶ 21–23. At the time of filing, Defendants knew that ICE denied access on both occasions. Defendants intentionally omitted those facts and instead falsely asserted that it was GEO that had done so.

### C.    The Motion for Preliminary Injunction and Proposed Order Repeat the Same False Assertion.

In their preliminary injunction motion, Defendants repeat the false allegations that GEO denied, refused, or blocked access. Examples include:

- "GEO Group is now openly defying Washington law." Dkt. 63 at 1.

- "GEO has twice refused entry to Department inspectors." *Id.*

- "GEO Continues to Block Access to Its Tacoma Facility." *Id.* at 5.

- "GEO Is Violating Washington Law by Denying Inspection of Its Tacoma facility." *Id.* at 7.

- "GEO's refusal to permit Department of Health inspectors into its Tacoma facility plainly violates Wash. Rev. Code § 70.395.050(2)(b)." *Id.*

- "Twice, GEO refused." *Id.*

The proposed order imposing an injunction demands relief against GEO alone and on the same false premise. It would enjoin GEO, not ICE, "from denying or refusing access to its Tacoma facility by Washington Department of Health inspectors or otherwise interfering with the Department of Health's enforcement of Wash. Rev. Code § 70.395.050(2)(b)." Dkt. 63-1 at 2. As explained above, the allegations about GEO are false and contradicted by Defendants' own

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

evidence showing that it was ICE that denied access, ICE that directed the inspectors to obtain approval from the Seattle Field Office, and ICE that has been slow in granting that approval. Defendants intentionally omit these facts about ICE in their proposed counterclaim and motion because if they acknowledged them, they would have to explain how an injunction prohibiting GEO from denying access would actually get the DOH inspectors into the facility over ICE's objection. The allegations about GEO denying access were intentional, false, and frivolous.

### D. The Access Forms and Current PWS Confirm the True Facts.

In addition to the content of Defendants' own declaration, other record evidence in this dispute confirms that Defendants knew the true facts when they filed their motions. For example: The March 20 and April 20 Inspection Access Forms mentioned in Mr. Laxson's declaration show access "Denied," with ICE AFOD Cantrell's signature directly below the denial marking and "U.S. Immigration and Customs Enforcement" below the signature line. Dkt. 73, Ex. A & Ex. C. AFOD Cantrell's declaration states that he—and not GEO—denied access to the DOH inspectors on both occasions and that he also marked and signed both inspection access forms. Dkt. 77, Ex. I ¶¶ 14–31. AFOD Cantrell testifies that after being alerted by GEO, he went to the lobby to speak to DOH officials, without anyone from GEO, both times, *id.* ¶¶ 17, 25, and reviewed and denied, "[o]n behalf of ICE," the inspection attempts, *id.* ¶¶ 16, 18, 24, 26, "GEO did not deny access . . . on either March 20, 2026, or April 20, 2026," because "I denied access on behalf of ICE in the scope of my duties," *id.* ¶ 31.

The CCTV footage further corroborates that ICE denied access. Dkt. 73, Ex. B & Ex. D. The footage shows GEO allowing the DOH inspectors past security into the lobby, asking the DOH inspectors to complete an inspection access form, and then walking the form to ICE. *Id.* It then plainly shows ICE AFOD Cantrell come to the lobby alone and deny access, after which the DOH inspectors leave. *Id.*

The current Performance Work Statement, filed on April 16, 2026 as part of *Washington Department of Health v. The GEO Group, Inc.*, No. 3:24-cv-05639-BHS (W.D. Wash.), Dkt. 52, similarly confirms that access to ICE facilities requires ICE approval. The PWS, also filed here,

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 5

states that "[p]re-clearance approvals are required for access to ICE field staff, facilities and information"; that facilities must notify and seek approval from ICE/ERO of proposed law-enforcement visits; that public contact is prohibited unless authorized in advance by the COR or an ICE-designated official; and that requests by state and local governmental agencies for tours or visits must be submitted to the local ICE/ERO Field Office or ICE's Office of State, Local and Tribal Coordination. Dkt. 77, Ex. F, § 40.0.

### E.    GEO Gave the State a Chance to Correct or Withdraw the Offending Pleadings.

Rule 11(c)(2) requires a party seeking sanctions to file the motion separately from any other motion, and the motion must describe the specific conduct that violates Rule 11(b). Before filing the motion, the party seeking sanctions must serve (but not file) the motion and give the other party 21 days to withdraw or correct the challenged papers. Fed. R. Civ. P. 11(c)(2).

GEO served Defendants with this Rule 11 motion and a safe-harbor letter on June 3, 2026. Declaration of Harry J. F. Korrell, filed concurrently ("Korrell Decl."), ¶ 3 & Ex. A. The letter identified the challenged filings: Dkt. 62, Dkt. 62-1, Dkt. 63, and Dkt. 63-1. *Id.* It identified the specific issue raised here: Defendants' repeated assertion that GEO denied, refused, or blocked DOH access, despite Defendants' own evidence showing that ICE controls secure-area access, ICE requires Seattle Field Office approval for such access, and ICE has not yet granted that approval. *Id.* More than 21 days have passed, and Defendants have not withdrawn or corrected the challenged filings.

### III.    ARGUMENT

### A.    Rule 11 Requires a Reasonable Inquiry Before Making Claims and Prohibits False, Misleading, or Unsupported Factual Allegations.

By presenting a pleading, written motion, or other paper to the Court, an attorney certifies that, after an inquiry reasonable under the circumstances, the factual contentions have evidentiary support and the legal contentions are warranted by existing law or by a nonfrivolous argument to change the law. Fed. R. Civ. P. 11(b)(2), (3). Rule 11 applies both when a paper is presented and when a party later advocates the challenged contention. Fed. R. Civ. P. 11(b).The "central

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

The standard is objective reasonableness. *Bus. Guides, Inc.*, 498 U.S. at 548 ("[A]ny signer must conduct a 'reasonable inquiry' or face sanctions."). Rule 11 sanctions are appropriate where a party presents false, misleading, or unsupported factual assertions in a pleading or preliminary injunction motion after failing to conduct a reasonable inquiry. *Lake v. Gates*, 130 F.4th 1064, 1067 (9th Cir. 2025) (affirming Rule 11 sanctions because counsel made "false, misleading, and unsupported factual assertions in their first amended complaint . . . and motion for preliminary injunction"). "[T]he existence of some supported allegations does not insulate . . . from sanctions based on other, unsupported allegations." *Id.* at 1068.[1]

### B.   The State Violated Rule 11(b)(3) by Pleading and Advocating the False Factual Contention that GEO Denied Access.

Rule 11 requires evidentiary support for Defendants' factual contentions. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (a district court must determine "if the attorney has conducted a reasonable and competent inquiry before signing and filing [a complaint]") (citation omitted). As shown in detail above, Defendants alleged in the proposed counterclaim—without even mentioning ICE—that GEO denied access, that GEO refused to permit inspections, and that GEO violated the statute on that basis. Dkt. 62-1, Counterclaim ¶¶ 21–23. Defendants further based the motion to amend, the preliminary injunction motion, and the proposed order on this false assertion. Dkt. 62 at 1, 7, 9; Dkt. 63 at 1, 5, 7; Dkt. 63-1 at 2. Yet Defendants' own evidence contradicts their central premise: according to their Laxson declaration, DOH attempted to enter; GEO's Mr. Scott routed their request to ICE; ICE AFOD Cantrell told DOH that ICE required Seattle Field Office approval; DOH sought that approval; ICE did not respond; and Mr. Laxson believes DOH will not be permitted to enter because ICE's Seattle office will not respond in the future. Dkt. 64 ¶¶ 11–17. The inspection access forms, the CCTV footage, the Scott Declaration,

---

[1] Rule 11 challenges are not mooted even after the challenged filing is no longer operative. *See Cooter*, 496 U.S. at 398.

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and the Cantrell Declarations confirm that ICE denied access on both occasions. Dkt. 73 ¶¶ 5–8, 14–17 & Exs. A & C; Dkt. 77, Exs. G & I. In the face of all this evidence, Defendants' maintaining that GEO denied access is frivolous.

Moreover, Defendants pursue this false narrative even after they were put on notice by the Ninth Circuit that the omitted facts about ICE are material to GEO's legal claims. In that case, DOH sued GEO to compel access to the same facility. *Wash. Dep't of Health v. GEO Grp., Inc.*, No. 3:24-cv-05639-BHS (W.D. Wash.), Dkt. 22; Korrell Decl., ¶ 7 & Ex. D. In reversing this Court's remand to state court and remanding for an evidentiary hearing, the Ninth Circuit held that several factual disputes were material to the merits of DOH's claim, including "the scope of the authority of the relevant [ICE] employee over access to the facility," "the scope of GEO Group's authority over access to the facility," and "*the mechanics of the denial itself— whether the ICE employee directly denied entry to the Department*, or whether the ICE employee instructed GEO Group to deny entry." *Id.* at 3 (emphasis added). The court held those issues were "relevant to GEO Group's asserted defenses of derivative sovereign immunity and the direct-regulation theory of intergovernmental immunity." *Id.*

Defendants filed the motion to amend, the proposed counterclaim, and the preliminary injunction motion after the Ninth Circuit issued that Memorandum Disposition. They knew that the details of the mechanics of the access denial were directly relevant to the state's claim and GEO's defenses. Their failure even to mention the role of ICE, and the accusation that GEO denied access, are frivolous. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1990) (affirming a district court finding that an amended complaint was frivolous because it continued to bring claims against two defendants who had already shown they "had nothing to do with" the alleged conduct).

Defendants' refusal to withdraw or correct the motion to amend, the proposed counterclaim, the motion for preliminary injunction, and the proposed order warrants sanctions under Rule 11. *See Salhotra v. Simpson Mfg. Co.*, 2026 WL 910204, at *2 (9th Cir. Mar. 31, 2026) (unpublished opinion) (finding the district court did not abuse its discretion in awarding

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

sanctions because the complaint "failed to allege basic facts . . . that would have been discovered through a reasonable and competent inquiry," and "[p]laintiffs' repeated failure to respond to pleading issues identified by [d]efendants[.]").

### C.   GEO Seeks Sanctions Tailored to the Violation.

Rule 11 sanctions must be limited to what suffices to deter repetition. Fed. R. Civ. P. 11(c)(4). A sanction may include nonmonetary directives and, if warranted for effective deterrence, an order directing payment of the reasonable attorneys' fees and other expenses directly resulting from the violation. *Id.*

The Court should order Defendants to withdraw or materially correct the challenged contentions and requested relief in Dkts. 62, 62-1, 63, and 63-1. At minimum, the corrected filings should include an accurate description of ICE's role in denying access and ICE's asserted authority over access, and they should remove the assertion that GEO denied, refused, or blocked access.

The Court should also award GEO the reasonable attorneys' fees and costs directly caused by responding to the unsupported premise that GEO made or controlled the access decision and opposing the overbroad injunctive relief that rests on it. *See* Fed. R. Civ. P. 11(c)(4) (sanction may include "an order directing payment . . . of the reasonable attorney's fees and other expenses directly resulting from the violation"); *Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1174 (9th Cir. 2018) (affirming Rule 11 fee sanctions and holding that the district court's findings were "amply supported by the record"; noting that Rule 11 award may include fees and costs "associated with sanctions proceedings") (quoting *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 630 n.4 (9th Cir. 2017)). Fees incurred preparing this motion are recoverable too because they directly resulted from the Rule 11 violation. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 & n.5 (2017) (holding that attorneys' fees "must be compensatory" in nature).

Such a sanction and award would redress the Rule 11 violation. It would require Defendants to litigate their claim based on facts that are undoubtedly true and supported by the

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

record. And it would deter the state from further false assertions about GEO's role in deciding whether DOH inspectors may enter the NWIPC. The award of fees, in particular, is justified because of the willful nature of the state's misrepresentation of facts it knew were material to its claims and GEO's defenses. *Lake*, 130 F.4th at 1070 ("Ensuring that attorneys do not abuse the court process by filing misleading and false claims is a legitimate function of Rule 11[.]").

## IV. CONCLUSION

For the foregoing reasons, the Court should grant GEO's motion for sanctions, require withdrawal or correction of the offending pleadings, and award GEO its reasonable attorneys' fees incurred in opposing the motion to amend and motion for preliminary injunction and in bringing this motion for sanctions.

DATED this 4th day of June, 2026.

*I hereby certify this memorandum contains 3,381 words in compliance with the Local Civil Rules.*

Davis Wright Tremaine LLP

By ___*s/ Harry J.F. Korrell*___
Harry J. F. Korrell, WSBA #23173
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
Email: HarryKorrell@dwt.com

The GEO Group, Inc.

By ___*s/ Scott Schipma*___
Scott Schipma (Admitted *pro hac vice*)
4955 Technology Way
Boca Raton, FL 33431
Phone: 561-999-7615
Email: scott.schipma@geogroup.com

*Attorneys for Plaintiff and Counterclaim Defendant The GEO Group, Inc.*

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 10

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2026, I served or caused to be served the foregoing The GEO Group, Inc.'s Motion for Sanctions Under Federal Rule of Civil Procedure 11 on counsel for Defendants by email and overnight mail, pursuant to Federal Rule of Civil Procedure 5(b) and 11(c)(2).

MARSHA CHIEN
Worker Rights Unit Chief
Worker Rights Unit
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Marsha.Chien@atg.wa.gov

CRISTINA SEPE
Deputy Solicitor General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Email: Cristina.Sepe@atg.wa.gov

ELLEN RANGE
ANDREW HUGHES
MINA SHAHIN
Assistant Attorneys General
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Email: Ellen.Range@atg.wa.gov
        Andrew.Hughes@atg.wa.gov
        Mina.Shahin@atg.wa.gov

DATED this 4th day of June, 2026.

*s/ Brith Croghan*
Executive Legal Assistant

GEO GROUP'S MOTION FOR SANCTIONS
UNDER RULE 11 (3:23-cv-05626-BHS) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

The Honorable Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE GEO GROUP, INC.,

                 Plaintiff,

     v.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

                 Defendants.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

                 Counterclaim Plaintiffs,

     v.

THE GEO GROUP, INC.,

                 Counterclaim Defendant.

No. 3:23-cv-05626-BHS

**DECLARATION OF HARRY J. F. KORRELL**

DECLARATION OF HARRY J. F. KORRELL

## <u>DECLARATION OF HARRY J. F. KORRELL</u>

I, Harry J. F. Korrell, declare as follows:

1.    I am over the age of 18 and otherwise competent to testify in this matter. I execute this declaration in support of the Motion for Sanctions Under Rule 11 filed by The GEO Group, Inc. ("GEO").

2.    I am a partner at the law firm Davis Wright Tremaine LLP and counsel for GEO in this matter.

3.    On June 3, 2026, GEO served Defendants with a safe-harbor letter pursuant to Federal Rule of Civil Procedure 11(c)(2). Attached as **Exhibit A** is a true and correct copy of the safe-harbor letter.

4.    Attached as **Exhibit B** is a true and correct copy of the motion as served on Defendants on June 3, 2026, with the safe-harbor letter.

5.    Attached as **Exhibit C** is the transmittal email containing both the safe-harbor letter and the Rule 11 motion.

6.    Defendants have declined to withdraw or correct the filings challenged in GEO's motion.

7.    Attached as **Exhibit D** is a true and correct copy of the Ninth Circuit's Memorandum Disposition in the DOH matter. *See Wash. Dep't of Health v. The GEO Grp., Inc.*, No. 3:24-cv-05639-BHS, Dkt. 22.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing statements are true and correct.

Executed this __ day of June, 2026, at Seattle, Washington.


*/s/ DRAFT*
Harry J. F. Korrell

DECLARATION OF HARRY J. F. KORRELL - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

THE GEO GROUP, INC.,

                    Plaintiff,

     v.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

                    Defendants.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

               Counterclaim Plaintiffs,
     v.

THE GEO GROUP, INC.,

               Counterclaim Defendant.

No. 3:23-cv-05626-BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11 [PROPOSED]

NOTE ON MOTION CALENDAR: _____, 2026

ORDER GRANTING PLAINTIFF'S
MOTION FOR SANCTIONS UNDER
RULE 11 [PROPOSED] (3:23-cv-05626-BHS) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Before the Court is Plaintiff's Motion for Sanctions Under Rule 11. For good cause shown, the motion is **GRANTED**. Within 14 days of this order, Defendants shall either withdraw or file corrected versions of the documents filed at Dkt. 62, 62-1, 63, and 63-1. Such corrected documents shall account for ICE's undisputed role in Defendants' allegations.

Within 21 days of this order, Plaintiff may submit an application for reasonable attorneys' fees and costs directly caused by responding to the unsupported premise that Plaintiff made or controlled the access decision. Defendants may respond within 14 days of service of the fees and costs application. Plaintiff may reply within 7 days of service of the response.

**IT IS SO ORDERED** this _____ day of _____, 2026.

_____
THE HONORABLE BENJAMIN H. SETTLE
United States District Judge

Presented by:

Davis Wright Tremaine LLP
Attorneys for Plaintiff The GEO Group, Inc.

By   *s/ Harry Korrell*
Harry J. F. Korrell, WSBA #23173
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206-622-3150
Email: HarryKorrell@dwt.com

The GEO Group, Inc.

By   *s/ Scott Schipma*
Scott Schipma (Admitted *pro hac vice*)
4955 Technology Way
Boca Raton, FL 33431
Phone:  561-999-7615
Email: scott.schipma@geogroup.com

ORDER GRANTING PLAINTIFF'S
MOTION FOR SANCTIONS UNDER
RULE 11 [PROPOSED] (3:23-cv-05626-BHS) - 1

# EXHIBIT B

**From:**          Croghan, Brith
**Sent:**          Thursday, June 4, 2026 10:16 AM
**To:**            Chien, Marsha (ATG); Sepe, Cristina (ATG); Range, Ellen (ATG); Hughes, Andrew (ATG); mina.shahin@atg.wa.us
**Cc:**            Nordlinger, David; Korrell, Harry; Ladew, Matt
**Subject:**       GEO - Rule 11 Status
**Attachments:**   2026.06.04 Rule 11 Ltr. to Defendants re Counterclaim and PI.pdf


Counsel,

Attached please find a letter from attorney Harry Korrell regarding the above referenced matter.  A hard copy of the letter and documents will be overnighted to you as well.

Please reach out with any questions.

Best,




**Brith Croghan**    She/Her/Hers
**Executive Litigation Legal Assistant |** Davis Wright Tremaine LLP
Assistant to Rhys M. Farren, Peter G. Finch, Harry Korrell, Traeger Machetanz, Darrah Hinton, Lisa Nichols, Bianca Chamusco, Caitlyn Cowan and Joshua Peck
**P** 206.757.8246  **E** brithcroghan@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610

**DWT.COM**   in

1

# EXHIBIT C

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WASHINGTON DEPARTMENT OF HEALTH, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> THE GEO GROUP, INC., <br><br> Defendant - Appellant. | No. 24-5880 <br><br> D.C. No. 3:24-cv-05639-BHS <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted August 12, 2025
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

The Washington State Department of Health ("Department") sued The GEO

Group, Inc. ("GEO Group"), seeking an injunction to restrain GEO Group from

refusing the Department entry to the Northwest Immigration and Customs

Enforcement Processing Center ("Immigration Center"), a private detention facility

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

that GEO Group owns and operates. Following numerous complaints about facility conditions, the Department sought to perform health-and-safety-related inspections of the Immigration Center, pursuant to its authority under state law. On July 18, 2024, Department employees were denied entry to the Immigration Center, catalyzing this suit.

GEO Group removed the case to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The district court remanded the action to state court. GEO Group appeals that remand order, arguing that its federal defenses require that the action be heard in federal court. We have jurisdiction pursuant to 28 U.S.C. § 1447(d). *DeFiore v. SOC LLC*, 85 F.4th 546, 554 (9th Cir. 2023). We review de novo the district court's order to remand. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 953 (9th Cir. 2024). We reverse and remand for an evidentiary hearing regarding the derivative immunity defense and direct-regulation defenses, and affirm as to the discrimination, field preemption, and conflict preemption defenses.

The burden of establishing that a defense is colorable "rests upon the party asserting jurisdiction"—here, GEO Group. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). For asserted defenses that are subject to factual as well as facial attack, GEO Group bears the burden of proving by a preponderance of the evidence that the defenses are factually supported. *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 684 (9th Cir. 2022); *see also Leite v.*

*Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (distinguishing between facial and factual attacks). For those defenses that are subject only to facial attack, we ask whether each asserted defense is "wholly insubstantial and frivolous." *DeFiore*, 85 F.4th at 560 (citation omitted).

The Department raises several disputes of material fact, including the scope of its request for access; the scope of the authority of the relevant United States Immigration & Customs Enforcement ("ICE") employee over access to the facility; the scope of GEO Group's authority over access to the facility; and the mechanics of the denial itself—whether the ICE employee directly denied entry to the Department, or whether the ICE employee instructed GEO Group to deny entry. These issues are relevant to GEO Group's asserted defenses of derivative sovereign immunity and the direct-regulation theory of intergovernmental immunity. Under the preponderance-of-the-evidence standard, we conclude that the record contains conflicting statements regarding the denial of access. Without clarity about what happened and who had authority to do what, it is difficult to say whether these two defenses are colorable. We therefore remand to the district court for an evidentiary hearing.

Derivative sovereign immunity requires that the government "specifically authorized" the actions in question. *Nwauzor v. GEO Grp., Inc.*, 127 F.4th 750, 770 (9th Cir. 2025). To confer immunity, informal direction must constitute

3

*government* direction. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016), *as revised* (Feb. 9, 2016) (characterizing the relevant instructions as the government's instructions). Otherwise, the "action of the agent" is not "the act of the government." *See Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18, 22 (1940). Similarly, a direct-regulation defense requires that the state law replace "federal . . . standards" or override "federal decisions as to necessary . . . measures." *Boeing Co. v. Movassaghi*, 768 F.3d 832, 840 (9th Cir. 2014).

GEO Group's argument rests on three purported federal directives: its written contract with ICE, a policy document governing its relationship with ICE, and the verbal directive of the ICE employee. The federal contract and policy document mandated GEO Group's compliance with state law. State law required that all facilities be open to the Department's inspections. These documents cannot support an argument that the denial of entry was mandated by the federal government.

The ICE employee's verbal directive, however, is a different story. It is not clear from the record which GEO Group actions, if any, the ICE employee's denial "specifically authorized." *Nwauzor*, 127 F.4th at 770. The parties dispute the mechanics of the denial. The Department contends that the ICE employee instructed GEO Group to deny the Department employees access, or else that ICE and GEO Group denied access together. GEO Group counters that the ICE

24-5880

employee himself denied the Department employees access. Even under the first version of events—which is, curiously, the Department's—it is also not clear whether the ICE employee was acting within the scope of ICE's authority when he instructed GEO Group to deny access to Department employees, or whether he was acting *ultra vires*, that is, beyond "the powers delegated to him by the sovereign." *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 693 (1949); *see also Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 157 (2007) (explaining that only "delegation of authority"—not "regulation"—can authorize removal under § 1442). Nor is it clear what authority ICE contracted away, what authority it retained, and for whom. These uncertainties implicate both the derivative immunity and direct-regulation defenses. The district court should consider them on remand.

We affirm the district court as to GEO Group's other asserted defenses, which are subject only to facial attack. These defenses fail to clear the low bar of frivolity.

The discrimination defense was not argued with particularity below or on appeal and so has been forfeited. *See County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 763 n.23 (9th Cir. 2022).

The field-preemption defense is without merit. The presumption against preemption applies where, as here, the state regulation falls within an area of

historic state power. *Knox v. Brnovich*, 907 F.3d 1167, 1174 (9th Cir. 2018). GEO Group has failed to demonstrate a "clear and manifest purpose of Congress" to supersede state law, as required to overcome the presumption. *United States v. California*, 921 F.3d 865, 885–86 (9th Cir. 2019) (citation omitted). The relevant contract and policy documents evince the intent of the federal government to require GEO Group's compliance with state health-and-safety laws. *See GEO Grp., Inc. v. Inslee*, 2025 WL 2396498, at *7 (9th Cir. Aug. 19, 2025) ("The contract explicitly orders GEO [Group] to comply with obligations imposed under state law, even when those obligations are more demanding than those imposed under federal law.").

The conflict preemption defense also fails. Compliance with the relevant federal contract and policy, as well as state law, was clearly possible. *See Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 143 (1963). GEO Group has pointed to no authority suggesting that an ICE employee's verbal directive carries preemptive effect in the absence of any indication of Congressional intent that it should.

The parties shall bear their own costs on appeal.

**REVERSED and REMANDED in part; AFFIRMED in part.**

24-5880