THE HONORABLE BENJAMIN H. SETTLE

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| THE GEO GROUP, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,<br><br>     Defendants.<br><hr>ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,<br><br>     Counterclaim-Plaintiffs,<br>  v.<br><br>THE GEO GROUP, INC.,<br><br>     Counterclaim-Defendant. | No. 3:23-cv-05626-BHS<br><br>THE GEO GROUP, INC.'S REPLY ISO MOTION TO DISMISS COUNTERCLAIM<br><br>NOTE ON MOTION CALENDAR: JULY 7, 2026 |

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ......................................................................................................... 1

II.    ARGUMENT ............................................................................................................... 2

    A.    ICE Is a Required Party Under Rule 19, and the Counterclaim Must Be Dismissed Under Rule 12(b)(7)........................................................................ 2

        1.    Complete Relief Is Impossible Without ICE. ......................................... 2

        2.    ICE Has Claimed the Interests the State Says Are Missing, and a GEO-Only Decree Would Impose Inconsistent Obligations.................... 5

    B.    Joinder Is Infeasible, and Equity and Good Conscience Require Dismissal Under Rule 19(b). .............................................................................. 7

    C.    The Counterclaim Fails to State a Claim Under Rule 12(b)(6). ........................... 8

        1.    The Counterclaim Does Not Plausibly Plead That GEO Denied Access. .................................................................................................. 8

        2.    *Yearsley* Turns on Authorization and Conformity, Not a Statute Naming State Inspections. ...................................................................... 9

        3.    The Contract Provisions That Address Access Support GEO................ 10

        4.    The State's Other-Inspection Evidence Does Not Establish Authority to Override an ICE Denial. .................................................... 10

    D.    The Counterclaim Should Be Dismissed Under Rule 12(b)(1) Because a GEO-Only Order Would Not Redress the Alleged Injury. ............................... 11

III.   CONCLUSION .......................................................................................................... 11

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...............................................................................................................8

*Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*,
276 F.3d 1150 (9th Cir. 2002) ...............................................................................................7

*GEO Grp., Inc. v. Menocal*,
607 U.S. ---, 146 S. Ct. 774 (2026), *vacated by*, 2026 WL 898347 (10th Cir. Mar. 30, 2026)
.........................................................................................................................................7, 9

*Hencely v. Fluor Corp.*,
146 S. Ct. 1086 (2026) ...........................................................................................................9

*Kescoli v. Babbitt*,
101 F.3d 1304 (9th Cir. 1996) ...............................................................................................8

*Maverick Gaming LLC v. United States*,
123 F.4th 960 (9th Cir. 2024), *cert. denied sub nom. RunItOneTime LLC v. United States*,
146 S. Ct. 98 (2025) ...............................................................................................................7

*Murthy v. Missouri*,
603 U.S. 43 (2024) ................................................................................................................11

*NGV Gaming, Ltd. v. Upstream Point Molate, LLC*,
355 F. Supp. 2d 1061 (N.D. Cal. 2005)..................................................................................4

*Northrop Corp. v. McDonnell Douglas Corp.*,
705 F.2d 1030 (9th Cir. 1983)................................................................................................2

*Republic of Philippines v. Pimentel*,
553 U.S. 851 (2008) ............................................................................................................7, 8

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ...............................................................................................................11

*United States v. Bowen*,
172 F.3d 682 (9th Cir. 1999)..................................................................................................5

*United States v. Vallejos*,
742 F.3d 902 (9th Cir. 2014)..................................................................................................5

*Wash. Dep't of Health v. GEO Grp., Inc.*,
No. 24-5880, 2025 WL 2986482 (9th Cir. Oct. 23, 2025)...................................................10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Washington Department of Labor & Industries v. GEO Secure Services, LLC.,*
   No. 3:24-cv-05095-BHS (W.D. Wash. 2024) ...................................................................4, 11

*White v. Univ. of Cal.,*
   765 F.3d 1010 (9th Cir. 2014) ....................................................................................................7

*Yearsley v. W.A. Ross Constr. Co.,*
   309 U.S. 18 (1940) ................................................................................... *passim*

*Yeend v. Akima Glob. Servs.,*
   LLC, 347 F.R.D. 405 (N.D.N.Y. 2024)...................................................................................5

**State Cases**

*City of Seattle v. McCready,*
   124 Wn.2d 300 (Wash. 1994)....................................................................................................4

**Federal Statutes**

8 U.S.C. § 1231(g)(1) ......................................................................................................................9

**Rules**

Fed. R. Civ. P. 19(a) .................................................................................................................2, 5, 6

Fed. R. Civ. P. 19(b) ...............................................................................................................2, 7, 8, 11

Fed. R. Civ. P. 65(d)(2) ...................................................................................................................3

Fed. R. Civ. P. 11 .............................................................................................................................1

Fed. R. Civ. P. 12(b)(1) ...................................................................................................1, 2, 11, 12

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1, 2, 8, 12

Fed. R. Civ. P. 12(b)(7) .................................................................................................................2, 11

Fed. R. Ev. 106 ................................................................................................................................5

**Regulations**

WAC Chapter 246-215.....................................................................................................................4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION

The opposition never rebuts the central point that controls this motion: ICE denied DOH's request to inspect the NWIPC. The state offers *zero evidence* to support its contention that an order against GEO alone would provide DOH access to the secure areas of the facility. The State argues that GEO owns NWIPC, operates its entry points, and has accommodated other inspections. But operating the doors does not equal authority to allow a wide-ranging DOH inspections over the objection the federal agency responsible for immigrant detention as a matter of federal law.

Rule 19 disposes of the counterclaim. The relief the State seeks is either hollow—because ICE would remain unbound, free to deny access—or improper, because it would require the Court to adjudicate and override ICE's interest and authority in ICE's absence. And ICE cannot be joined: sovereign immunity bars the State's counterclaim against it.

Independently, the counterclaim fails under Rule 12(b)(6). The state has not pled (and it cannot plead without violating Rule 11) that GEO broke the law by denying access. DOH's use of the passive voice (access was denied) does not overcome the indisputable evidence that GEO routed the request to ICE, ICE decided whether DOH should be admitted, and ICE directed DOH to its Seattle Field Office. Under *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940), GEO cannot be liable in these circumstances: ICE has the authority to control access, and GEO acted at ICE's specific direction. Whether or not a federal statute expressly says contractors do not have to allow entry by state inspectors is immaterial.

The counterclaim also fails under Rule 12(b)(1). The state's alleged harm is not redressable in litigation against GEO, and DOH thus lacks Article III standing. DOH offers nothing to support its assertion that an order against GEO will result in access to secure portions of a federal detention facility over the objection of ICE in this instance. Whatever happened with other inspection requests at this or other facilities is immaterial. The unrebutted evidence in this

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

case (the contract language and the testimony of ICE and GEO personnel) demonstrates that ICE and not GEO ultimately controls access to the NWIPC.

The Court should dismiss the counterclaim: under Rule 12(b)(7) and Rule 19(b) because ICE is a required party that cannot feasibly be joined; under Rule 12(b)(6) because the counterclaim is not plausibly pleaded, and *Yearsley* defeats it; and under Rule 12(b)(1) because the relief sought would not redress the alleged injury.

## II. ARGUMENT

### A. ICE Is a Required Party Under Rule 19, and the Counterclaim Must Be Dismissed Under Rule 12(b)(7).

The state argues, over and over, that an order against GEO is all it needs to gain access to a secure federal immigration detention facility. But the state offers no effective rebuttal to the evidence submitted by GEO, including a declaration from ICE, demonstrating that ICE has ultimate authority to determine who gets access to NWIPC. A decree running only against GEO would be either *hollow*, because ICE would not be bound by it, or *improper*, because it would command GEO to allow access over the objection of ICE, whose authority the state would have the court adjudicate in ICE's absence. The State's remaining points—that GEO owns the facility, staffs entry points, and has accommodated other, narrower inspections—do nothing to answer these fundamental absent-party problems.

### 1. Complete Relief Is Impossible Without ICE.

Rule 19(a)(1)(A) asks whether the Court can accord complete relief among the existing parties, and the State acknowledges the inquiry focuses on the parties before the Court. Dkt. 91 at 11. But the relief must be meaningful. *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983). The State does not seek a declaration that GEO stop referring inspection requests to ICE. It seeks entry to conduct a comprehensive inspection—sustained access to secure housing, food service, water and air systems, medical areas, and detainee-related information responsive to the complaints the State describes. Dkt. 91 at 3.

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 2

GEO cannot by itself deliver the State's requested remedy. The PWS requires pre-clearance for access to ICE field staff, facilities, and information; prohibits unauthorized public contact; and directs state and local agencies to submit access requests in writing to the ICE/ERO Field Office supervising the facility. Dkt. 77 (Korrell Decl.), Ex. F at 71. The State's contract-preemption refrain misses the point. Whether or not it effectively displaces state law, the PWS is record evidence of the fact that, in contracting with GEO for operation of the NWIPC, ICE retained authority over access to the facility. The State's "ICE Administrative Space" argument likewise fails. The Administrative Space provision allocates office space, while the access provisions govern entry. And the clause requiring GEO to operate "all designated points of ingress and egress" makes GEO the operator of the doors, but it does not give GEO the authority to decide who may pass through them once ICE objects. *See* Dkt. 77 at 52–53, 62; Dkt. 91 at 4–5.

The record regarding the inspection attempts by DOH supports this allocation of authority. On March 20 and again on April 20, GEO screened the DOH inspectors, issued visitor badges, and routed their requests to ICE; AFOD Cantrell came to the lobby without any GEO representative, denied access on ICE's behalf, marked and signed the denials on the inspection access forms, and directed the State to seek approval from ICE's Seattle Field Office. Cantrell Decl. (Dkt. 77, Ex. I) ¶¶ 14–32; Scott Decl. (Dkt. 78) ¶¶ 13–29 & Exs. A–D; Laxson Decl. (Dkt. 64) ¶¶ 11–15. The State's written request to that office remained unanswered before the State moved to amend its complaint, and ICE confirmed in sworn testimony that GEO would violate its federal contract if it admitted DOH and coordinated the requested inspection over ICE's objection. Laxson Decl. ¶¶ 13, 15; Cantrell Decl. ¶¶ 30–32.

Thus, a narrow court order—e.g., directing GEO not to obstruct—would be hollow relief against the wrong party. It would not bind the agency with authority to grant or deny access, and ICE would remain free to deny it. *See* Fed. R. Civ. P. 65(d)(2). A broad order—e.g., directing GEO to provide access notwithstanding ICE's denial—would adjudicate and override ICE's

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 3

retained authority in ICE's absence. Complete relief—access to conduct a robust inspection—is not available absent ICE as a party to this case.

The State's authorities confirm the problem. *Disabled Rights Action Committee v. Las Vegas Events*, Inc., 375 F.3d 861 (9th Cir. 2004), and *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061 (N.D. Cal. 2005), both involved an existing defendant that could afford complete relief. As the *NGV* court explained, for instance:

> This Court finds that complete relief can be afforded in this action without the Tribe, because Plaintiff seeks only monetary damages from Defendants and does not seek to enforce the provisions or terms of the contract, nor to revive Plaintiff's former relationship with the Tribe or interfere with the Tribe's ongoing relationship with Defendants.

*Id.* at 1068–69. Here, by contrast, complete relief cannot be afforded without ICE because the relief the State seeks is effective only through ICE and would interfere with ICE's control over the facility and its ongoing contractual relationship with GEO. GEO cannot supply the components an effective inspection requires (ICE approval, federal noninterference, records access, IHSC/medical access, or secure-area clearance) through any conduct of its own. *City of Seattle v. McCready*, 124 Wn.2d 300 (Wash. 1994), is an ordinary property-consent case that does not address a contractor's authority to disregard a federal agency's exercised access controls at a federal detention facility.

The State relies on prior TPCHD inspections at NWIPC and other inspection proceedings, but none involved inspectors entering secure areas over an actual ICE denial. The TPCHD declarants describe food-safety inspections under WAC chapter 246-215, directed to kitchen, food-preparation, and food-storage areas. Range Decl. (Dkt. 92) ¶¶ 2–4; Gallagher Decl. (Dkt. 92-1) ¶¶ 4–9; Ward Decl. (Dkt. 92-2) ¶¶ 4–10; Turner Decl. (Dkt. 92-3) ¶¶ 4–6. The inspection in *Washington Department of Labor & Industries v. GEO Secure Services, LLC.*, No. 3:24-cv-05095-BHS (W.D. Wash. 2024) (the "L&I case") involved a different agency, a different statute, and a different procedural posture. Dkt. 91 at 5. Crucially, none of those inspections proceeded over an ICE denial, and none adjudicated whether GEO may admit state inspectors into secure

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 4

housing, IHSC/medical areas, or records spaces after ICE has denied or withheld approval. Past access in other contexts neither waives ICE's retained authority nor vests GEO with power to override it. The Rule 19(a)(1)(A) question is remedy-specific: whether a decree against GEO alone will yield an inspection over ICE's objection. The evidence in the record shows it will not.

The State's argument about the copy of the contract submitted to the Court is a red herring. GEO relies on specific access-control provisions that it quoted extensively, and the State identifies no omitted language necessary to explain those provisions or to correct any misleading impression, which is the showing Rule 106 requires. Fed. R. Evid. 106; *United States v. Vallejos*, 742 F.3d 902, 905–06 (9th Cir. 2014).[1]

### 2. ICE Has Claimed the Interests the State Says Are Missing, and a GEO-Only Decree Would Impose Inconsistent Obligations.

The State's lead argument under Rule 19(a)(1)(B) is that ICE "has not claimed an interest" and that GEO may not champion one on its behalf. Dkt. 91 at 12–13 (citing *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999)). That premise fails on this record. ICE's Assistant Field Office Director twice exercised the very authority at issue, denying DOH access in person and in writing on ICE's behalf. AFOD Cantrell defended that exercise under oath in this litigation, attesting that ICE "has final authority and control over access to the secure portions" of the facility and that GEO would breach its federal contract by admitting DOH over ICE's denial. Cantrell Decl. ¶¶ 14–32; Korrell Decl. (Dkt. 77), Ex. G ¶¶ 8–9; Scott Decl. (Dkt. 78), Exs. A, C. A sovereign that exercises its asserted authority against the State's inspectors and attests to it in the case has claimed an interest. *Bowen* does not condition Rule 19(a)(1)(B) on formal intervention where the sovereign's officer has asserted the interest on the record. *Yeend*— where the federal government declined to intervene and asserted nothing—is inapposite. *Yeend v. Akima Glob. Servs.*, LLC, 347 F.R.D. 405, 413 (N.D.N.Y. 2024).

Further, whatever the Court concludes about whether ICE has claimed an interest in the case, Rule 19(a)(1)(A) independently requires ICE as a party to the litigation. As explained

---

[1] GEO will submit a complete copy of the PWS in camera if it would assist the Court.

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 5

above, the Court cannot enter an effective injunction providing DOH access against GEO alone while ICE remains unbound and free to bar access.

The interests ICE has claimed are legally protected. GEO's motion identified six, Dkt. 88 ("Mot.") at 17–19; three suffice here. *First*, ICE's retained and exercised access-control authority over a secure federal detention facility. Korrell Decl., Ex. F at 71; Cantrell Decl. ¶¶ 14–32. *Second*, ICE's authority over federal records, protected information, and detainee information located in and generated by the facility. Korrell Decl., Ex. F at 30–35. *Third*, IHSC's role as the final health authority for detainee medical care—operations the State seeks to inspect. Korrell Decl., Ex. F at 23; Cantrell Decl. ¶ 7; Dkt. 62-1 at 17.

The State's arguments do not defeat these interests. That TPCHD has inspected kitchens in the past, or that a staffing contractor delivers day-to-day medical care, does not eliminate ICE's authority to decide who enters the secure perimeter and on what terms. That ICE has argued elsewhere that detainees' complaints about conditions should be directed at GEO says nothing about who controls access; facility operations and access control are different. *See* Dkt. 91 at 13. And the State's inference from DOJ's nonintervention proves nothing. Nonintervention is not waiver, consent, or a concession that ICE's interests may be adjudicated through GEO. Perhaps recognizing the weakness of these attacks, the State's fallback position is that ICE's interests are unlawful because state law overrides them. But that contention goes to the merits of the scope of ICE's authority, not the Rule 19 question. And the merits cannot be adjudicated in ICE's absence.

Further, GEO cannot represent ICE's interests. It cannot waive or assert ICE's sovereign immunity, bind ICE to an interpretation of the PWS, make ICE's security judgments, direct IHSC operations, assert ICE's records-control interests, or compel ICE to approve access. Simply because GEO and ICE share the position that ICE controls access does not mean that GEO can adequately represent the interests of the federal government.

Contrary to the State's arguments, absent ICE's participation in this case, an order against GEO would leave GEO subject to inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(ii). If GEO admits DOH into secure areas over ICE's denial, it violates ICE's access directions and its

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 6

federal contract; if it follows ICE direction, it faces state enforcement or contempt. Cantrell Decl. ¶¶ 30–32. That is the dilemma Rule 19 exists to prevent. *See, e.g.*, *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1156–57 (9th Cir. 2002) ("[T]he instant litigation threatens to impair the [sovereign's] contractual interests, and thus, its fundamental economic relationship with" the defendant.).

The State's response—that any contract term directing GEO to follow ICE's direction regarding access "is illegal and should be excised"—again confirms the problem with proceeding without ICE. Dkt. 91 at 18 n.5. A request to excise terms of a federal contract is an attack on the contracting sovereign's negotiated rights, made in that sovereign's absence—the precise posture in which the Ninth Circuit requires joinder. *Dawavendewa, 276 F.3d at 1157*.

### B. Joinder Is Infeasible, and Equity and Good Conscience Require Dismissal Under Rule 19(b).

Joinder is infeasible here because ICE is immune from the State's counterclaim, and the State identifies no waiver. The State's reliance on *Menocal* inverts that decision. It is true that *Menocal* holds that a contractor cannot claim the sovereign's immunity from suit, but that is not what GEO is arguing. *GEO Grp., Inc. v. Menocal*, 607 U.S. ---, 146 S. Ct. 774, 785 (2026), *vacated by*, 2026 WL 898347 (10th Cir. Mar. 30, 2026). *Menocal* confirms what GEO argues: the contractor cannot invoke sovereign immunity from suit on its own; the sovereign still can; and where the relief sought would determine the absent sovereign's authority, the proper result is dismissal, not adjudication *in absentia*. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 865–73 (2008); *Maverick Gaming LLC v. United States*, 123 F.4th 960, 980–83 (9th Cir. 2024), *cert. denied sub nom. RunItOneTime LLC v. United States*, 146 S. Ct. 98 (2025); *White v. Univ. of Cal.*, 765 F.3d 1010, 1027–29 (9th Cir. 2014).

The Rule 19(b) factors confirm that dismissal is appropriate here. Those factors are (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided"; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *See* Fed. R. Civ. P. 19(b)(1)–(4). A judgment in ICE's absence would prejudice both ICE, whose access-control regime, records controls, and medical operations would be adjudicated without it, and GEO, which would be caught between a federal agency direction and an order to allow a state inspection. No tailoring can lessen that prejudice. The problem remains: a narrow order would be hollow, and a broad one improper. And while dismissal may leave the State without this counterclaim as a vehicle, *Pimentel* treats that consequence as a function of sovereign immunity, not a reason to override it. *Pimentel*, 553 U.S. at 872 ("Dismissal under Rule 19(b) will mean, in some instances, that plaintiffs will be left without a forum for definitive resolution of their claims. But that result is contemplated under the doctrine of foreign sovereign immunity.").

The public-rights exception does not change the analysis. The State's interest in health and safety is genuine. But that exception is a narrow departure from traditional joinder principles and applies only where the litigation seeks to vindicate a public right and the requested relief does not destroy or impair the legal entitlements of the absent party. *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996). At the very least, the second condition is not met. The State seeks an order compelling secure-area access to a federal facility over the federal custodian's objection. Because the requested injunction would directly impair ICE's asserted authority over access to secure areas of NWIPC, this case falls well outside the narrow public-rights exception recognized by the Ninth Circuit.

### C.    The Counterclaim Fails to State a Claim Under Rule 12(b)(6).

Even apart from Rule 19, the counterclaim fails as pleaded.

#### 1.    The Counterclaim Does Not Plausibly Plead That GEO Denied Access.

A counterclaim must plead facts that, if accepted as true, make the claim plausible; conclusions do not count. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The counterclaim alleges in the passive voice the fact that DOH inspectors "were denied access," then concludes that GEO

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

denied it. Dkt. 62-1 ¶¶ 13–15, 22–23. It pleads nothing about what happened at either visit—e.g., who spoke, who decided, who signed the denials—because those facts identify ICE as the decisionmaker and communicator.

The opposition brief confirms the omission of these key facts from the counterclaim. Rather than identify the necessary supporting factual allegations in its counterclaim, the State attempts to argue from the evidence in the record, but that evidence identifies ICE as the relevant actor, not GEO. AFOD Cantrell denied access on ICE's behalf on March 20 and April 20 and signed the denials for ICE. The State then sought approval for access directly from ICE's Seattle Field Office, confirming its own understanding of who controlled access. Cantrell Decl. ¶¶ 14–32; Scott Decl. ¶¶ 13–29 & Exs. A–D; Laxson Decl. ¶¶ 11–15. The State disputes none of this. The State says the Court "already rejected" GEO's argument, Dkt. 91 at 8, but the order deferred merits challenges to after the amendment, Dkt. 82 at 3.

The counterclaim thus fails to assert facts sufficient to support the legal claim that GEO, rather than ICE, violated the law by denying access for inspections. It should be dismissed.

### 2. *Yearsley* Turns on Authorization and Conformity, Not a Statute Naming State Inspections.

The State tries to get around GEO's *Yearsley* defense by arguing that the defense requires a federal statute expressly authorizing the denial of access to state health inspectors. Not so. A contractor is protected from liability when it "received a lawful authorization and acted according to its terms." *Menocal*, 146 S. Ct. at 784; *Hencely v. Fluor Corp.*, 146 S. Ct. 1086, 1099 (2026). A contractor loses that protection only by acting under an illegal authorization or by exceeding a valid one. *Menocal*, 146 S. Ct. at 784.

Here, GEO received a lawful authorization and acted according to its terms. Congress vested DHS and ICE with authority to detain, to select and secure detention facilities, and to administer detention operations—authority the State does not dispute. Mot. at 2–4, 13–14; 8 U.S.C. § 1231(g)(1). And GEO acted according to ICE's direction. It routed DOH's requests to ICE, and ICE denied them. Scott Decl. ¶¶ 14–15; Cantrell Decl. ¶¶ 15–18. AFOD Cantrell

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 9

attested that his denials were consistent with ICE security protocols and within the scope of his responsibilities, and that GEO would violate its contract by admitting DOH over ICE's denial. Cantrell Decl. ¶¶ 21, 30–32. Those facts answer the uncertainty the Ninth Circuit identified on the earlier, preliminary record and establish GEO's *Yearsley* defense. *See Wash. Dep't of Health v. GEO Grp., Inc.*, No. 24-5880, 2025 WL 2986482, at *2 (9th Cir. Oct. 23, 2025).

The State's "no discretion" cases are inapposite. The prior inspections the State cites were not situations in which GEO allowed access over an ICE denial, *see infra* Part II.C.4, and thus provide no support for the contention that GEO has discretion to allow an inspection when ICE has denied entry.

### 3.   The Contract Provisions That Address Access Support GEO.

The State invokes the contract's general references to state and local requirements while passing over the provisions that specifically address the question presented. The "Control Over Facility Access" provision requires pre-clearance approval for access to ICE personnel, facilities, and information, and requires GEO to route state-agency requests to the ICE/ERO Field Office; the contract further provides that federal rules control in the event of conflict. Korrell Decl. (Dkt. 77), Ex. F at 4, 71. General compliance references do not override the specific provisions preserving access decisions to ICE. And for *Yearsley* purposes those provisions are evidence of the direction GEO followed, *see supra* Part II.A.1, not a freestanding displacement of state law.

### 4.   The State's Other-Inspection Evidence Does Not Establish Authority to Override an ICE Denial.

The State's declarations cannot cure a pleading defect, and they do not help the state in any event. The State's argument is that because other inspections occurred ICE approval must have been unnecessary. But the TPCHD and L&I declarations involve different agencies, different statutes, and different case postures—and none involves an inspector admitted over an ICE denial of entry. Dkt. 91 at 5. The State identifies no example, at NWIPC or anywhere else, of GEO admitting inspectors over an actual ICE denial of access. The State's Ward declaration proves too much and too little. Ward says he never received ICE approval, Dkt. 92-2 ¶ 10, but

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

the contemporaneous access form shows he did. Declaration of Harry Korrell ("Korrell Decl. 2"), Ex. A. That contradiction defeats the State's use of Ward as proof that GEO alone controls access. And even apart from the contradiction, Ward describes food-code inspections of kitchen and food-storage areas—not secure-area access over an ICE denial.

### D.    The Counterclaim Should Be Dismissed Under Rule 12(b)(1) Because a GEO-Only Order Would Not Redress the Alleged Injury.

Dismissal is independently required at the standing threshold. Redressability is an element of standing and requires a likelihood that the requested relief will remedy the injury; relief that depends on the choices of an absent third party does not qualify. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998); *Murthy v. Missouri*, 603 U.S. 43, 57 (2024). The State says that redressability is assessed assuming the claim's legal merit. Dkt. 91 at 7. Yet even assuming a state-law entitlement to inspect, that does not mean that GEO can deliver access to ICE-controlled secure areas. ICE exercised access-control authority over NWIPC's secure areas, denied both DOH access requests at issue in this case, and remains free to deny, withhold, or countermand entry no matter what the court might order GEO to do. *Supra* Part II.A.1.

The injunction in the L&I case does not change this analysis. That matter involved a different agency and statute, a stipulated resolution, and—critically—no evidence that ICE objected to the inspection. It was an agreed order, and it did not adjudicate whether GEO may provide secure-area access over ICE's objection.[2] Here, if the counterclaim succeeded against GEO alone, DOH would still lack secure-area access absent ICE approval. That is the redressability defect Article III forbids.

### III.    CONCLUSION

For the foregoing reasons, the Court should dismiss the counterclaim: under Rule 12(b)(7) and Rule 19(b), because ICE is a required party that cannot feasibly be joined;

---

[2] Moreover, the contract at issue in the L&I case was different. It did not contain the same provision requiring clearance for access to ICE field staff, facilities, and information, prohibiting unauthorized public contact, or directing state and local agencies to submit access requests in writing to the ICE/ERO Field Office supervising the facility. *Compare* Korrell Decl. 2, Ex. B at 69, *with* Korrell Decl., PWS at 71. Furthermore, in the L&I Case, this Court found that it was GEO that denied access to NWIPC. L&I Case, Korrell Decl. 2, Ex. C at 23. In contrast, here, the, the record is clear that it was ICE, not GEO, that denied access.

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

under Rule 12(b)(6), because the counterclaim does not plausibly plead a claim against GEO and *Yearsley* bars the claim it attempts to state; and under Rule 12(b)(1), because an order against GEO alone would not redress the alleged injury.

DATED this 7th day of July, 2026.

*I hereby certify this memorandum contains 4,134 words in compliance with the Local Civil Rules.*

Davis Wright Tremaine LLP
Attorneys for Plaintiff The GEO Group, Inc.

By ___*s/ Harry Korrell*_____.
    Harry J. F. Korrell, WSBA #23173
    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: 206-622-3150
    Email: HarryKorrell@dwt.com

The GEO Group, Inc.

By ___*s/ Scott Schipma*_____
    Scott Schipma (Admitted *pro hac vice*)
    4955 Technology Way
    Boca Raton, FL 33431
    Phone: 561-999-7615
    Email: scott.schipma@geogroup.com

GEO GROUP, INC.'S REPLY TO MOTION TO DISMISS COUNTERCLAIM
(3:23-cv-05626-BHS) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax